# EXHIBIT 8

RECORDING REQUESTED BY
**OLD REPUBLIC TITLE COMPANY**

Escrow No.: 1421 000 661 - 08
APN: See legal attached.

WHEN RECORDED MAIL TO
Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101

Fresno County Recorder
Paul Dictos, CPA
## 2021-0133790

Recorded at the request of:
ERECORDING PARTNERS NETWORK

08/17/2021 01:52 54
Titles: 1      Pages: 22
Fees: $74.00
CA SB2 Fees:$0.00
Taxes: $0.00
Total: $74.00

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Consent to Transfer and Assumption Agreement

| | | |
|---|---|---|
| 1 | ☒ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax |
| 2 | ☐ | Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier |
| 3 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier |
| 4 | ☐ | Exempt from fee per GC 27388.1(a)(1); fee cap of $225 reached |

---------------------------------------------- For Use in Select Counties ----------------------------------------------

| | | |
|---|---|---|
| 5 | ☐ | Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax |
| 6 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____ |
| 7 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ _____ (date) as document number(s)_____ |
| 8 | ☐ | Exempt from fee per GC27388.1(a)(1); maximum fees having been paid on documents in the transaction(s) recorded previously on _____ (date) as document _____ number(s) |
| 9 | ☐ | Exempt from fee under GC27388.1 for the following reasons: _____ |
| 10 | ☐ | Exempt from fee per GC 27388.1(a)(1); not related to real property |
| 11 | ☐ | Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state |
| 12 | ☐ | Exempt from fee per GC 27388.1(a)(1); document is executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) Part 4 of the Code of Civil Procedure). |

RECORDING REQUESTED BY
**OLD REPUBLIC TITLE COMPANY**
Escrow No.: 1421 000661-DB
APN: See legal attached.

WHEN RECORDED MAIL TO
Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Consent to Transfer and Assumption Agreement

1  ☒  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2  ☐  Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4  ☐  Exempt from fee per GC 27388.1(a)(1); fee cap of $225 reached

-------------------------------------------------- For Use in Select Counties --------------------------------------------------

5  ☐  Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

6  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____

7  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ _____ (date) as document number(s) _____

8  ☐  Exempt from fee per GC27388.1(a)(1); maximum fees having been paid on documents in the transaction(s) recorded previously on _____ (date) as document _____ number(s)

_____

9  ☐  Exempt from fee under GC27388.1 for the following reasons:

_____

10  ☐  Exempt from fee per GC 27388.1(a)(1); not related to real property

11  ☐  Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12  ☐  Exempt from fee per GC 27388.1(a)(1); document is executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) Part 4 of the Code of Civil Procedure).

Recorded at Request of
Old Republic Title Company

i 421 000 661-08

Recording requested by and
After recording, return to:

Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101

Loan No. 198935

---

## CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT

*(This Agreement is executed in duplicate original counterparts for concurrent recording in Fresno County and Kern County, California)*

This CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT (this "**Agreement**") is made as of August 17, 2021 (the "**Effective Date**"), by and among RACHEL MARIE WHITE, an unmarried woman (the "**Non-Borrower Trustor**"); 104 PARTNERS LLC, a California limited liability company, GRANTOR FRESNO CLOVIS INVESTMENTS, LLC, a California limited liability company, MARICOPA ORCHARDS, LLC, a California limited liability company, and ASHLAN & HAYES INVESTMENTS, LLC a California limited liability company (collectively "**Borrowers**"); 104 PARTNERS LLC, a California limited liability company (the "**Transferee Borrower**"); and METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation (the "**Beneficiary**").

## RECITALS

A.    The Non-Borrower Trustor is a trustor under that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing executed for the benefit of the Beneficiary dated as of August 1, 2019 and recorded on August 1, 2019 in the Official Records of Fresno County as Document No. 2019-0085655 (the "**Deed of Trust**") encumbering certain real property (the "**Real Property**") located in said county and state, as more particularly described on Exhibit A attached hereto, and certain personal property as more particularly described therein (collectively, the "**Property**"). The Deed of Trust secures that certain Promissory Note dated August 18, 2017, made by Borrowers in the original principal amount of $7,326,000 and assumed by the Transferee Borrower (the "**Note**") and the other Indebtedness defined therein. Capitalized terms used but not defined herein shall have the meanings given in the Deed of Trust.

B.    The Borrowers and Non-Borrower Trustor have requested that the Beneficiary consent to (i) the transfer of the ownership interests of the Non-Borrower Trustor in the Property (including any interest held, if any, in the water infrastructure, fixtures, water rights,

111964551.1 0053564-00529

growing crops, equipment and related personal property located on or used in connection with the Property) to the Transferee Borrower (the "**Transfer**"), and (ii) the assumption of all obligations under the Deed of Trust with respect to the Property by the Transferee Borrower (the "**Assumption**"). The Beneficiary has agreed to provide its consent to the Transfer and the Assumption as more particularly provided herein.

<u>**AGREEMENTS**</u>

NOW THEREFORE, for good and valuation consideration, the receipt and adequacy of which are hereby acknowledged, and in consideration of the consent by the Beneficiary to the Transfer and the Assumption, the parties do hereby agree as follows:

1. <u>Confirmation of Loan</u>. The Deed of Trust and the Loan Documents secured thereby are hereby confirmed by the Borrowers and the Non-Borrower Trustor (collectively herein the "**Trustor Parties**") as being valid, in full force and effect and the Trustor Parties each acknowledge that (a) there are no defenses or offsets to any of their respective obligations thereunder, and (b) the Beneficiary has performed all of its obligations, if any, to this date.

2. <u>Consent to Transfer and Assumption</u>. Subject to the conditions contained herein, the Beneficiary hereby consents to the Transfer and the Assumption.

3. <u>Assumption of the Deed of Trust</u>. The Transferee Borrower hereby assumes and agrees to perform, jointly and severally with all other trustors under the Deed of Trust, all of the obligations under the Deed of Trust and this Agreement arising from and after the Effective Date as and when due. The Transferee Borrower agrees with the Beneficiary that this assumption specifically includes, without limitation, all of the Non-Borrower Trustor's covenants and indemnities regarding the Property, including, without limitation, all claims and demands asserted by the Beneficiary that relate to any condition of the Property, regardless of when such condition first failed to comply with the Deed of Trust, as well as the obligation to repay the balance of the Loan.

4. <u>Release of Non-Borrower Trustors</u>. The liability of the Non-Borrower Trustor under the Deed of Trust and the Loan shall be released and terminated as of the Effective Date. On and after the Effective Date, all references in the Deed of Trust to "Trustor" or "Borrower" shall be modified to exclude the Non-Borrower Trustor.

5. <u>Release of Beneficiary</u>. As part of the consideration for this Agreement, the Trustor Parties hereby each acknowledge that they have no claims against the Beneficiary in connection with the Loan or the Transfer and the Assumption and release the Beneficiary from, and covenant not to bring any suit against the Beneficiary for, any such claim based on any facts existing on and prior to the closing date. Said releasing parties acknowledge that this release extends to known and unknown claims. Such parties acknowledge and agree that

2

they understand the meaning and the effect of Section 1542 of California Civil Code which provides:

"A general release does not extend to the claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Such parties hereby respectively agree to assume the risk of any and all unknown, unanticipated or misunderstood defenses, claims, causes of action, contracts, liabilities, indebtedness or obligations which are hereby released in favor of the other and each party releases and waives all rights and benefits that they might otherwise have had under the aforementioned Section 1542 of the California Civil Code with regard to the release of such unknown, unanticipated or misunderstood claims, causes of action, liabilities, indebtedness and obligations based on any facts existing prior to the Effective Date.

6.     <u>Representations and Warranties</u>.  As of the Effective Date, the Transferee Borrower hereby represents and warrants to Beneficiary that

(a)     Transferee Borrower is not insolvent as of the date of this Agreement. Transferee Borrower will not become insolvent as a result of the obligations incurred and transfers made in connection with the Transfer and Assumption as provided herein. Transferee Borrower is not, or is not about to be, engaged in a business or transaction for which such Transferee Borrower will have an unreasonably small amount of capital after the closing of the Transfer and Assumption.   Transferee Borrower has not incurred, nor contemplates incurring, debts beyond Transferee Borrower's ability to pay as such debts become due.

(b)     <u>Authority</u>.  The execution, delivery and performance of this Agreement and any and all other Loan Documents or other documents executed and/or delivered in connection herewith have been authorized by the Transferee Borrower.

(c)     <u>No Default</u>.  No default or event of default under the Deed of Trust has occurred that remains uncured, and no event has occurred which, with the giving of notice or the passage of time, or both, would constitute a default or an event of default under the Deed of Trust.

(d)     <u>Representations and Warranties</u>.   All of the warranties and representations contained in the Deed of Trust are true, correct, complete and accurate on the date of this Agreement, except as may be amended or changed due to this Agreement.

7.     <u>Obligations Secured</u>.  The Deed of Trust shall continue to secure the entire principal and interest of the Note, and the other obligations stated in the Deed of Trust as so secured.  Transferee Borrower acknowledges that it is acquiring the interest in the Property subject to the Deed of Trust and hereby grants to the Beneficiary as additional security for the

111964551.1 0053564-00529

Loans a security interest in any Personal Property, as such term is defined in the Deed of Trust, and the proceeds thereof, which are or hereafter become located upon, derived from or used in connection with the Property and all replacements, accessions and additions thereto as described in the Deed of Trust.  Said security interest and the Beneficiary's rights with respect thereto shall be governed by the terms of the Deed of Trust, which for such purpose are incorporated herein by this reference, and shall be perfected by the filing by the Beneficiary of an amendment to the existing Financing Statement, or at Beneficiary's election, a new financing statement in which the Transferee Borrowers are identified as a debtor.

8.    <u>Expense Reimbursements</u>.    The Transferee Borrower shall reimburse the Beneficiary, or shall cause the Beneficiary to be reimbursed, upon demand for all title premiums, title search charges, UCC search or filing fees, escrow fees, documentary stamps, intangible taxes, recording fees and other costs, expenses and reasonable attorneys' fees incurred by the Beneficiary in connection with this Agreement or the satisfaction of any of the closing conditions (the "**Expense Reimbursements**"), regardless of whether the Transfer or the Assumption contemplated by this Agreement are consummated.  If the Transfer and the Assumption of the Loan does not close, all Expense Reimbursements shall be paid to Beneficiary by Transferee Borrower within ten (10) days of Beneficiary's billing of such charges to Transferee Borrower.

9.    <u>No Implied Modifications</u>.    Except as otherwise stated in this Agreement, nothing herein contained shall be considered as modifying, releasing, altering or affecting the Deed of Trust, the original priority of the Deed of Trust, or the rights, benefits, duties or obligations of the parties thereto.

10.    <u>Integration</u>.    All rights, remedies, powers and interest provided for Beneficiary herein are in addition to the rights, remedies, powers and interests provided for Beneficiary in the Deed of Trust, the terms and provisions of which are incorporated herein by this reference and made a part hereof.  If and to the extent that any term or provision hereof is inconsistent with any term or provision of the Deed of Trust, the term or provision of this Agreement shall prevail.

11.    <u>Entire Agreement; Amendments</u>.    This Agreement and the Deed of Trust contain the entire agreement between the Non-Borrower Trustor, the Borrowers, the Transferee Borrower and the Beneficiary with respect to the Deed of Trust, and all prior negotiations, commitments, understandings and agreements are superseded by this Agreement and the Deed of Trust.  No amendment, modification, supplement, extension, termination or waiver of any provision of this Agreement, the Deed of Trust, or any other agreement executed in connection with any of the foregoing shall be effective unless in writing and signed by Beneficiary.

12.    <u>Governing Law</u>.    This Agreement shall be governed by and construed in accordance with the laws of the State of California.

4

111964551.1 0053564-00529

13.     <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, all of which shall constitute but one and the same instrument.  The signature pages of exact copies of this Agreement may be attached to one copy to form one complete document.  Each executed counterpart of this Agreement shall be deemed an original and may be recorded in any county in which any portion of the Property is located.

14.     <u>Consent Limited; No Waiver</u>.  The Beneficiary's consent in this Agreement is limited to this transaction only, and this Agreement shall not constitute a waiver or modification of any terms, provisions or requirements of the Deed of Trust in any respect except as herein specifically set forth or as otherwise expressly agreed to by the Beneficiary in writing, including any conditions to or fees which may be imposed for any future transfer or conveyance of the Property or any interest in the Trustors.

111964551.1 0053564-00529

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first written above.

**NON-BORROWER TRUSTOR:**

RACHEL MARIE WHITE, an unmarried woman

**BORROWERS:**

MARICOPA ORCHARDS, LLC,
a California limited liability company

By: _____
Farid Assemi
Its General Manager

By: _____
Farshid Assemi
Its General Manager

By: _____
Darius Assemi,
Its General Manager

ASHLAN & HAYES INVESTMENTS, LLC,
a California limited liability company

By: _____
Kevin Assemi, Manager

By: _____
Neema Assemi, Manager

By: _____
Darius Assemi, Manager

6

111964551.1 0053564-00529

GRANTOR FRESNO CLOVIS INVESTMENTS, LLC
a California limited liability company

By: _____

Neema Assemi, Sole Trustee of The Farid
Assemi 2010 Grantor Trust dated December 30,
2010, Member

By: _____

Kevin Assemi, Sole Trustee of The Farshid and
Sonia Assemi 2010 Grantor Trust dated
December 30, 2010, Member

104 PARTNERS, LLC
a California limited liability company

By: _____

Farid Assemi
Its General Manager

By: _____

Farshid Assemi
Its General Manager

By: _____

Darius Assemi,
Its General Manager

7

**TRANSFEREE BORROWER:**

104 PARTNERS, LLC,
a California limited liability company

By: _____
Farid Assemi
Its General Manager

By: _____
Farshid Assemi
Its General Manager

By: _____
Darius Assemi
Its General Manager

8

**BENEFICIARY:**

METROPOLITAN LIFE INSURANCE COMPANY,
a New York corporation

By:    MetLife Investment Management, LLC,
       its investment manager


       By: _____
       Name: _Leonides A Moreno_
       Its: Authorized Signatory and Director

9

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                )
                                   )ss.
COUNTY OF ___FRESNO___             )

On _August 16_____, 2021, before me, ___L. Diaz_____, a Notary Public in and for said State, personally appeared _Farid Assemi_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm Exp April 20, 2022

_____
Notary Public in and for said
County and State

10

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                       )ss.
COUNTY OF _Fresno_                     )

On _August 14_____, 2021, before me, _____L . Diaz_____, a Notary Public in and for said State, personally appeared _Rachel Marie White_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> L. DIAZ
> NOTARY PUBLIC · CALIFORNIA
> COMMISSION # 2235602
> FRESNO COUNTY
> My Comm. Exp. April 20, 2022

_____
Notary Public in and for said
County and State

11

111964551.1 0053564-00529

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                        )ss.
COUNTY OF _Fresno_                     )

On _August 16_____, 2021, before me, _L . Diaz_____, a Notary Public in and for said State, personally appeared _Fashion Asseni_____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC   CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

_____
Notary Public in and for said
County and State

12

111964551.1 0053564-00529

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                              )
                                                 )ss.
COUNTY OF ___*FRESNO*___                         )

On _*August 16*___, 2021, before me, ___*L. Diaz*___, a Notary Public in and for said State, personally appeared *Dennis Assemi* who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

_____
Notary Public in and for said
County and State

13

111964551.1 0053564-00529

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                          )
                                             )ss.
COUNTY OF _FRESNO_                           )

On _August 16_, 2021, before me, _L. Diaz_, a Notary Public in and for said State, personally appeared _Levin Assemi_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

_____
Notary Public in and for said
County and State

14

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                  )
                                     )ss.
COUNTY OF ___FRESNO___               )

On __August 16__, 2021, before me, _____L. Diaz_____, a Notary Public in and for said State, personally appeared _Neena Assomi_ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.



WITNESS my hand and official seal.

_____
Notary Public in and for said
County and State

111964551.1 0053564-00529

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                       )ss.
COUNTY OF _Fresno____                  )

On _August 17____, 2021, before me, _Erin E Thorpe___, a Notary Public in and for said State, personally appeared Leonides A Moreno, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ERIN E. THORPE
COMM. #2311628
Notary Public · California
Fresno County
My Comm. Expires Dec. 4, 2023

_Erin E Thorpe_____
Notary Public in and for said
County and State

16

## EXHIBIT A

### (Legal Description)

That certain real property situated in Fresno County, California and more particularly described as follows:

FEE PARCEL 1: (APN: 038-141-59S)

THE WEST 1,344.4 FEET OF THE SOUTHWEST QUARTER OF SECTION 15, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID SECTION 15; THENCE, (1) NORTHERLY, ALONG THE WEST BOUNDARY OF SAID SECTION 15, A DISTANCE OF 50 FEET; THENCE, (2) SOUTH 87° 34' 31" EAST, A DISTANCE OF 535.37 FEET; THENCE, (3) SOUTHEASTERLY ALONG THE ARC OF A TANGENT CURVE, CONCAVE TO THE NORTHEAST (HAVING A 37,950 FOOT RADIUS, A RADIUS POINT WHICH BEARS NORTH 02° 25' 29" EAST AND A CENTRAL ANGLE OF 01° 13' 10") A DISTANCE OF 807.70 FEET; THENCE, (4) SOUTH 88° 47' 41" EAST, PARALLEL WITH AND 30 FEET NORTH OF THE SOUTH BOUNDARY OF THE SAID SOUTHWEST QUARTER, TO A POINT ON THE EAST BOUNDARY OF THE SAID SOUTHWEST QUARTER; THENCE, (5) SOUTHERLY ALONG SAID EAST BOUNDARY, A DISTANCE OF 30 FEET TO THE SOUTH QUARTER CORNER OF SAID SECTION 15; THENCE, (6) NORTH 88° 47' 41" WEST, ALONG SAID SOUTH BOUNDARY OF THE SOUTHWEST QUARTER, A DISTANCE OF 2646.07 FEET TO THE POINT OF BEGINNING.

SAID LEGAL DESCRIPTION IS MADE PURSUANT TO THAT CERTAIN CERTIFICATE OF COMPLIANCE, PLA 05-13(A), RECORDED MAY 11, 2007 AS INSTRUMENT NO. 2007-0093874 OF OFFICIAL RECORDS OF FRESNO COUNTY.

EXCEPTING AND RESERVING, HOWEVER, TO THE UNITED STATES ALL THE COAL AND OTHER MINERALS IN THE LANDS SO ENTERED AND PATENTED, TOGETHER WITH THE RIGHT TO PROSPECT FOR, MINE AND REMOVE THE SAME PURSUANT TO THE PROVISIONS AND LIMITATIONS OF THE ACT OF DECEMBER 29, 1916 (39 STAT. 862).

ALSO EXCEPTING THEREFROM ANY AND ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERAL THEREIN AND THEREUNDER AS PREVIOUSLY RESERVED OR GRANTED OF RECORD.

EASEMENT PARCEL 1:

A NON-EXCLUSIVE EASEMENT FOR AN EXISTING PIPELINE TO TRANSPORT IRRIGATION WATER TOGETHER WITH THE RIGHT OF INGRESS AND EGRESS AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES

17

OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST BY INSTRUMENT RECORDED JUNE 15, 2005 AS <u>DOCUMENT NO. 2005-0132006</u> OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PARCELS "A" AND "B".

PARCEL A: (APN: 038-071-46S)

THE WEST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

ALL THAT PORTION OF LOTS 21 TO 29, INCLUSIVE, IN SECTION 10, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE MAP OF PART OF CALIFORNIA LAND INVESTMENT COMPANY'S TRACT NO. 1, RECORDED MAY 8, 1912 IN <u>BOOK 7, PAGE 49</u> OF RECORD OF SURVEYS, FRESNO COUNTY RECORDS, LYING SOUTHWESTERLY OF THE SAN LUIS CANAL.

EXCEPT THEREFROM THE FOLLOWING DESCRIBED PROPERTY:

BEGINNING AT A POINT IN THE WEST BOUNDARY OF SAID SECTION 10, DISTANT THEREALONG SOUTH 0° 56' WEST 2092.6 FEET FROM THE NORTHWEST CORNER OF SAID SECTION 10; THENCE ALONG SAID WEST BOUNDARY NORTH 0° 56' EAST 644.8 FEET; THENCE LEAVING SAID WEST BOUNDARY SOUTH 57° 36' EAST 35.2 FEET TO A POINT IN THE EAST BOUNDARY OF THAT CERTAIN 30-FOOT WIDE STRIP OF LAND OFFERED FOR PUBLIC DEDICATION ACCORDING TO SAID MAP; THENCE CONTINUING SOUTH 57° 36' EAST 194.8 FEET; THENCE CONTINUING SOUTH 57° 36' EAST 345.5 FEET; THENCE SOUTH 51° 54' EAST 201.0 FEET; THENCE SOUTH 57° 36' EAST 2300.9 FEET TO A POINT IN THE WEST BOUNDARY OF THAT CERTAIN 60-FOOT WIDE STRIP OF LAND OFFERED FOR DEDICATION ACCORDING TO SAID MAP; THENCE CONTINUING SOUTH 57° 36' EAST 70.4 FEET TO A POINT IN THE EAST BOUNDARY OF SAID 60-FOOT WIDE STRIP OF LAND; THENCE CONTINUING SOUTH 57° 36' EAST 93.3 FEET; THENCE SOUTH 67° 05' EAST 143.2 FEET; THENCE SOUTH 74° 07' EAST 141.9 FEET; THENCE SOUTH 79° 37' EAST 2266.6 FEET TO A POINT IN THE WEST BOUNDARY OF THAT CERTAIN 30-FOOT WIDE STRIP OF LAND OFFERED FOR PUBLIC DEDICATION ACCORDING TO SAID MAP; THENCE CONTINUING SOUTH 79° 37' EAST 30.4 FEET TO A POINT IN THE EAST BOUNDARY OF SAID SECTION 10; DISTANT THEREALONG NORTH 0° 55' EAST 1700.5 FEET FROM THE SOUTHEAST CORNER OF SAID SECTION 10; THENCE ALONG SAID EAST BOUNDARY SOUTH 0° 55' WEST 547.5 FEET; THENCE LEAVING SAID EAST BOUNDARY NORTH 79° 37' WEST 30.4 FEET TO A POINT IN THE WEST BOUNDARY OF LAST SAID 30 FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 79° 37' WEST 2356.8 FEET; THENCE NORTH 74° 06' WEST 245.5 FEET; THENCE NORTH 63° 06' WEST 26.0 FEET TO A POINT IN THE EAST BOUNDARY OF AFORESAID 60-FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 63° 06' WEST 66.8 FEET TO A POINT IN THE WEST BOUNDARY OF SAID 60-FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 63° 06' WEST 152.7 FEET; THENCE NORTH 57° 36' WEST 2868.2 FEET TO A POINT IN THE EAST BOUNDARY OF FIRST SAID 30-FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 57° 36' WEST 35.2 FEET TO THE POINT OF BEGINNING.

PARCEL B: (APN: 038-141-01S)

THE WEST 30 FEET OF THE NORTHWEST QUARTER OF SECTION 15, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN.

EASEMENT PARCEL 2: (APN: 038-060-28S)

A NON-EXCLUSIVE EASEMENT FOR WELL SITE AND POWER POLES AND ASSOCIATED POWER LINES, PIPELINES AND OTHER NECESSARY FIXTURES AS GRANTED TO FARID ASSEMI, ET AL, BY INSTRUMENT RECORDED JUNE 29, 2005 AS <u>DOCUMENT NO. 2005-0144187</u> OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING PROPERTY:

A 50 BY 50 FOOT SQUARE AROUND THE EXISTING IRRIGATION WELL LOCATED IN THE NORTHEAST CORNER OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EASEMENT PARCEL 3: (APN: 038-130-05S)

A NON-EXCLUSIVE EASEMENT FOR WELL SITE AND POWER POLES AND ASSOCIATED POWER LINES, PIPELINES AND OTHER NECESSARY FIXTURES AS GRANTED TO FARID ASSEMI, ET AL, BY INSTRUMENT RECORDED JUNE 29, 2005 AS <u>DOCUMENT NO. 2005-0144188</u> OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PROPERTY:

A 50 BY 50 FOOT SQUARE AROUND THE EXISTING IRRIGATION WELL LOCATED IN THE NORTHEAST CORNER OF THE NORTH HALF OF THE NORTHEAST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EASEMENT PARCEL 6: (APN: 038-060-77S)

A NON-EXCLUSIVE EASEMENT FOR IRRIGATION PIPELINE TOGETHER WITH INGRESS AND EGRESS, AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST, BY INSTRUMENT RECORDED JUNE 29, 2005 AS <u>DOCUMENT NO. 2005-0144194</u> OF OFFICIAL RECORDS OVER AND ACROSS THE SOUTH 20 FEET OF THE EAST 20 FEET OF LOTS 5 TO 12, INCLUSIVE, IN SECTION 8, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE MAP OF PART OF CALIFORNIA LAND INVESTMENT CO'S TRACT NO. 1, ACCORDING TO THE MAP THEREOF RECORDED IN <u>BOOK 7, PAGE 49</u> OF RECORDS OF SURVEYS, FRESNO COUNTY RECORDS.

EASEMENT PARCEL 7:

A NON-EXCLUSIVE EASEMENT FOR AN IRRIGATION PIPELINE TOGETHER WITH THE RIGHT OF INGRESS AND EGRESS, AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND

KAREN E. ROBINSON 2004 TRUST BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 20050144195 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PARCELS "A" AND "B":

PARCEL A: (APN: 038-060-28S)

THE EAST 30 FEET OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL B: (APN: 038-130-02)

THE NORTH 30 FEET OF THE EAST 30 FEET OF THE NORTHEAST QUARTER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EASEMENT PARCEL 8:

A NON-EXCLUSIVE EASEMENT FOR AN IRRIGATION PIPELINE WITH THE RIGHT OF INGRESS AND EGRESS AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144196 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PARCELS "A, B, C, D AND E":

PARCEL A: (APN: 038-130-04S)

THE NORTH 30 FEET OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL B: (APN: 038-130-05S)

THE NORTH 30 FEET OF THE NORTH HALF OF THE NORTHEAST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL C: (APN: 038-060-31S)

THE EAST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

BEGINNING AT THE SOUTHEAST CORNER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF; THENCE WEST ALONG THE SOUTH LINE OF SAID SECTION, A DISTANCE OF 96

RODS; THENCE AT RIGHT ANGLES NORTH 53 1/3 RODS; THENCE AT RIGHT ANGLES EAST, 96 RODS TO THE EAST LINE OF SAID SECTION; THENCE SOUTH ALONG SAID EAST LINE TO THE PLACE OF BEGINNING.

PARCEL D: (APN: 038-060-30S)

THE EAST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EAST LINE OF SAID SECTION 7, DISTANT THEREON 53 1/2 RODS SOUTH OF THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 7; THENCE WEST PARALLEL WITH THE NORTH LINE OF THE SOUTHEAST QUARTER OF SAID

SECTION 7, A DISTANCE OF 96 RODS; THENCE SOUTH PARALLEL WITH THE EAST LINE OF SAID SECTION A DISTANCE OF 53 1/3 RODS; THENCE EAST PARALLEL WITH THE NORTH LINE OF SAID SOUTHEAST QUARTER, A DISTANCE OF 96 RODS TO A POINT ON THE EAST LINE OF SAID SECTION 7; THENCE NORTH ALONG SAID EAST LINE A DISTANCE OF 53 1/3 RODS TO THE POINT OF BEGINNING.

111964551.1 0053564-00529