# EXHIBIT 9

Recording Requested by
Old Republic Title Company

1421 002384-08

Recording requested by and
After recording, return to:

Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101

Loan No. 198935

Fresno County Recorder
Paul Dictos, CPA

**2022-0146224**

Recorded at the request of:
ERECORDING PARTNERS NETWORK
12/07/2022 08:55 10
Titles: 1      Pages: 28
Fees: $100.00
CA SB2 Fees:$75.00
Taxes: $0.00
Total: $175.00

---

## CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT

*(This Agreement is executed in duplicate original counterparts for concurrent recording in Kern County and Fresno County, California)*

This CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT (this "**Agreement**") is made as of December 1), 2022 (the "**Effective Date**"), by and among ASHLAN & HAYES INVESTMENTS, LLC, a California limited liability company ("**Ashlan**"); GRANTOR FRESNO CLOVIS INVESTMENTS, LLC, a California limited liability company ("**GFCI**"); MARICOPA ORCHARDS, LLC, a California limited liability company ("**Maricopa**", and collectively with Ashlan and GFCI, "**Original Borrowers**"); ACDF, LLC, a California limited liability company ("**ACDF**"), as successor in interest to 104 Partners, LLC, a California limited liability company ("**104 Partners**") (collectively with Original Borrowers, "**Borrowers**"); WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company ("**Transferee Borrower**"); and METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation ("**Beneficiary**").

## RECITALS

A.     Borrowers are the current borrowers under a Loan (the "**Loan**") made by Beneficiary evidenced by that certain Promissory Note dated August 18, 2017, by Original Borrowers in the original principal amount of $7,326,000.00, as amended by that certain First Amendment to Promissory Note dated July 5, 2018, and as assumed by 104 Partners pursuant to that certain Collateral Substitution and Loan Assumption Agreement dated August 1, 2019 executed among Borrowers, Beneficiary, Farid Assemi, Farshid Assemi, and Darius Assemi (as amended, the "**Note**"). Farid Assemi, Farshid Assemi, and Darius Assemi, collectively referred to as "**Guarantors**," each executed a Loan Guaranty Agreement dated August 18, 2017 for the benefit of Beneficiary in support of the Loan.

1

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

B.      The Loan is secured by, among other things, that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing by Original Borrowers for the benefit of Beneficiary dated as of August 18, 2017, and recorded on August 18, 2017, in the Official Records of Kern County as Document No. 217110039, (as amended, the "**Kern Deed of Trust**"), as adjusted by that certain Partial Reconveyance (Without Satisfaction) dated as of May 23, 2019, and recorded on May 23, 2019, in the Official Records of Kern County as Document No. 219059814, and as further adjusted by that certain Partial Reconveyance (Without Satisfaction) dated as of August 1, 2019, and recorded on August 1, 2019, in the Official Records of Kern County as Document No. 219093365, effectuating the substitution of collateral agreed pursuant to that certain Collateral Substitution and Loan Assumption Agreement dated August 1, 2019 (the "**Collateral Substitution Agreement**").  The Kern Deed of Trust encumbers certain real property (the "**Kern Real Property**") located in Kern County, California, as more particularly described on Exhibit A-1 attached hereto, and certain personal property as more particularly described therein (collectively with the Kern Real Property, the "**Kern Property**").

C.      Pursuant to the Collateral Substitution Agreement, the Loan is also secured by, among other things, that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated August 1, 2019, granted by 104 Partners and Rachel Marie White (the "**Non-Borrower Trustor**") for the benefit of Beneficiary, and recorded on August 1, 2019, in the Official Records of Fresno County as Document No. 2019-0085655, as amended by that certain Consent to Transfer and Assumption Agreement by Borrowers and Beneficiary (under which the interest of the Non-Borrower Trustor in the Fresno Property was transferred to 104 Partners) dated as of August 17, 2021, and recorded on August 17, 2021, in the Official Records of Fresno County as Document No. 2021-0133790 (as amended, the "**Fresno Deed of Trust**").  The Fresno Deed of Trust encumbers certain real property (the "**Fresno Real Property**") located in Fresno County, California, as more particularly described on Exhibit A-2 attached hereto, and certain personal property as more particularly described therein (collectively with the Fresno Real Property, the "**Fresno Property**").  The Fresno Deed of Trust and the Kern Deed of Trust are collectively referred to herein as the "**Deeds of Trust**") and the Fresno Property and the Kern Property are collectively referred to as the "**Property**".

D.      The Loan is also evidenced and supported by (i) that certain Loan Agreement dated August 18, 2017, by and among Original Borrower, Guarantors, and Beneficiary ("**Loan Agreement**"); (ii) a separate Environmental Indemnity Agreement dated August 18, 2017, by Original Borrower and Guarantors in favor of Beneficiary regarding the Kern Real Property (the "**Kern Unsecured Indemnity**"); and (iii) a separate Environmental Indemnity Agreement dated August 1, 2019, by Borrower and Guarantors in favor of Beneficiary regarding the Fresno Real Property (the "**Fresno Unsecured Indemnity**", and collectively with the Kern Unsecured Indemnity, "**Unsecured Indemnity**").

E.      The Note, the Deeds of Trust, the Loan Agreement, the Unsecured Indemnity, and all other documents evidencing or securing the Loan are herein referred to as the "**Loan**

2

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

**Documents.**" Capitalized terms used but not defined herein shall have the meanings given in the Deeds of Trust.

F.    Borrowers and Transferee Borrower have requested that Beneficiary consent to (i) the merger of 104 Partners into ACDF as evidenced by the Certificate of Merger filed with the California Secretary of State's office on May 19, 2022, as file no. BA20220224276 (the "**Merger**"); (ii) the transfer of the ownership interests of Ashlan in a portion of the Kern Property, as more particularly described in Exhibit B attached hereto ("**Transferred Property**") (including any interest held, if any, in the water infrastructure, fixtures, water rights, growing crops, equipment and related personal property located on or used in connection with the Kern Property) to Transferee Borrower (the "**Transfer**"), and (iii) the assumption of the Loan by Transferee Borrower, jointly and severally with Borrowers (the "**Assumption**"). Beneficiary has agreed to provide its consent to the Transfer and the Assumption as more particularly provided herein.

## AGREEMENTS

NOW THEREFORE, for good and valuation consideration, the receipt and adequacy of which are hereby acknowledged, and in consideration of the consent by Beneficiary to the Transfer and the Assumption, the parties do hereby agree as follows:

1.    <u>Confirmation of Loan</u>. All of the Loan Documents are hereby confirmed by Borrowers as being valid, in full force and effect, and Borrowers each acknowledge that (a) there are no defenses or offsets to any of their respective obligations thereunder, (b) they have performed all of their obligations thereunder to this date, and (c) Beneficiary has performed all of its obligations, if any, to this date. The parties hereto confirm that the outstanding principal balance of the Note as of the date hereof is $5,794,897.71, and there is accrued but unpaid interest owing under the Note at the rate or rates set forth therein.

2.    <u>Assumption of the Loan</u>. As of the Effective Date, Transferee Borrower hereby assumes and agrees to pay and perform, jointly and severally with Borrowers, all of the obligations evidenced by the Note and the other Loan Documents, as amended by this Agreement, and this Agreement, and agrees for the benefit of Beneficiary and its successors and assigns, to be bound by, observe and perform, all past (to the extent unsatisfied), present and future liabilities, terms, provisions, covenants and obligations of Borrowers under the Note and the other Loan Documents, as amended by this Agreement, including, without limitation, all covenants and indemnities regarding the Property, all claims and demands asserted by Beneficiary that relate to any condition of the Property, regardless of when such condition first failed to comply with the Loan Documents, as well as the obligation to repay the balance of the Loan. Transferee Borrower agrees that it is bound by all of such terms and provisions, and further agrees to promptly pay all such liabilities and, jointly and severally with Borrowers, to promptly observe and perform all such covenants and obligations, with the same force and effect as if Transferee Borrower had originally executed and delivered the Note. As of the Effective

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

Date, all references to "Borrower," "Borrowers", "Debtor," "Debtors", "Trustor" or "Trustors" in the Loan Documents shall include WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company.

3.    Consent to Transfer and Assumption.  Subject to the conditions contained herein, Beneficiary hereby consents to the Transfer and the Assumption by Transferee Borrower, jointly and severally with the Borrowers, of all of the rights and liabilities of Borrowers in and under the Loan and the Note as set forth in Section 2 above and the other Loan Documents to which any of Borrowers is a party.

4.    Consent to Merger.  Beneficiary hereby consents to the Merger and the assumption by ACDF through the legal effect of the Merger of all rights and liabilities of 104 Partners in and under the Loan and the Note and the other Loan Documents. As of the effective date of the Merger, ACDF did and hereby does assume and agree to pay and perform, jointly and severally with Original Borrowers, all of the obligations evidenced by the Note and the other Loan Documents, as amended by this Agreement, and this Agreement, and agrees for the benefit of Beneficiary and its successors and assigns, to be bound by, observe and perform, all past (to the extent unsatisfied), present and future liabilities, terms, provisions, covenants and obligations of 104 Partners under the Note and the other Loan Documents, as amended by this Agreement, including, without limitation, all covenants and indemnities regarding the Property, all claims and demands asserted by Beneficiary that relate to any condition of the Property, regardless of when such condition first failed to comply with the Loan Documents, as well as the obligation to repay the balance of the Loan. ACDF agrees that it is bound by all of such terms and provisions, and further agrees to promptly pay all such liabilities and, jointly and severally with Borrowers, to promptly observe and perform all such covenants and obligations, with the same force and effect as if ACDF had originally executed and delivered the Note.

5.    Release of Beneficiary.  As part of the consideration for this Agreement, Borrowers hereby each acknowledge that they have no claims against Beneficiary in connection with the Loan or the Transfer and the Assumption and release Beneficiary from, and covenant not to bring any suit against Beneficiary for, any such claim based on any facts existing on and prior to the Effective Date of this Agreement. Said releasing parties acknowledge that this release extends to known and unknown claims. Such parties acknowledge and agree that they understand the meaning and the effect of Section 1542 of California Civil Code which provides:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Such parties hereby respectively agree to assume the risk of any and all unknown, unanticipated or misunderstood defenses, claims, causes of action, contracts, liabilities, indebtedness or obligations which are hereby released in favor of the other and each party

4

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

releases and waives all rights and benefits that they might otherwise have had under the aforementioned Section 1542 of the California Civil Code with regard to the release of such unknown, unanticipated or misunderstood claims, causes of action, liabilities, indebtedness and obligations based on any facts existing prior to the Effective Date.

6.      Representations and Warranties. As of the Effective Date, each of the Borrowers and the Transferee Borrower (collectively, "**Obligors**") hereby represents and warrants to Beneficiary as follows:

(a)     Consequences of Loan Structure. None of the Obligors is insolvent as of the date of this Agreement. No Obligor will not become insolvent as a result of the obligations incurred and transfers made in connection with the Transfer and Assumption as provided herein. No Obligor is, or is about to be, engaged in a business or transaction for which such Transferee Borrower will have an unreasonably small amount of capital after the closing of the Transfer and Assumption. No Obligor has incurred, nor contemplates incurring, debts beyond such Obligor's ability to pay as such debts become due.

(b)     Authority. The execution, delivery and performance of this Agreement and any and all other Loan Documents or other documents executed and/or delivered in connection herewith have been authorized by all Obligors.

(c)     No Default. No default or event of default under the Loan Documents has occurred that remains uncured, and no event has occurred which, with the giving of notice or the passage of time, or both, would constitute a default or an event of default under the Loan Documents.

(d)     Representations and Warranties. All of the warranties and representations contained in the Loan Documents are true, correct, complete and accurate on the date of this Agreement, except as may be amended or changed due to this Agreement.

(e)     No Foreign Person. Obligors, and all persons holding directly or indirectly any beneficial interest in Obligors, have complied with all filing and reporting requirements under the International Investment and Trade in Services Survey Act, the Agricultural Foreign Investment Disclosure Act of 1978, the Foreign Investments in Real Property Tax Act of 1980, and the amendments of such Acts or regulations promulgated pursuant to such Acts.

7.      Obligations Secured. The Deeds of Trust, as amended by this Agreement, shall continue to secure the entire principal and interest of the Note, and the other obligations stated in the Deeds of Trust as so secured. Transferee Borrower acknowledges that it is acquiring the interest in the Transferred Property subject to the Kern Deed of Trust, as amended by this Agreement, and hereby grants to Beneficiary as additional security for the Loan a security interest in the Proceeds, Crops, Water Rights, Improvements, Intangibles, Minerals, as such terms are defined in the Kern Deed of Trust, and any personal property, and the proceeds thereof,

5

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

which are or hereafter become located upon, derived from or used in connection with the Transferred Property and all replacements, accessions and additions thereto as described in the Kern Deed of Trust. Said security interest and Beneficiary's rights with respect thereto shall be governed by the terms of the Kern Deed of Trust, as amended by this Agreement, which for such purpose are incorporated herein by this reference, and shall be perfected by the filing by Beneficiary of an amendment to the existing Financing Statement, or at Beneficiary's election, a new financing statement in which Transferee Borrower is identified as a debtor. The Kern Deed of Trust, as amended by this Agreement, constitutes a financing statement filed as a fixture filing under the Uniform Commercial Code and for this purpose Transferee Borrower, along with Borrowers, shall be deemed to be the "Debtor" with an address as set forth in Section 8 hereof. Transferee Borrower is the record owner of the Transferred Property.

8.    Notices.    Notices to Transferee Borrower under the Loan Documents shall be provided at the following address:

> WILLOW AVENUE INVESTMENTS, LLC
> 5260 N Palm Ave, Suite 421, Mail Stop A
> Fresno, CA 93704

9.    Expense Reimbursements.    Transferee Borrower or Borrowers shall reimburse Beneficiary, or shall cause Beneficiary to be reimbursed, upon demand for all title premiums, title search charges, UCC search or filing fees, escrow fees, documentary stamps, intangible taxes, recording fees and other costs, expenses and reasonable attorneys' fees incurred by Beneficiary in connection with this Agreement or the satisfaction of any of the closing conditions (the "**Expense Reimbursements**"), regardless of whether the Transfer or the Assumption contemplated by this Agreement are consummated. If the Transfer and the Assumption of the Loan does not close, all Expense Reimbursements shall be paid to Beneficiary by Transferee Borrower or Borrowers within ten (10) days of Beneficiary's billing of such charges to Transferee Borrower.

10.    No Implied Modifications.    Except as otherwise stated in this Agreement, nothing herein contained shall be considered as modifying, releasing, altering or affecting the Deeds of Trust, the original priority of the Deeds of Trust, or the rights, benefits, duties or obligations of the parties thereto.

11.    Integration.    All rights, remedies, powers and interest provided for Beneficiary herein are in addition to the rights, remedies, powers and interests provided for Beneficiary in the Loan Documents, the terms and provisions of which are incorporated herein by this reference and made a part hereof. If and to the extent that any term or provision hereof is inconsistent with any term or provision of the Loan Documents, the term or provision of this Agreement shall prevail.

6

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

12.    <u>Entire Agreement; Amendments</u>.  This Agreement and the other Loan Documents contain the entire agreement between Borrowers, Transferee Borrower and Beneficiary with respect to the Loan Documents, and all prior negotiations, commitments, understandings and agreements are superseded by this Agreement and the Loan Documents.  No amendment, modification, supplement, extension, termination or waiver of any provision of this Agreement, any Loan Document, or any other agreement executed in connection with any of the foregoing shall be effective unless in writing and signed by Beneficiary.

13.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California.

14.    <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, all of which shall constitute but one and the same instrument.  The signature pages of exact copies of this Agreement may be attached to one copy to form one complete document.  Each executed counterpart of this Agreement shall be deemed an original and may be recorded in any county in which any portion of the Property is located.

15.    <u>Consent Limited; No Waiver</u>.  Beneficiary's consent in this Agreement is limited to this transaction only, and this Agreement shall not constitute a waiver or modification of any terms, provisions or requirements of the Loan Documents in any respect except as herein specifically set forth or as otherwise expressly agreed to by Beneficiary in writing, including any conditions to or fees which may be imposed for any future transfer or conveyance of the Property or any interest in Borrowers or Transferee Borrower.

*[Remainder of Page Intentionally Left Blank]*

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first written above.

**BORROWERS:**

MARICOPA ORCHARDS, LLC,
a California limited liability company

By: _____
Farid Assemi
Its General Manager

By: _____
Farshid Assemi
Its General Manager

By: _____
Darius Assemi
Its General Manager


ASHLAN & HAYES INVESTMENTS, LLC,
a California limited liability company

By: _____
Neema Assemi, Manager

By: _____
Darius Assemi, Manager


Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

GRANTOR FRESNO CLOVIS INVESTMENTS, LLC,
a California limited liability company

By: _____
Neema Assemi, Sole Trustee of The Farid Assemi
2010 Grantor Trust dated December 30, 2010,
Member

This document is being executed in
counterpart, each of which is deemed to
be an original, but such parts constitute
one and the same.

By: _____
Ashley Whelan, Sole Trustee of The Farshid and
Sonia Assemi 2010 Grantor Trust dated
December 30, 2010, Member

ACDF, LLC,
a California limited liability company

By: _____
Farid Assemi
Its General Manager

By: _____
Farshid Assemi
Its General Manager

By: _____
Darius Assemi
Its General Manager

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

GRANTOR FRESNO CLOVIS INVESTMENTS, LLC,
a California limited liability company

This document is being executed in
counterpart, each of which is deemed to
be an original, but such parts constitute
one and the same.

By: _____
Neema Assemi, Sole Trustee of The Farid Assemi
2010 Grantor Trust dated December 30, 2010,
Member

By: _____
Ashley Whelan, Sole Trustee of The Farshid and
Sonia Assemi 2010 Grantor Trust dated
December 30, 2010, Member

Ashley Whelan

ACDF, LLC,
a California limited liability company

This document is being executed in
counterpart, each of which is deemed to
be an original, but such parts constitute
one and the same.

By: _____
Farid Assemi
Its General Manager

This document is being executed in
counterpart, each of which is deemed to
be an original, but such parts constitute
one and the same.

By: _____
Farshid Assemi
Its General Manager

This document is being executed in
counterpart, each of which is deemed to
be an original, but such parts constitute
one and the same.

By: _____
Darius Assemi
Its General Manager

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

**TRANSFEREE BORROWER:**

WILLOW AVENUE INVESTMENTS, LLC,
a California limited liability company

By: _____
    Neema Assemi, Manager

By: _____
    Darius Assemi, Manager

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

**BENEFICIARY:**

METROPOLITAN LIFE INSURANCE COMPANY,
a New York corporation

By:   MetLife Investment Management, LLC,
     its investment manager

     By: _____
     Name: LEONIDES A. MOREAO
     Its: Authorized Signatory and
     Managing Director

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA    )
                            )
COUNTY OF Fresno      )

On November 7, 2022, before me, Katrina Ingrao, Notary Public, personally appeared Farid Assemi, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

KATRINA INGRAO
Notary Public - California
Fresno County
Commission # 2341249
My Comm. Expires Jan 12, 2025

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA  )
　　　　　　　　　　　　　)
COUNTY OF Fresno　　　)

On November 8　　　, 2022, before me, Katrina Ingrao　　　,
Notary Public, personally appeared Neena Assemi　　　　,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   **(Seal)**

KATRINA INGRAO
Notary Public - California
Fresno County
Commission # 2341249
My Comm. Expires Jan 12, 2025

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
)
COUNTY OF Fresno )

On November 8 , 2022, before me, Katrina Ingrao ,
Notary Public, personally appeared Farshid Assemi ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   (Seal)

KATRINA INGRAO
Notary Public - California
Fresno County
Commission # 2341249
My Comm. Expires Jan 12, 2025

**ACKNOWLEDGMENT**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             )
COUNTY OF _FRESNO_           )

On December __1__, 2022, before me, L. Leyva, Notary Public, personally appeared __Darius Assemi__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____          **(Seal)**

L. LEYVA
Notary Public - California
Fresno County
Commission # 2422312
My Comm. Expires Oct 20, 2026

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        )
                                           )ss.

COUNTY OF _Orange_        )

On __11-14-2022__, 2022, before me, _Nicki R. Walsh_, a Notary Public in and for said State, personally appeared **Ashley Whelan**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

NICKI R. WALSH
Notary Public - California
Orange County
Commission # 2326689
My Comm. Expires May 14, 2024

_Nicki R. Walsh_
Notary Public in and for said
County and State _Orange Cty, California_

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                       )ss.
COUNTY OF _Fresno_                     )

On _NOVEMBER 4_ , 2022, before me, _Cathy M. Kelly_ , a Notary Public in and for said State, personally appeared _Leonides A. Moreno_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_[signature]_

_____
Notary Public in and for said
County and State

> CATHY M. KELLY
> Notary Public · California
> Fresno County
> Commission # 2285788
> My Comm. Expires May 17, 2023

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

## EXHIBIT A-1

### Legal Description of Kern Property

*(Kern County, California)*

The land referred to is situated in the unincorporated area of the County of Kern, State of California, and is described as follows:

TRACT I:

PARCEL ONE:

The South half of the Northwest quarter and the Southwest quarter of the Northeast quarter of Section 26, Township 32 South, Range 25 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, as per the Official Plat thereof.

APN: 220-130-30-00-9

PARCEL TWO:

The Southeast quarter of the Northeast quarter of Section 26, Township 32 South, Range 25 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, as per the Official Plat thereof.

EXCEPTING THEREFROM 10% of all oil, gas, other hydrocarbon substances and minerals within or underlying said land as by B.P. Oil Corporation, a corporation by Deed recorded November 21, 1973 in Book 4813, Page 1567 of Official Records.

APN: 220-130-05-00-7

TRACT II:

PARCEL ONE:

The Northeast quarter of Section 34, Township 32 South, Range 25 East, Mount Diablo Meridian, according to the Official Plat of said land approved by the Surveyor General, on June 1, 1855.

Exhibit A-1 – Page 1

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

EXCEPTING THEREFROM 1/4 of all oil, gas and minerals rights as reserved in Deed from Pauline F. Crane, Administratrix of the Estate of Abigail Briggs Fowler, deceased, recorded July 3, 1952 in Book 1959, Page 228 of Official Records.

APN: 220-130-24-00-2

PARCEL TWO:

The Northeast quarter of the Southeast quarter of Section 34, Township 32 South, Range 25 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

APN: 220-130-17-00-2

TRACT III:

The East 1/2 of the South 1/2 of Section 26, Township 32 South, Range 25 East, Mount Diablo Base and Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Excepting therefrom all oil, gas, other hydrocarbon substances and minerals of any kind or character, in, on, or thereunder, as reserved in previous Deeds of record.

APN: 220-130-35-00-4

Exhibit A-1 – Page 2

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

**EXHIBIT A-2**

**Legal Description of Fresno Property**

*(Fresno County, California)*

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

FEE PARCEL 1: (APN: 038-141-59S)

THE WEST 1,344.4 FEET OF THE SOUTHWEST QUARTER OF SECTION 15, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID SECTION 15; THENCE, (1) NORTHERLY, ALONG THE WEST BOUNDARY OF SAID SECTION 15, A DISTANCE OF 50 FEET; THENCE, (2) SOUTH 87° 34' 31" EAST, A DISTANCE OF 535.37 FEET; THENCE, (3) SOUTHEASTERLY ALONG THE ARC OF A TANGENT CURVE, CONCAVE TO THE NORTHEAST (HAVING A 37,950 FOOT RADIUS, A RADIUS POINT WHICH BEARS NORTH 02° 25' 29" EAST AND A CENTRAL ANGLE OF 01° 13' 10") A DISTANCE OF 807.70 FEET; THENCE, (4) SOUTH 88° 47' 41" EAST, PARALLEL WITH AND 30 FEET NORTH OF THE SOUTH BOUNDARY OF THE SAID SOUTHWEST QUARTER, TO A POINT ON THE EAST BOUNDARY OF THE SAID SOUTHWEST QUARTER; THENCE, (5) SOUTHERLY ALONG SAID EAST BOUNDARY, A DISTANCE OF 30 FEET TO THE SOUTH QUARTER CORNER OF SAID SECTION 15; THENCE, (6) NORTH 88° 47' 41" WEST, ALONG SAID SOUTH BOUNDARY OF THE SOUTHWEST QUARTER, A DISTANCE OF 2646.07 FEET TO THE POINT OF BEGINNING.

SAID LEGAL DESCRIPTION IS MADE PURSUANT TO THAT CERTAIN CERTIFICATE OF COMPLIANCE, PLA 05-13(A), RECORDED MAY 11, 2007 AS INSTRUMENT NO. 2007-0093874 OF OFFICIAL RECORDS OF FRESNO COUNTY.

EXCEPTING AND RESERVING, HOWEVER, TO THE UNITED STATES ALL THE COAL AND OTHER MINERALS IN THE LANDS SO ENTERED AND PATENTED, TOGETHER WITH THE RIGHT TO PROSPECT FOR, MINE AND REMOVE THE SAME PURSUANT TO THE PROVISIONS AND LIMITATIONS OF THE ACT OF DECEMBER 29, 1916 (39 STAT. 862).

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

ALSO EXCEPTING THEREFROM ANY AND ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERAL THEREIN AND THEREUNDER AS PREVIOUSLY RESERVED OR GRANTED OF RECORD.

EASEMENT PARCEL 1:

A NON-EXCLUSIVE EASEMENT FOR AN EXISTING PIPELINE TO TRANSPORT IRRIGATION WATER TOGETHER WITH THE RIGHT OF INGRESS AND EGRESS AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST BY INSTRUMENT RECORDED JUNE 15, 2005 AS DOCUMENT NO. 2005-0132006 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PARCELS "A" AND "B".

PARCEL A: (APN: 038-071-46S)

THE WEST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

ALL THAT PORTION OF LOTS 21 TO 29, INCLUSIVE, IN SECTION 10, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE MAP OF PART OF CALIFORNIA LAND INVESTMENT COMPANY'S TRACT NO. 1, RECORDED MAY 8, 1912 IN BOOK 7, PAGE 49 OF RECORD OF SURVEYS, FRESNO COUNTY RECORDS, LYING SOUTHWESTERLY OF THE SAN LUIS CANAL.

EXCEPT THEREFROM THE FOLLOWING DESCRIBED PROPERTY:

BEGINNING AT A POINT IN THE WEST BOUNDARY OF SAID SECTION 10, DISTANT THEREALONG SOUTH 0° 56' WEST 2092.6 FEET FROM THE NORTHWEST CORNER OF SAID SECTION 10; THENCE ALONG SAID WEST BOUNDARY NORTH 0° 56' EAST 644.8 FEET; THENCE LEAVING SAID WEST BOUNDARY SOUTH 57° 36' EAST 35.2 FEET TO A POINT IN THE EAST BOUNDARY OF THAT CERTAIN 30-FOOT WIDE STRIP OF LAND OFFERED FOR PUBLIC DEDICATION ACCORDING TO SAID MAP; THENCE CONTINUING SOUTH 57° 36' EAST 194.8 FEET; THENCE CONTINUING SOUTH 57° 36' EAST 345.5 FEET; THENCE SOUTH 51° 54' EAST 201.0 FEET; THENCE SOUTH 57° 36' EAST 2300.9 FEET TO A POINT IN THE WEST BOUNDARY OF THAT CERTAIN 60-FOOT WIDE STRIP OF LAND OFFERED FOR DEDICATION ACCORDING TO SAID MAP; THENCE CONTINUING SOUTH 57° 36' EAST 70.4 FEET TO A POINT IN THE EAST BOUNDARY OF SAID 60-FOOT WIDE STRIP OF LAND; THENCE CONTINUING SOUTH 57° 36' EAST 93.3 FEET; THENCE SOUTH 67° 05' EAST 143.2 FEET; THENCE SOUTH 74° 07' EAST 141.9 FEET; THENCE SOUTH 79° 37' EAST 2266.6 FEET TO A POINT IN THE WEST BOUNDARY OF THAT CERTAIN 30-FOOT WIDE

Exhibit A-2 – Page 2

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

STRIP OF LAND OFFERED FOR PUBLIC DEDICATION ACCORDING TO SAID MAP; THENCE CONTINUING SOUTH 79° 37' EAST 30.4 FEET TO A POINT IN THE EAST BOUNDARY OF SAID SECTION 10; DISTANT THEREALONG NORTH 0° 55' EAST 1700.5 FEET FROM THE SOUTHEAST CORNER OF SAID SECTION 10; THENCE ALONG SAID EAST BOUNDARY SOUTH 0° 55' WEST 547.5 FEET; THENCE LEAVING SAID EAST BOUNDARY NORTH 79° 37' WEST 30.4 FEET TO A POINT IN THE WEST BOUNDARY OF LAST SAID 30 FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 79° 37' WEST 2356.8 FEET; THENCE NORTH 74° 06' WEST 245.5 FEET; THENCE NORTH 63° 06' WEST 26.0 FEET TO A POINT IN THE EAST BOUNDARY OF AFORESAID 60-FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 63° 06' WEST 66.8 FEET TO A POINT IN THE WEST BOUNDARY OF SAID 60-FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 63° 06' WEST 152.7 FEET; THENCE NORTH 57° 36' WEST 2868.2 FEET TO A POINT IN THE EAST BOUNDARY OF FIRST SAID 30-FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 57° 36' WEST 35.2 FEET TO THE POINT OF BEGINNING.

PARCEL B: (APN: 038-141-01S)

THE WEST 30 FEET OF THE NORTHWEST QUARTER OF SECTION 15, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN.

EASEMENT PARCEL 2: (APN: 038-060-28S)

A NON-EXCLUSIVE EASEMENT FOR WELL SITE AND POWER POLES AND ASSOCIATED POWER LINES, PIPELINES AND OTHER NECESSARY FIXTURES AS GRANTED TO FARID ASSEMI, ET AL, BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144187 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING PROPERTY:

A 50 BY 50 FOOT SQUARE AROUND THE EXISTING IRRIGATION WELL LOCATED IN THE NORTHEAST CORNER OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EASEMENT PARCEL 3: (APN: 038-130-05S)

A NON-EXCLUSIVE EASEMENT FOR WELL SITE AND POWER POLES AND ASSOCIATED POWER LINES, PIPELINES AND OTHER NECESSARY FIXTURES AS GRANTED TO FARID ASSEMI, ET AL, BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144188 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PROPERTY:

Exhibit A-2 – Page 3

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

A 50 BY 50 FOOT SQUARE AROUND THE EXISTING IRRIGATION WELL LOCATED IN THE NORTHEAST CORNER OF THE NORTH HALF OF THE NORTHEAST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EASEMENT PARCEL 6: (APN: 038-060-77S)

A NON-EXCLUSIVE EASEMENT FOR IRRIGATION PIPELINE TOGETHER WITH INGRESS AND EGRESS, AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST, BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144194 OF OFFICIAL RECORDS OVER AND ACROSS THE SOUTH 20 FEET OF THE EAST 20 FEET OF LOTS 5 TO 12, INCLUSIVE, IN SECTION 8, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE MAP OF PART OF CALIFORNIA LAND INVESTMENT CO'S TRACT NO. 1, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 7, PAGE 49 OF RECORDS OF SURVEYS, FRESNO COUNTY RECORDS.

EASEMENT PARCEL 7:

A NON-EXCLUSIVE EASEMENT FOR AN IRRIGATION PIPELINE TOGETHER WITH THE RIGHT OF INGRESS AND EGRESS, AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144195 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PARCELS "A" AND "B":

PARCEL A: (APN: 038-060-28S)

THE EAST 30 FEET OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL B: (APN: 038-130-02)

THE NORTH 30 FEET OF THE EAST 30 FEET OF THE NORTHEAST QUARTER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

Exhibit A-2 – Page 4

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

EASEMENT PARCEL 8:

A NON-EXCLUSIVE EASEMENT FOR AN IRRIGATION PIPELINE WITH THE RIGHT OF INGRESS AND EGRESS AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144196 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PARCELS "A, B, C, D AND E":

PARCEL A: (APN: 038-130-04S)

THE NORTH 30 FEET OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL B: (APN: 038-130-05S)

THE NORTH 30 FEET OF THE NORTH HALF OF THE NORTHEAST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL C: (APN: 038-060-31S)

THE EAST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

BEGINNING AT THE SOUTHEAST CORNER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF; THENCE WEST ALONG THE SOUTH LINE OF SAID SECTION, A DISTANCE OF 96 RODS; THENCE AT RIGHT ANGLES NORTH 53 1/3 RODS; THENCE AT RIGHT ANGLES EAST, 96 RODS TO THE EAST LINE OF SAID SECTION; THENCE SOUTH ALONG SAID EAST LINE TO THE PLACE OF BEGINNING.

PARCEL D: (APN: 038-060-30S)

THE EAST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

Exhibit A-2 – Page 5

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

BEGINNING AT A POINT ON THE EAST LINE OF SAID SECTION 7, DISTANT THEREON 53 1/2 RODS SOUTH OF THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 7; THENCE WEST PARALLEL WITH THE NORTH LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 7, A DISTANCE OF 96 RODS; THENCE SOUTH PARALLEL WITH THE EAST LINE OF SAID SECTION, A DISTANCE OF 53 1/3 RODS; THENCE EAST PARALLEL WITH THE NORTH LINE OF SAID SOUTHEAST QUARTER, A DISTANCE OF 96 RODS TO A POINT ON THE EAST LINE OF SAID SECTION 7; THENCE NORTH ALONG SAID EAST LINE, A DISTANCE OF 53 1/3 RODS TO THE POINT OF BEGINNING.

PARCEL E: (APN: 038-060-29S)

THE EAST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

THAT CERTAIN PORTION OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 7, RUNNING THENCE WEST ALONG THE NORTH LINE OF SAID QUARTER SECTION A DISTANCE OF 96 RODS; THENCE AT RIGHT ANGLES SOUTH A DISTANCE OF 53 1/3 RODS; THENCE AT RIGHT ANGLES EAST A DISTANCE OF 96 RODS TO THE EAST LINE OF SAID SECTION; THENCE NORTH LONG SAID EAST LINE OF SAID SECTION TO THE POINT OF BEGINNING.

EASEMENT PARCEL 9: (APN: 038-060-92S)

AN EASEMENT FOR A FILTER STATION SITE AS CREATED UNDER THAT CERTAIN INSTRUMENT RECORDED SEPTEMBER 27, 2010, INSTRUMENT NO. 2010-126979 OF OFFICIAL RECORDS, OVER THE FOLLOWING DESCRIBED PROPERTY:

BEGINNING AT THE SOUTHEAST CORNER OF THE SOUTHEAST QUARTER OF SECTION 9, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF; THENCE WEST PARALLEL TO THE SOUTH BORDER OF SAID SECTION 9 ALONG THE MIDDLE OF THE RIGHT OF WAY OF WEST MOUNTAIN VIEW AVENUE, A DISTANCE OF 11 FEET; THENCE NORTH PARALLEL TO THE EAST BOUNDARY OF THE SOUTHEAST QUARTER OF SAID SECTION 9, A DISTANCE OF 25 AND 1/2 FEET, WHICH IS THE POINT OF BEGINNING; THENCE NORTH PARALLEL WITH SAID EASTERLY LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 9, A DISTANCE OF 54 FEET; THENCE WEST PARALLEL WITH SAID MIDDLE OF RIGHT OF WAY OF WEST MOUNTAIN VIEW AVENUE, A DISTANCE OF 84 FEET; THENCE SOUTH PARALLEL WITH SAID

Exhibit A-2 – Page 6

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

EASTERLY LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 9, A DISTANCE OF 54 FEET; THENCE EAST PARALLEL WITH SAID MIDDLE OF RIGHT OF WAY OF WEST MOUNTAIN VIEW AVENUE, A DISTANCE OF 84 FEET TO THE POINT OF BEGINNING.

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

# EXHIBIT B

## Legal Description of Transferred Property

### *(Kern County, California)*

That certain real property situated in Kern County, California and more particularly described as follows:

The East 1/2 of the South 1/2 of Section 26, Township 32 South, Range 25 East, Mount Diablo Base and Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Excepting therefrom all oil, gas, other hydrocarbon substances and minerals of any kind or character, in, on, or thereunder, as reserved in previous Deeds of record.

APN: 220-130-35-00-4

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

Recorded at Request of
Old Republic Title Company

Laura Avila, Assessor-Recorder
Kern County Official Records

LB
12/07/2022
09:08 AM

14210 02384 -08

Recording requested by and
After recording, return to:

Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101

Loan No. 198935

Recorded Electronically by:
451 Old Republic Title Company

**DOC #: 222180923**

222180923

| Stat Types: 1 | Pages: 28 |
| --- | --- |
| FEES | 94.00 |
| TAXES | .00 |
| OTHER | 75.00 |
| PAID | 169.00 |

---

## CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT

*(This Agreement is executed in duplicate original counterparts for concurrent recording in Kern County and Fresno County, California)*

This CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT (this "**Agreement**") is made as of December 7, 2022 (the "**Effective Date**"), by and among ASHLAN & HAYES INVESTMENTS, LLC, a California limited liability company ("**Ashlan**"); GRANTOR FRESNO CLOVIS INVESTMENTS, LLC, a California limited liability company ("**GFCI**"); MARICOPA ORCHARDS, LLC, a California limited liability company ("**Maricopa**", and collectively with Ashlan and GFCI, "**Original Borrowers**"); ACDF, LLC, a California limited liability company ("**ACDF**"), as successor in interest to 104 Partners, LLC, a California limited liability company ("**104 Partners**") (collectively with Original Borrowers, "**Borrowers**"); WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company ("**Transferee Borrower**"); and METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation ("**Beneficiary**").

## RECITALS

A.      Borrowers are the current borrowers under a Loan (the "**Loan**") made by Beneficiary evidenced by that certain Promissory Note dated August 18, 2017, by Original Borrowers in the original principal amount of $7,326,000.00, as amended by that certain First Amendment to Promissory Note dated July 5, 2018, and as assumed by 104 Partners pursuant to that certain Collateral Substitution and Loan Assumption Agreement dated August 1, 2019 executed among Borrowers, Beneficiary, Farid Assemi, Farshid Assemi, and Darius Assemi (as amended, the "**Note**"). Farid Assemi, Farshid Assemi, and Darius Assemi, collectively referred to as "**Guarantors**," each executed a Loan Guaranty Agreement dated August 18, 2017 for the benefit of Beneficiary in support of the Loan.

1

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

B.      The Loan is secured by, among other things, that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing by Original Borrowers for the benefit of Beneficiary dated as of August 18, 2017, and recorded on August 18, 2017, in the Official Records of Kern County as Document No. 217110039, (as amended, the "**Kern Deed of Trust**"), as adjusted by that certain Partial Reconveyance (Without Satisfaction) dated as of May 23, 2019, and recorded on May 23, 2019, in the Official Records of Kern County as Document No. 219059814, and as further adjusted by that certain Partial Reconveyance (Without Satisfaction) dated as of August 1, 2019, and recorded on August 1, 2019, in the Official Records of Kern County as Document No. 219093365, effectuating the substitution of collateral agreed pursuant to that certain Collateral Substitution and Loan Assumption Agreement dated August 1, 2019 (the "**Collateral Substitution Agreement**"). The Kern Deed of Trust encumbers certain real property (the "**Kern Real Property**") located in Kern County, California, as more particularly described on Exhibit A-1 attached hereto, and certain personal property as more particularly described therein (collectively with the Kern Real Property, the "**Kern Property**").

C.      Pursuant to the Collateral Substitution Agreement, the Loan is also secured by, among other things, that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated August 1, 2019, granted by 104 Partners and Rachel Marie White (the "**Non-Borrower Trustor**") for the benefit of Beneficiary, and recorded on August 1, 2019, in the Official Records of Fresno County as Document No. 2019-0085655, as amended by that certain Consent to Transfer and Assumption Agreement by Borrowers and Beneficiary (under which the interest of the Non-Borrower Trustor in the Fresno Property was transferred to 104 Partners) dated as of August 17, 2021, and recorded on August 17, 2021, in the Official Records of Fresno County as Document No. 2021-0133790 (as amended, the "**Fresno Deed of Trust**"). The Fresno Deed of Trust encumbers certain real property (the "**Fresno Real Property**") located in Fresno County, California, as more particularly described on Exhibit A-2 attached hereto, and certain personal property as more particularly described therein (collectively with the Fresno Real Property, the "**Fresno Property**"). The Fresno Deed of Trust and the Kern Deed of Trust are collectively referred to herein as the "**Deeds of Trust**") and the Fresno Property and the Kern Property are collectively referred to as the "**Property**".

D.      The Loan is also evidenced and supported by (i) that certain Loan Agreement dated August 18, 2017, by and among Original Borrower, Guarantors, and Beneficiary ("**Loan Agreement**"); (ii) a separate Environmental Indemnity Agreement dated August 18, 2017, by Original Borrower and Guarantors in favor of Beneficiary regarding the Kern Real Property (the "**Kern Unsecured Indemnity**"); and (iii) a separate Environmental Indemnity Agreement dated August 1, 2019, by Borrower and Guarantors in favor of Beneficiary regarding the Fresno Real Property (the "**Fresno Unsecured Indemnity**", and collectively with the Kern Unsecured Indemnity, "**Unsecured Indemnity**").

E.      The Note, the Deeds of Trust, the Loan Agreement, the Unsecured Indemnity, and all other documents evidencing or securing the Loan are herein referred to as the "**Loan**

2

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

**Documents**." Capitalized terms used but not defined herein shall have the meanings given in the Deeds of Trust.

F.     Borrowers and Transferee Borrower have requested that Beneficiary consent to (i) the merger of 104 Partners into ACDF as evidenced by the Certificate of Merger filed with the California Secretary of State's office on May 19, 2022, as file no. BA20220024276 (the "**Merger**"); (ii) the transfer of the ownership interests of Ashlan in a portion of the Kern Property, as more particularly described in Exhibit B attached hereto ("**Transferred Property**") (including any interest held, if any, in the water infrastructure, fixtures, water rights, growing crops, equipment and related personal property located on or used in connection with the Kern Property) to Transferee Borrower (the "**Transfer**"), and (iii) the assumption of the Loan by Transferee Borrower, jointly and severally with Borrowers (the "**Assumption**"). Beneficiary has agreed to provide its consent to the Transfer and the Assumption as more particularly provided herein.

## AGREEMENTS

NOW THEREFORE, for good and valuation consideration, the receipt and adequacy of which are hereby acknowledged, and in consideration of the consent by Beneficiary to the Transfer and the Assumption, the parties do hereby agree as follows:

1.     Confirmation of Loan. All of the Loan Documents are hereby confirmed by Borrowers as being valid, in full force and effect, and Borrowers each acknowledge that (a) there are no defenses or offsets to any of their respective obligations thereunder, (b) they have performed all of their obligations thereunder to this date, and (c) Beneficiary has performed all of its obligations, if any, to this date. The parties hereto confirm that the outstanding principal balance of the Note as of the date hereof is $5,794,897.71, and there is accrued but unpaid interest owing under the Note at the rate or rates set forth therein.

2.     Assumption of the Loan. As of the Effective Date, Transferee Borrower hereby assumes and agrees to pay and perform, jointly and severally with Borrowers, all of the obligations evidenced by the Note and the other Loan Documents, as amended by this Agreement, and this Agreement, and agrees for the benefit of Beneficiary and its successors and assigns, to be bound by, observe and perform, all past (to the extent unsatisfied), present and future liabilities, terms, provisions, covenants and obligations of Borrowers under the Note and the other Loan Documents, as amended by this Agreement, including, without limitation, all covenants and indemnities regarding the Property, all claims and demands asserted by Beneficiary that relate to any condition of the Property, regardless of when such condition first failed to comply with the Loan Documents, as well as the obligation to repay the balance of the Loan. Transferee Borrower agrees that it is bound by all of such terms and provisions, and further agrees to promptly pay all such liabilities and, jointly and severally with Borrowers, to promptly observe and perform all such covenants and obligations, with the same force and effect as if Transferee Borrower had originally executed and delivered the Note. As of the Effective

3

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626 3 0053564-00567

Date, all references to "Borrower," "Borrowers", "Debtor," "Debtors", "Trustor" or "Trustors" in the Loan Documents shall include WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company.

3.     <u>Consent to Transfer and Assumption</u>.  Subject to the conditions contained herein, Beneficiary hereby consents to the Transfer and the Assumption by Transferee Borrower, jointly and severally with the Borrowers, of all of the rights and liabilities of Borrowers in and under the Loan and the Note as set forth in Section 2 above and the other Loan Documents to which any of Borrowers is a party.

4.     <u>Consent to Merger</u>.   Beneficiary hereby consents to the Merger and the assumption by ACDF through the legal effect of the Merger of all rights and liabilities of 104 Partners in and under the Loan and the Note and the other Loan Documents. As of the effective date of the Merger, ACDF did and hereby does assume and agree to pay and perform, jointly and severally with Original Borrowers, all of the obligations evidenced by the Note and the other Loan Documents, as amended by this Agreement, and this Agreement, and agrees for the benefit of Beneficiary and its successors and assigns, to be bound by, observe and perform, all past (to the extent unsatisfied), present and future liabilities, terms, provisions, covenants and obligations of 104 Partners under the Note and the other Loan Documents, as amended by this Agreement, including, without limitation, all covenants and indemnities regarding the Property, all claims and demands asserted by Beneficiary that relate to any condition of the Property, regardless of when such condition first failed to comply with the Loan Documents, as well as the obligation to repay the balance of the Loan. ACDF agrees that it is bound by all of such terms and provisions, and further agrees to promptly pay all such liabilities and, jointly and severally with Borrowers, to promptly observe and perform all such covenants and obligations, with the same force and effect as if ACDF had originally executed and delivered the Note.

5.     <u>Release of Beneficiary</u>.   As part of the consideration for this Agreement, Borrowers hereby each acknowledge that they have no claims against Beneficiary in connection with the Loan or the Transfer and the Assumption and release Beneficiary from, and covenant not to bring any suit against Beneficiary for, any such claim based on any facts existing on and prior to the Effective Date of this Agreement.  Said releasing parties acknowledge that this release extends to known and unknown claims.  Such parties acknowledge and agree that they understand the meaning and the effect of Section 1542 of California Civil Code which provides:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Such parties hereby respectively agree to assume the risk of any and all unknown, unanticipated or misunderstood defenses, claims, causes of action, contracts, liabilities, indebtedness or obligations which are hereby released in favor of the other and each party

4

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

releases and waives all rights and benefits that they might otherwise have had under the aforementioned Section 1542 of the California Civil Code with regard to the release of such unknown, unanticipated or misunderstood claims, causes of action, liabilities, indebtedness and obligations based on any facts existing prior to the Effective Date.

6.      Representations and Warranties.  As of the Effective Date, each of the Borrowers and the Transferee Borrower (collectively, "**Obligors**") hereby represents and warrants to Beneficiary as follows:

(a)      Consequences of Loan Structure.  None of the Obligors is insolvent as of the date of this Agreement.  No Obligor will not become insolvent as a result of the obligations incurred and transfers made in connection with the Transfer and Assumption as provided herein.  No Obligor is, or is about to be, engaged in a business or transaction for which such Transferee Borrower will have an unreasonably small amount of capital after the closing of the Transfer and Assumption.  No Obligor has incurred, nor contemplates incurring, debts beyond such Obligor's ability to pay as such debts become due.

(b)      Authority.  The execution, delivery and performance of this Agreement and any and all other Loan Documents or other documents executed and/or delivered in connection herewith have been authorized by all Obligors.

(c)      No Default.  No default or event of default under the Loan Documents has occurred that remains uncured, and no event has occurred which, with the giving of notice or the passage of time, or both, would constitute a default or an event of default under the Loan Documents.

(d)      Representations and Warranties.  All of the warranties and representations contained in the Loan Documents are true, correct, complete and accurate on the date of this Agreement, except as may be amended or changed due to this Agreement.

(e)      No Foreign Person.  Obligors, and all persons holding directly or indirectly any beneficial interest in Obligors, have complied with all filing and reporting requirements under the International Investment and Trade in Services Survey Act, the Agricultural Foreign Investment Disclosure Act of 1978, the Foreign Investments in Real Property Tax Act of 1980, and the amendments of such Acts or regulations promulgated pursuant to such Acts.

7.      Obligations Secured.  The Deeds of Trust, as amended by this Agreement, shall continue to secure the entire principal and interest of the Note, and the other obligations stated in the Deeds of Trust as so secured.  Transferee Borrower acknowledges that it is acquiring the interest in the Transferred Property subject to the Kern Deed of Trust, as amended by this Agreement, and hereby grants to Beneficiary as additional security for the Loan a security interest in the Proceeds, Crops, Water Rights, Improvements, Intangibles, Minerals, as such terms are defined in the Kern Deed of Trust, and any personal property, and the proceeds thereof,

5

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626 3 0053564-00567

which are or hereafter become located upon, derived from or used in connection with the Transferred Property and all replacements, accessions and additions thereto as described in the Kern Deed of Trust. Said security interest and Beneficiary's rights with respect thereto shall be governed by the terms of the Kern Deed of Trust, as amended by this Agreement, which for such purpose are incorporated herein by this reference, and shall be perfected by the filing by Beneficiary of an amendment to the existing Financing Statement, or at Beneficiary's election, a new financing statement in which Transferee Borrower is identified as a debtor. The Kern Deed of Trust, as amended by this Agreement, constitutes a financing statement filed as a fixture filing under the Uniform Commercial Code and for this purpose Transferee Borrower, along with Borrowers, shall be deemed to be the "Debtor" with an address as set forth in Section 8 hereof. Transferee Borrower is the record owner of the Transferred Property.

8.     Notices.  Notices to Transferee Borrower under the Loan Documents shall be provided at the following address:

> WILLOW AVENUE INVESTMENTS, LLC
> 5260 N Palm Ave, Suite 421, Mail Stop A
> Fresno, CA 93704

9.     Expense Reimbursements.  Transferee Borrower or Borrowers shall reimburse Beneficiary, or shall cause Beneficiary to be reimbursed, upon demand for all title premiums, title search charges, UCC search or filing fees, escrow fees, documentary stamps, intangible taxes, recording fees and other costs, expenses and reasonable attorneys' fees incurred by Beneficiary in connection with this Agreement or the satisfaction of any of the closing conditions (the "**Expense Reimbursements**"), regardless of whether the Transfer or the Assumption contemplated by this Agreement are consummated. If the Transfer and the Assumption of the Loan does not close, all Expense Reimbursements shall be paid to Beneficiary by Transferee Borrower or Borrowers within ten (10) days of Beneficiary's billing of such charges to Transferee Borrower.

10.    No Implied Modifications.  Except as otherwise stated in this Agreement, nothing herein contained shall be considered as modifying, releasing, altering or affecting the Deeds of Trust, the original priority of the Deeds of Trust, or the rights, benefits, duties or obligations of the parties thereto.

11.    Integration.  All rights, remedies, powers and interest provided for Beneficiary herein are in addition to the rights, remedies, powers and interests provided for Beneficiary in the Loan Documents, the terms and provisions of which are incorporated herein by this reference and made a part hereof. If and to the extent that any term or provision hereof is inconsistent with any term or provision of the Loan Documents, the term or provision of this Agreement shall prevail.

6

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

12.     Entire Agreement; Amendments.  This Agreement and the other Loan Documents contain the entire agreement between Borrowers, Transferee Borrower and Beneficiary with respect to the Loan Documents, and all prior negotiations, commitments, understandings and agreements are superseded by this Agreement and the Loan Documents.  No amendment, modification, supplement, extension, termination or waiver of any provision of this Agreement, any Loan Document, or any other agreement executed in connection with any of the foregoing shall be effective unless in writing and signed by Beneficiary.

13.     Governing Law.   This Agreement shall be governed by and construed in accordance with the laws of the State of California.

14.     Counterparts.  This Agreement may be executed in two or more counterparts, all of which shall constitute but one and the same instrument.  The signature pages of exact copies of this Agreement may be attached to one copy to form one complete document.  Each executed counterpart of this Agreement shall be deemed an original and may be recorded in any county in which any portion of the Property is located.

15.     Consent Limited; No Waiver.  Beneficiary's consent in this Agreement is limited to this transaction only, and this Agreement shall not constitute a waiver or modification of any terms, provisions or requirements of the Loan Documents in any respect except as herein specifically set forth or as otherwise expressly agreed to by Beneficiary in writing, including any conditions to or fees which may be imposed for any future transfer or conveyance of the Property or any interest in Borrowers or Transferee Borrower.

*[Remainder of Page Intentionally Left Blank]*

7

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first written above.

**BORROWERS:**

MARICOPA ORCHARDS, LLC,
a California limited liability company

By: _____
Farid Assemi
Its General Manager

By: _____
Farshid Assemi
Its General Manager

By: _____
Darius Assemi
Its General Manager


ASHLAN & HAYES INVESTMENTS, LLC,
a California limited liability company

By: _____
Neema Assemi, Manager

By: _____
Darius Assemi, Manager

Darius Assimi

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

GRANTOR FRESNO CLOVIS INVESTMENTS, LLC,
a California limited liability company

By: _____
Neema Assemi, Sole Trustee of The Farid Assemi
2010 Grantor Trust dated December 30, 2010,
Member

This document is being executed in
counterpart, each of which is deemed to
be an original, but such parts constitute
one and the same.

By: _____
Ashley Whelan, Sole Trustee of The Farshid and
Sonia Assemi 2010 Grantor Trust dated
December 30, 2010, Member

ACDF, LLC,
a California limited liability company

By: _____
Farid Assemi
Its General Manager

By: _____
Farshid Assemi
Its General Manager

By: _____
Darius Assemi
Its General Manager

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

GRANTOR FRESNO CLOVIS INVESTMENTS, LLC,
a California limited liability company

By: _____
     This document is being executed in
     counterpart, each of which is deemed to
     be an original, but such parts constitute
     one and the same.
Neema Assemi, Sole Trustee of The Farid Assemi
2010 Grantor Trust dated December 30, 2010,
Member

By: _____
Ashley Whelan, Sole Trustee of The Farshid and
Sonia Assemi 2010 Grantor Trust dated
December 30, 2010, Member

ACDF, LLC,
a California limited liability company

By: _____
     This document is being executed in
     counterpart, each of which is deemed to
     be an original, but such parts constitute
     one and the same.
Farid Assemi
Its General Manager

By: _____
     This document is being executed in
     counterpart, each of which is deemed to
     be an original, but such parts constitute
     one and the same.
Farshid Assemi
Its General Manager

By: _____
     This document is being executed in
     counterpart, each of which is deemed to
     be an original, but such parts constitute
     one and the same.
Darius Assemi
Its General Manager

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

**TRANSFEREE BORROWER:**

WILLOW AVENUE INVESTMENTS, LLC,
a California limited liability company

By:  _____
      Neema Assemi, Manager

By:  _____
      Darius Assemi, Manager

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

**BENEFICIARY:**

METROPOLITAN LIFE INSURANCE COMPANY,
a New York corporation

By:     MetLife Investment Management, LLC,
        its investment manager


        By: _____
        Name: LEONIDES A. MORENO
        Its: Authorized Signatory and
        Managing Director

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
)
COUNTY OF Fresno )

On November 7 , 2022, before me, Katrina Ingrao ,
Notary Public, personally appeared Farid Assemi ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

KATRINA INGRAO
Notary Public - California
Fresno County
Commission # 2341249
My Comm. Expires Jan 12, 2025

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             )
COUNTY OF Fresno             )

On November 8 , 2022, before me, Katrina Ingrao ,
Notary Public, personally appeared Farshid Assemi ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

KATRINA INGRAO
Notary Public - California
Fresno County
Commission # 2341249
My Comm. Expires Jan 12, 2025

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
)
COUNTY OF _F̲R̲E̲S̲N̲O̲_ )

On December _1_, 2022, before me, L. Leyva, Notary Public, personally appeared _Darius Assemi_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. LEYVA
Notary Public - California
Fresno County
Commission # 2422312
My Comm. Expires Oct 20, 2026

Signature _____    (Seal)

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             )
COUNTY OF Fresno             )

On November 8 , 2022, before me, Katrina Ingrao ,
Notary Public, personally appeared Neema Asseni ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____          **(Seal)**

KATRINA INGRAO
Notary Public - California
Fresno County
Commission # 2341249
My Comm. Expires Jan 12, 2025

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                       )ss.
COUNTY OF _Orange_                     )

On ___11-14-2022___ , 2022, before me, _Nicki R. Walsh_ Notary Public in and for said State, personally appeared **Ashley Whelan**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

NICKI R. WALSH
Notary Public - California
Orange County
Commission # 2326689
My Comm. Expires May 14, 2024

_Nicki R. Walsh_
_____
Notary Public in and for said
County and State   _Orange Cty, California_

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                          )
                                             )ss.
COUNTY OF F̲r̲e̲s̲n̲o̲                            )

On N̲o̲v̲e̲m̲b̲e̲r̲ ̲4̲     , 2022, before me, P̲a̲t̲h̲y̲ ̲M̲.̲ ̲K̲e̲l̲l̲y̲     , a Notary Public in and for said State, personally appeared L̲e̲o̲n̲i̲d̲e̲s̲ ̲A̲.̲ ̲M̲o̲r̲e̲n̲o̲, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

CATHY M. KELLY
Notary Public - California
Fresno County
Commission # 2285788
My Comm. Expires May 17, 2023

_____
Notary Public in and for said
County and State

Signature Page

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

## EXHIBIT A-1

### Legal Description of Kern Property

*(Kern County, California)*

The land referred to is situated in the unincorporated area of the County of Kern, State of California, and is described as follows:

TRACT I:

PARCEL ONE:

The South half of the Northwest quarter and the Southwest quarter of the Northeast quarter of Section 26, Township 32 South, Range 25 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, as per the Official Plat thereof.

APN: 220-130-30-00-9

PARCEL TWO:

The Southeast quarter of the Northeast quarter of Section 26, Township 32 South, Range 25 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, as per the Official Plat thereof.

EXCEPTING THEREFROM 10% of all oil, gas, other hydrocarbon substances and minerals within or underlying said land as by B.P. Oil Corporation, a corporation by Deed recorded November 21, 1973 in Book 4813, Page 1567 of Official Records.

APN: 220-130-05-00-7

TRACT II:

PARCEL ONE:

The Northeast quarter of Section 34, Township 32 South, Range 25 East, Mount Diablo Meridian, according to the Official Plat of said land approved by the Surveyor General, on June 1, 1855.

Exhibit A-1 – Page 1

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

EXCEPTING THEREFROM 1/4 of all oil, gas and minerals rights as reserved in Deed from Pauline F. Crane, Administratrix of the Estate of Abigail Briggs Fowler, deceased, recorded July 3, 1952 in Book 1959, Page 228 of Official Records.

APN: 220-130-24-00-2

PARCEL TWO:

The Northeast quarter of the Southeast quarter of Section 34, Township 32 South, Range 25 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

APN: 220-130-17-00-2

TRACT III:

The East 1/2 of the South 1/2 of Section 26, Township 32 South, Range 25 East, Mount Diablo Base and Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Excepting therefrom all oil, gas, other hydrocarbon substances and minerals of any kind or character, in, on, or thereunder, as reserved in previous Deeds of record.

APN: 220-130-35-00-4

Exhibit A-1 – Page 2

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

## EXHIBIT A-2

### Legal Description of Fresno Property

*(Fresno County, California)*

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

FEE PARCEL 1: (APN: 038-141-59S)

THE WEST 1,344.4 FEET OF THE SOUTHWEST QUARTER OF SECTION 15, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID SECTION 15; THENCE, (1) NORTHERLY, ALONG THE WEST BOUNDARY OF SAID SECTION 15, A DISTANCE OF 50 FEET; THENCE, (2) SOUTH 87° 34' 31" EAST, A DISTANCE OF 535.37 FEET; THENCE, (3) SOUTHEASTERLY ALONG THE ARC OF A TANGENT CURVE, CONCAVE TO THE NORTHEAST (HAVING A 37,950 FOOT RADIUS, A RADIUS POINT WHICH BEARS NORTH 02° 25' 29" EAST AND A CENTRAL ANGLE OF 01° 13' 10") A DISTANCE OF 807.70 FEET; THENCE, (4) SOUTH 88° 47' 41" EAST, PARALLEL WITH AND 30 FEET NORTH OF THE SOUTH BOUNDARY OF THE SAID SOUTHWEST QUARTER, TO A POINT ON THE EAST BOUNDARY OF THE SAID SOUTHWEST QUARTER; THENCE, (5) SOUTHERLY ALONG SAID EAST BOUNDARY, A DISTANCE OF 30 FEET TO THE SOUTH QUARTER CORNER OF SAID SECTION 15; THENCE, (6) NORTH 88° 47' 41" WEST, ALONG SAID SOUTH BOUNDARY OF THE SOUTHWEST QUARTER, A DISTANCE OF 2646.07 FEET TO THE POINT OF BEGINNING.

SAID LEGAL DESCRIPTION IS MADE PURSUANT TO THAT CERTAIN CERTIFICATE OF COMPLIANCE, PLA 05-13(A), RECORDED MAY 11, 2007 AS INSTRUMENT NO. 2007-0093874 OF OFFICIAL RECORDS OF FRESNO COUNTY.

EXCEPTING AND RESERVING, HOWEVER, TO THE UNITED STATES ALL THE COAL AND OTHER MINERALS IN THE LANDS SO ENTERED AND PATENTED, TOGETHER WITH THE RIGHT TO PROSPECT FOR, MINE AND REMOVE THE SAME PURSUANT TO THE PROVISIONS AND LIMITATIONS OF THE ACT OF DECEMBER 29, 1916 (39 STAT. 862).

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

ALSO EXCEPTING THEREFROM ANY AND ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERAL THEREIN AND THEREUNDER AS PREVIOUSLY RESERVED OR GRANTED OF RECORD.

EASEMENT PARCEL 1:

A NON-EXCLUSIVE EASEMENT FOR AN EXISTING PIPELINE TO TRANSPORT IRRIGATION WATER TOGETHER WITH THE RIGHT OF INGRESS AND EGRESS AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST BY INSTRUMENT RECORDED JUNE 15, 2005 AS DOCUMENT NO. 2005-0132006 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PARCELS "A" AND "B".

PARCEL A: (APN: 038-071-46S)

THE WEST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

ALL THAT PORTION OF LOTS 21 TO 29, INCLUSIVE, IN SECTION 10, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE MAP OF PART OF CALIFORNIA LAND INVESTMENT COMPANY'S TRACT NO. 1, RECORDED MAY 8, 1912 IN BOOK 7, PAGE 49 OF RECORD OF SURVEYS, FRESNO COUNTY RECORDS, LYING SOUTHWESTERLY OF THE SAN LUIS CANAL.

EXCEPT THEREFROM THE FOLLOWING DESCRIBED PROPERTY:

BEGINNING AT A POINT IN THE WEST BOUNDARY OF SAID SECTION 10, DISTANT THEREALONG SOUTH 0° 56' WEST 2092.6 FEET FROM THE NORTHWEST CORNER OF SAID SECTION 10; THENCE ALONG SAID WEST BOUNDARY NORTH 0° 56' EAST 644.8 FEET; THENCE LEAVING SAID WEST BOUNDARY SOUTH 57° 36' EAST 35.2 FEET TO A POINT IN THE EAST BOUNDARY OF THAT CERTAIN 30-FOOT WIDE STRIP OF LAND OFFERED FOR PUBLIC DEDICATION ACCORDING TO SAID MAP; THENCE CONTINUING SOUTH 57° 36' EAST 194.8 FEET; THENCE CONTINUING SOUTH 57° 36' EAST 345.5 FEET; THENCE SOUTH 51° 54' EAST 201.0 FEET; THENCE SOUTH 57° 36' EAST 2300.9 FEET TO A POINT IN THE WEST BOUNDARY OF THAT CERTAIN 60-FOOT WIDE STRIP OF LAND OFFERED FOR DEDICATION ACCORDING TO SAID MAP; THENCE CONTINUING SOUTH 57° 36' EAST 70.4 FEET TO A POINT IN THE EAST BOUNDARY OF SAID 60-FOOT WIDE STRIP OF LAND; THENCE CONTINUING SOUTH 57° 36' EAST 93.3 FEET; THENCE SOUTH 67° 05' EAST 143.2 FEET; THENCE SOUTH 74° 07' EAST 141.9 FEET; THENCE SOUTH 79° 37' EAST 2266.6 FEET TO A POINT IN THE WEST BOUNDARY OF THAT CERTAIN 30-FOOT WIDE

Exhibit A-2 – Page 2

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

STRIP OF LAND OFFERED FOR PUBLIC DEDICATION ACCORDING TO SAID MAP; THENCE CONTINUING SOUTH 79° 37' EAST 30.4 FEET TO A POINT IN THE EAST BOUNDARY OF SAID SECTION 10; DISTANT THEREALONG NORTH 0° 55' EAST 1700.5 FEET FROM THE SOUTHEAST CORNER OF SAID SECTION 10; THENCE ALONG SAID EAST BOUNDARY SOUTH 0° 55' WEST 547.5 FEET; THENCE LEAVING SAID EAST BOUNDARY NORTH 79° 37' WEST 30.4 FEET TO A POINT IN THE WEST BOUNDARY OF LAST SAID 30 FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 79° 37' WEST 2356.8 FEET; THENCE NORTH 74° 06' WEST 245.5 FEET; THENCE NORTH 63° 06' WEST 26.0 FEET TO A POINT IN THE EAST BOUNDARY OF AFORESAID 60-FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 63° 06' WEST 66.8 FEET TO A POINT IN THE WEST BOUNDARY OF SAID 60-FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 63° 06' WEST 152.7 FEET; THENCE NORTH 57° 36' WEST 2868.2 FEET TO A POINT IN THE EAST BOUNDARY OF FIRST SAID 30-FOOT WIDE STRIP OF LAND; THENCE CONTINUING NORTH 57° 36' WEST 35.2 FEET TO THE POINT OF BEGINNING.

PARCEL B: (APN: 038-141-01S)

THE WEST 30 FEET OF THE NORTHWEST QUARTER OF SECTION 15, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN.

EASEMENT PARCEL 2: (APN: 038-060-28S)

A NON-EXCLUSIVE EASEMENT FOR WELL SITE AND POWER POLES AND ASSOCIATED POWER LINES, PIPELINES AND OTHER NECESSARY FIXTURES AS GRANTED TO FARID ASSEMI, ET AL, BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144187 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING PROPERTY:

A 50 BY 50 FOOT SQUARE AROUND THE EXISTING IRRIGATION WELL LOCATED IN THE NORTHEAST CORNER OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EASEMENT PARCEL 3: (APN: 038-130-05S)

A NON-EXCLUSIVE EASEMENT FOR WELL SITE AND POWER POLES AND ASSOCIATED POWER LINES, PIPELINES AND OTHER NECESSARY FIXTURES AS GRANTED TO FARID ASSEMI, ET AL, BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144188 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PROPERTY:

Exhibit A-2 – Page 3

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

A 50 BY 50 FOOT SQUARE AROUND THE EXISTING IRRIGATION WELL LOCATED IN THE NORTHEAST CORNER OF THE NORTH HALF OF THE NORTHEAST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EASEMENT PARCEL 6: (APN: 038-060-77S)

A NON-EXCLUSIVE EASEMENT FOR IRRIGATION PIPELINE TOGETHER WITH INGRESS AND EGRESS, AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST, BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144194 OF OFFICIAL RECORDS OVER AND ACROSS THE SOUTH 20 FEET OF THE EAST 20 FEET OF LOTS 5 TO 12, INCLUSIVE, IN SECTION 8, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE MAP OF PART OF CALIFORNIA LAND INVESTMENT CO'S TRACT NO. 1, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 7, PAGE 49 OF RECORDS OF SURVEYS, FRESNO COUNTY RECORDS.

EASEMENT PARCEL 7:

A NON-EXCLUSIVE EASEMENT FOR AN IRRIGATION PIPELINE TOGETHER WITH THE RIGHT OF INGRESS AND EGRESS, AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144195 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PARCELS "A" AND "B":

PARCEL A: (APN: 038-060-28S)

THE EAST 30 FEET OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL B: (APN: 038-130-02)

THE NORTH 30 FEET OF THE EAST 30 FEET OF THE NORTHEAST QUARTER OF SECTION 18, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

Exhibit A-2 – Page 4

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

EASEMENT PARCEL 8:

A NON-EXCLUSIVE EASEMENT FOR AN IRRIGATION PIPELINE WITH THE RIGHT OF INGRESS AND EGRESS AS GRANTED TO R. TODD HENRY AND LINDA J. HENRY, AS TRUSTEES OF THE TODD AND LINDA HENRY REVOCABLE TRUST AND GARY G. ROBINSON AND KAREN E. ROBINSON, AS TRUSTEES OF THE GARY G. ROBINSON AND KAREN E. ROBINSON 2004 TRUST BY INSTRUMENT RECORDED JUNE 29, 2005 AS DOCUMENT NO. 2005-0144196 OF OFFICIAL RECORDS OVER AND ACROSS THE FOLLOWING DESCRIBED PARCELS "A, B, C, D AND E":

PARCEL A: (APN: 038-130-04S)

THE NORTH 30 FEET OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL B: (APN: 038-130-05S)

THE NORTH 30 FEET OF THE NORTH HALF OF THE NORTHEAST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL C: (APN: 038-060-31S)

THE EAST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

BEGINNING AT THE SOUTHEAST CORNER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF; THENCE WEST ALONG THE SOUTH LINE OF SAID SECTION, A DISTANCE OF 96 RODS; THENCE AT RIGHT ANGLES NORTH 53 1/3 RODS; THENCE AT RIGHT ANGLES EAST, 96 RODS TO THE EAST LINE OF SAID SECTION; THENCE SOUTH ALONG SAID EAST LINE TO THE PLACE OF BEGINNING.

PARCEL D: (APN: 038-060-30S)

THE EAST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

Exhibit A-2 – Page 5

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

BEGINNING AT A POINT ON THE EAST LINE OF SAID SECTION 7, DISTANT THEREON 53 1/2 RODS SOUTH OF THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 7; THENCE WEST PARALLEL WITH THE NORTH LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 7, A DISTANCE OF 96 RODS; THENCE SOUTH PARALLEL WITH THE EAST LINE OF SAID SECTION, A DISTANCE OF 53 1/3 RODS; THENCE EAST PARALLEL WITH THE NORTH LINE OF SAID SOUTHEAST QUARTER, A DISTANCE OF 96 RODS TO A POINT ON THE EAST LINE OF SAID SECTION 7; THENCE NORTH ALONG SAID EAST LINE, A DISTANCE OF 53 1/3 RODS TO THE POINT OF BEGINNING.

PARCEL E: (APN: 038-060-29S)

THE EAST 30 FEET OF THE FOLLOWING DESCRIBED PARCEL:

THAT CERTAIN PORTION OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 7, RUNNING THENCE WEST ALONG THE NORTH LINE OF SAID QUARTER SECTION A DISTANCE OF 96 RODS; THENCE AT RIGHT ANGLES SOUTH A DISTANCE OF 53 1/3 RODS; THENCE AT RIGHT ANGLES EAST A DISTANCE OF 96 RODS TO THE EAST LINE OF SAID SECTION; THENCE NORTH LONG SAID EAST LINE OF SAID SECTION TO THE POINT OF BEGINNING.

EASEMENT PARCEL 9: (APN: 038-060-92S)

AN EASEMENT FOR A FILTER STATION SITE AS CREATED UNDER THAT CERTAIN INSTRUMENT RECORDED SEPTEMBER 27, 2010, INSTRUMENT NO. 2010-126979 OF OFFICIAL RECORDS, OVER THE FOLLOWING DESCRIBED PROPERTY:

BEGINNING AT THE SOUTHEAST CORNER OF THE SOUTHEAST QUARTER OF SECTION 9, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF; THENCE WEST PARALLEL TO THE SOUTH BORDER OF SAID SECTION 9 ALONG THE MIDDLE OF THE RIGHT OF WAY OF WEST MOUNTAIN VIEW AVENUE, A DISTANCE OF 11 FEET; THENCE NORTH PARALLEL TO THE EAST BOUNDARY OF THE SOUTHEAST QUARTER OF SAID SECTION 9, A DISTANCE OF 25 AND 1/2 FEET, WHICH IS THE POINT OF BEGINNING; THENCE NORTH PARALLEL WITH SAID EASTERLY LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 9, A DISTANCE OF 54 FEET; THENCE WEST PARALLEL WITH SAID MIDDLE OF RIGHT OF WAY OF WEST MOUNTAIN VIEW AVENUE, A DISTANCE OF 84 FEET; THENCE SOUTH PARALLEL WITH SAID

Exhibit A-2 – Page 6

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

EASTERLY LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 9, A DISTANCE OF 54 FEET; THENCE EAST PARALLEL WITH SAID MIDDLE OF RIGHT OF WAY OF WEST MOUNTAIN VIEW AVENUE, A DISTANCE OF 84 FEET TO THE POINT OF BEGINNING.

Exhibit A-2 – Page 7

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567

## EXHIBIT B

## Legal Description of Transferred Property

### *(Kern County, California)*

That certain real property situated in Kern County, California and more particularly described as follows:

The East 1/2 of the South 1/2 of Section 26, Township 32 South, Range 25 East, Mount Diablo Base and Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Excepting therefrom all oil, gas, other hydrocarbon substances and minerals of any kind or character, in, on, or thereunder, as reserved in previous Deeds of record.

APN: 220-130-35-00-4

Consent to Transfer and Assumption Agreement
Willow Avenue Investments, LLC, et al.
Loan No. 198935
116691626.3 0053564-00567