MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

*Attorneys for Plaintiff METROPOLITAN LIFE INSURANCE COMPANY*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,

Plaintiff,

v.

ACDF, LLC, a California limited liability company, as successor by merger to 104 PARTNERS, LLC; WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company; ASHLAN & HAYES INVESTMENTS, LLC, a California limited liability company; GRANTOR FRESNO CLOVIS INVESTMENTS, LLC, a California limited liability company; MARICOPA ORCHARDS, LLC, a California limited liability company; FARID ASSEMI, an individual; FARSHID ASSEMI, an individual; DARIUS ASSEMI, an individual; and DOES 1 through 100, inclusive,

Defendants.

Case No. 1:24-cv-01261-KES-SAB

**DECLARATION OF JEREMY RASMUSSEN IN SUPPORT OF *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION**

Date:
Time:
Dept.:

Action Filed: October 16, 2024
Trial Date: Not Set

-1-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

DECLARATION OF JEREMY RASMUSSEN

I, Jeremy Rasmussen, under penalty of perjury, make the following declaration in support of Plaintiff Metropolitan Life Insurance Company, a New York corporation's ("Plaintiff or "MetLife" or "Lender") motion for an order for appointment of receiver in this case, and declare as follows:

1. I am a Director of the Agricultural Strategies Group with MetLife Investment Management, LLC's ("MIM") agricultural finance team. MIM is the investment manager for MetLife. MetLife is a plaintiff in the above-captioned case.

2. I have personal knowledge of the matters set forth in this declaration, either through firsthand experience or from my personal review of MetLife's records over which I am a custodian. Those records were kept and made in the ordinary course of MetLife's business at or near the time of the act or occurrence described therein by someone with knowledge thereof including, without limitation, those documents accompanying Plaintiff's Complaint for (1) Breach of Loan Agreement; (2) Breach of Guaranty; (3) Judicial Foreclosure Under Security Agreement; (4) Judicial Foreclosure Under Deeds of Trust; (5) Specific Performance and Appointment of Receiver; (6) Injunctive Relief; and (7) Replevin (the "Complaint") as Exhibits 1-14. I make this declaration based on such personal knowledge. If called upon as a witness in this case, I could and would testify competently to the truth thereof.

3. I have personal knowledge of, among other things, the Plaintiff, the Borrowers, the Loans, the Loan Documents, and the Property (as those terms are described in the Complaint), as well as the facts and circumstances surrounding the same, including but not limited to the facts and circumstances which give rise to the Complaint herein.

4. Borrowers own and operate pistachio and almond farming operations spanning multiple counties in and around Central California. MetLife is one of a handful of financial institutions that have provided funding to the Borrowers and taken security interests in and to

-2-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

Borrowers' assets, including but not limited to those assets described herein which form the basis of MetLife's collateral.

## I. THE LOAN AND LOAN DOCUMENTS, AND THE COLLATERAL PROVIDED BY BORROWERS TO LENDER

5. On or about August 18, 2017, MetLife made a loan to Ashlan & Hayes Investments, LLC, a California limited liability company ("Ashlan"), Grantor Fresno Clovis Investments, LLC, a California limited liability company ("Grantor Fresno") and Maricopa Orchards, LLC, a California limited liability company (Maricopa, together with Ashlan and Grantor Fresno, collectively, "Original Borrowers"), in the original principal amount of Seven Million Three Hundred Twenty Six Thousand and 00/100 Dollars ($7,326,000.00) ("Loan"), pursuant to that certain Loan Agreement dated as of August 18, 2017 ("Loan Agreement"), by and among Original Borrowers, MetLife and Farid Assemi, Farshid Assemi and Darius Assemi, as guarantors (collectively, "Guarantors").  (Dkt. 1-1.)

6. The Loan is evidenced by that certain Promissory Note (the "Note") payable to the order of MetLife, in the original principal sum of Seven Million Three Hundred Twenty-Six Thousand and 00/100 Dollars ($7,326,000.00) (Dkt. 1-2) as amended by that certain First Amendment to Promissory Note dated July 5, 2018 ("First Amendment to Note") (Dkt. 1-3).

7. The Loan is secured by, *inter alia*:

(a) That certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated August 18, 2017, and recorded on August 18, 2017, with the Kern County Official Records as Doc No. 217110039 ("the Kern Deed of Trust"), in favor of MetLife, as beneficiary, under which Original Borrowers, as trustors, conveyed to Leon A. Moreno, as trustee, real property situated in the County of Kern, State of California, and described on Kern Deed of Trust, Exhibit "A" and all appurtenances, fixtures, permanent plantings, rights and benefits thereto, as described in the Kern Deed of Trust, including Water Rights described on Kern Deed of Trust, Exhibit "A-1" and all water rights, water agreements and related water delivery contracts,

-3-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

easements, offsite wells, permits, and licenses (the "2017 Real Property"). (Dkt. 1-4.) The Kern Deed of Trust was affected by (i) that certain Partial Reconveyance (Without Satisfaction) dated as of May 21, 2019 and recorded on May 23, 2019, with the Kern County Official Records as Doc No. 219059814 (the "May 2019 Partial Reconveyance"); (ii) that certain Partial Reconveyance (Without Satisfaction) dated as of July 30, 2019 and recorded on August 1, 2019, with the Kern County Official Records as Doc No. 219093365 (the "August 2019 Partial Reconveyance"), all releasing certain parcels from the lien of the Kern Deed of Trust, but maintaining the lien and security interest on the balance of the 2017 Real Property described in the Kern Deed of Trust (the 2017 Real Property as amended, the "Kern Property"), with Original Borrowers being the owners or lessees of separate portions of the Kern Property. (Dkt. 1-5.).

(b) That certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated August 1, 2019, and recorded on August 1, 2019, in the Fresno County Recorder's Office as Doc No. 2019-0085655 ("Fresno Deed of Trust" collectively with the Kern Deed of Trust, "Deeds of Trust"), in favor of MetLife, as beneficiary, under which 104 Partners, LLC, a California limited liability company ("Additional Borrower") and Rachel Marie White, as trustors, granted to Leon A. Moreno, as trustee, real property situated in the County of Fresno, State of California, and described on the Fresno Deed of Trust, Exhibit "A" and all appurtenances, fixtures, permanent plantings, rights and benefits thereto, as described in the Deeds of Trust, including Water Rights described on Fresno Deed of Trust, Exhibit "A-1" and all water rights, water agreements and related water delivery contracts, easements, offsite wells, permits, and licenses (the "Fresno Real Property", together with the Kern Real Property, as amended from time to time, the "Real Property"). (Dkt. 1-6.)

(c) The Fresno Deed of Trust was executed in connection with that certain Collateral Substitution and Loan Assumption Agreement by and between Original Borrowers, Additional Borrower, Guarantors and MetLife, dated August 1, 2019 (the "Collateral Substitution"), pursuant to which MetLife consented to the exchange of certain collateral

-4-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

encumbered by the Kern Deed of Trust for the Fresno Real Property, and assumption of the loan by Additional Borrower 104 Partners, LLC, jointly and severally with the Original Borrowers. (Dkt. 1-7.)

(d) The Deeds of Trust were affected by that certain Consent to Transfer and Assumption Agreement dated and recorded August 17, 2021, in the Fresno County Recorder's Office as Doc No. 2021-0133790 (collectively, the "2021 Consent"), pursuant to which Rachel Marie White, as a non-borrower trustor, was released from her obligations and with no further liability under the Deeds of Trust or Loan, in connect with her transfer of interest in the Kern Real Property to 104 Partners, LLC, a California limited liability company. Pursuant to the 2021 Consent, 104 Partners, LLC agreed to perform, jointly and severally with the Original Borrowers, all obligations under the Deeds of Trust and Loan. Thereafter, 104 Partners, LLC merged into ACDF, LLC. (Dkt. 1-8.)

(e) The Deeds of Trust were further affected by that certain Consent to Transfer and Assumption Agreement by and among Original Borrowers, ACDF, LLC, a California limited liability company (successor in interest by merger to 104 Partners, LLC), and Willow Avenue Investments, LLC, a California limited liability company (collectively, the "Additional Borrowers"), dated and recorded December 7, 2022, in the Kern County Official Records as Doc No. 222180923, and in the Fresno County Recorder's Office as Doc No. 2022-0146224 (collectively, the "2022 Consent"), pursuant to which Additional Borrowers assumed all obligations evidenced by the Note and all documents evidencing the Loan from Original Borrowers. (Dkt. 1-9.)

8. In connection with the Loan, Original Borrowers, Additional Borrowers, Transferee Borrower (collectively, the "Borrowers") and Guarantors entered into certain Environmental Indemnity Agreements dated as of August 18, 2017 and August 1, 2019 related to the Kern Real Property and Fresno Real Property, respectively, (the "Environmental Indemnities"), pursuant to

-5-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

which Borrowers and Guarantors have agreed to indemnify MetLife from environmental claims and violations of environmental laws, as more specifically described therein. (Dkt. 1-10.)

9. The Deeds of Trust and the Loan Agreement further provide that the Loan is secured by "Water Rights" as that term is defined in the Deeds of Trust, including without limitation, those rights of Defendants under all agreements, service contracts and other entitlements to water including without limitation the Water Agreements in each respective Exhibit "A-1" of the Deeds of Trust and all water rights, water agreements and related water delivery contracts, easements, offsite wells, permits, and licenses. (Loan Agreement, § 2.4 (Dkt. 1-1), Deeds of Trust, Granting Clause E (Dkt. 1-4, 1-6.))

10. In connection with the Loan, each Guarantor has entered into a Loan Guaranty Agreement dated as of August 18, 2017 (collectively, the "Guaranty"), pursuant to which Guarantors have personally, jointly and severally, guaranteed the Loan. (Dkt. 1-11.)

11. The Real Property is irrigated agricultural land consisting of approximately 598.70 acres of irrigated agricultural products and permanent plantings including but not limited to cherries and pistachios and includes without limitation the rights and benefits under the Water Rights described on Exhibit "A-1" of the Deeds of Trust and related fixtures, equipment, trees and other appurtenances, permanent plantings and all water rights, water agreements and related water delivery contracts, easements, offsite wells, permits, and licenses.

12. The Deeds of Trust secured the Loan in favor of MetLife encumbering the Real Property and further includes as additional collateral an absolute assignment of Borrowers' right, title, and interest in all present and future income, issues, profits, and revenues of the Real Property, Crops from the Real Property, leases relating to and arising from the Real Property, and Proceeds from the Real Property (as those terms are defined therein), and all benefits to be derived therefrom. (Deeds of Trust, Granting Clause C, § 11.5(a) (Dkt. 1-4, 1-6).)

13. The Deeds of Trust constitute a security agreement ("Security Agreement") with respect to the Proceeds, Crops, Water Rights, Improvements, Intangibles, Proceeds, and any other

-6-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

personal property including the description of the Property (as all those terms are defined therein), and Real Property granted to Plaintiff a security interest therein, and provides that:

> **11.1 Security Agreement**. This instrument shall constitute a security agreement with respect to the Proceeds, Crops, Water Rights, Improvements, Intangibles, Proceeds and Minerals and any other personal property included in the description of the Property, and Trustor hereby grants to Beneficiary a security interest therein.
>
> **11.2 Security Interest**. Trustor authorizes Beneficiary to file in any relevant jurisdiction any initial financing statements (including fixture filings) and amendments thereto necessary to perfect and continue Beneficiary's security interest in the Property. Upon request by Beneficiary, Trustor shall take whatever other action is reasonably requested by Beneficiary to perfect and continue Beneficiary's security interest in the Property. Trustor hereby appoints Beneficiary as Trustor's attorney-in-fact for the purpose of executing or filing any documents necessary to perfect or continue the security interest granted therein. Trustor will reimburse Beneficiary for all expenses incurred in perfecting or continuing this security interest.

14. The Security Agreement under the Kern Deed of Trust was further perfected by MetLife's filing of UCC-1 Financing Statement with the California Secretary of State on August 18, 2017, at Filing No. 177601754694 (the "Kern Deed of Trust UCC Filing"). The Security Agreement under the Fresno Deed of Trust was further perfected by MetLife's filing of UCC-1 Financing Statement with the California Secretary of State on August 5, 2019, at Filing No. 19-7726980110 (the "Fresno Deed of Trust UCC Filing," together with the Kern Deed of Trust UCC Filing, the "UCC Filings"). The Kern Deed of Trust UCC Filing was "continued" through the official filing of a UCC Financing Statement Amendment on July 22, 2022, at Filing No. U220212597526. Transferee Borrower Willow Avenue Investments, LLC was added as a debtor through the filing of a UCC Financing Statement – Amendment of the Kern Deed of Trust UCC Filing, filed December 8, 2022. Debtor Rachel Marie White was removed and Debtor 104 Partners, LLC was changed to ACDF, LLC in UCC Financing Statement – Amendments of the Fresno Deed of Trust UCC Filing, filed December 8, 2022. Certain Collateral was deleted from the Kern County

-7-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

Deed of Trust through the filing of a UCC Financing Statement – Amendment, filed December 12, 2022. The Security Agreement as perfected by the UCC Filings grants to and perfects in Lender a security interest in and to all of Borrowers' right, title and interest in personal property not limited to: all equipment, goods, and accounts, whether attached or appurtenant to the Real Property; all crops (including without limitation harvested crops, farm products, and seed and the products and proceeds thereof) along with all present and future income, rents, issues, profits and revenues of the crops now or hereafter growing on the Real Property; all rights to the use and enjoyment of water, whether or not appurtenant to the Real Property, and all improvements for water delivery and storage, and easements and permits associated with the same, as further described in the UCC Filings. (Dkt. 1-12.)

15. The Loan, Deeds of Trust, Environmental Indemnities, Guaranty, and any other agreements or documents related thereto, are collectively referred to as the Loan Documents.

16. Lender has provided all notices to enforce its right, title and interest in all collateral under the Security Agreement and has a priority security interest therein.

## II. DEFAULT ON THE LOAN AND RELATED LAWSUITS INVOLVING UNPAID LOANS BY THE GUARANTOR DEFENDANTS AND THEIR AFFILIATED FARMING OPERATIONS

17. On September 4, 2024, Plaintiff provided to Defendants a Notice of Default and Demand for Payment for the approximate total due of $285,832.72. (Dkt. 1-13.) Defendants were further informed that if payment was not received by September 10, 2024, Plaintiff would initiate a demand and acceleration of the Loan. (Dkt. 1-13.)

18. The past due amount was not paid by September 10, 2024, and on September 18, 2024, Plaintiff sent to Defendants a Notice of Default and Acceleration of Debt. (Dkt. 1-14.)

19. The Guarantor Defendants, through the affiliated companies they own, have substantial farm holdings including thousands of acres of pistachio and almond orchards that they have been farming for decades. The Guarantor Defendants and their farming entities have experienced extreme financial difficulties and the inability to repay their loans from Plaintiff on

-8-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

five defaulted loan agreements in an amount of over $30,000,000, resulting in the filing of this action and other judicial foreclosure proceedings in this Court.

20. The Guarantor Defendants and their affiliated companies' financial distress and defaults to their lenders is also not limited to Plaintiff alone. The following cases filed in the Court involve the Guarantor Defendants and include claims alleging over $770 million in defaulted loan obligations and are possibly related to the instant action pursuant to Local Rule 123:

- The Prudential Insurance Company of America, et al. v. ACDF, LLC, et al., Case No. 1:24-cv-01102-KES-SAB, filed September 16, 2024; and
- U.S. Bank Nation Association v. Touchstone Pistachio Company, LLC, et al., Case No. 1:24-cv-01105-JLT-SKO, filed September 17, 2024.[1]

## III. WITHOUT THE APPOINTMENT OF A RECEIVER TO MANAGE THE PROPERTY AND ALLOW METLIFE TO PROVIDE ADDITIONAL FUNDING, THERE IS IMMINENT DANGER TO THE PROPERTY

21. Under the Loan Documents encumbering the Real Property, an absolute assignment of Borrowers' right, title, and interest in all present and future income, issues, profits, and revenues of the Real Property, Crops from the Real Property, leases relating to and arising from the Real Property, and Proceeds from the Real Property (as those terms are defined therein), and all benefits to be derived therefrom all constitute as collateral. (Deeds of Trust, Granting Clause C, § 11.5(a) (Dkt. 1-4, 1-6).)

22. The Deeds of Trust constitute a security agreement ("Security Agreement") with respect to the Proceeds, Crops, Water Rights, Improvements, Intangibles, Proceeds, and any other personal property including the description of the Property (as all those terms are defined therein), and Real Property granted to Plaintiff a security interest therein.

23. Borrowers and/or their affiliated companies' efforts to secure long-term financing to meet their outstanding obligations to MetLife and other lenders, and to support their agricultural

[1] On September 23, 2024, the Hon. Kirk E. Sherriff in the Prudential matter found that the two cases were related. (Dkt. 37.)

-9-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

operations have fallen short, and Borrowers and/or their affiliated companies are already subject to two receiverships, one in the process of being continued and expanded from its original scope. (See Request for Judicial Notice ("RJN") filed herewith.)

24. Borrowers and/or their affiliated farming entities have stipulated and agreed to the appointment of a receiver in the two related actions involving real property collateral in their integrated farming operations and acknowledged that "Borrowers face significant cash flow issues and will not have sufficient case to maintain, preserve, and care for the Property, including but not limited to trees and crops" and that "[s]uch actions would cause damage to the Property, including causing the trees (which make up a significant value of the Property) to be damaged or die." (RJN, Ex. 1 at 4:1-4.)

25. MetLife is informed and believes, based on discussions with employees at Agriglobe who recently conducted inspections of the Property and interviews with Borrowers' farm managers, that there has been deferred cultural maintenance of the biological assets on the Property and the following needs to occur or the biological assets on the Property will be damaged or destroyed: post-harvest irrigation; post-harvest fertility; post-harvest soil amendments; winter sanitation (removal of any crop remaining on the trees); dormant insecticide spray applications; vertebrate control; pruning; and general repairs and maintenance to the irrigation system and other infrastructure.

26. As a result of the foregoing, there is manifest danger of loss, deterioration, and diminution of the Property, which, along with the revenue generated by its operations, is the primary source for repayment of the Loans, and Plaintiff, as an interested and secured party, is threatened with material losses and injuries for which it has no adequate remedy at law against Borrowers.

27. Under California law and as provided in the Loan Documents, Plaintiff has the right to the appointment of a receiver. Plaintiff is contractually and equitably entitled to the immediate

-10-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

appointment of a receiver to take possession of and hold, subject to the discretion of this Court, the Property, its revenue and all of the other collateral that Borrowers pledged as security for the Loans.

28. Plaintiff intends to provide additional funding to the appointed receiver to allow it to maintain and manage the Property, including the trees and plants located. Given the above, the immediate appointment of a receiver over the Property securing the Loans is necessary to protect, preserve, and safeguard such property. As such, Plaintiff requests that Phil Christensen of Agriglobe LLC (the "Proposed Receiver"), be appointed as the receiver. Proposed Receiver is qualified and willing to serve as a receiver to protect, preserve, conserve, manage, and safeguard the Property and the Collateral, collect any and all rents, sell the Real Property and the Collateral following adequate notice to Defendants, and perform all other acts consistent with the terms of the order entered by the Court.

## IV.  OUTSTANDING LOAN BALANCE AND RESERVATION OF RIGHTS

29. As of the filing of the Complaint, the amounts that remain due and owing by Defendant to MetLife under the Loan Documents, including but not limited to all principal outstanding, interest, late charges, attorneys' fees, financial advisor fees, expenses, and advances, are in excess of $5,775,298.42.

30. Plaintiff is also entitled to recover all costs of this action, including reasonable attorneys' fees under the Loan Documents.

31. Plaintiff is also entitled to recover all sums that Plaintiff has expended and hereafter expends to protect its interests under the Loan Agreement, Deeds of Trust, and any other loan document.

32. Plaintiff is also entitled to recover prejudgment and post-judgment interest.

33. Plaintiff reserves all of its rights and remedies available under the Loan Documents.

34. Given these facts, Plaintiff seeks the immediate appointment of a receiver to protect, preserve, and safeguard its interests in the Property, to avoid further diminution of value resulting

-11-
DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653

from mismanagement by existing management, and to allow a capable, qualified receiver to manage and liquidate the Property before further deterioration occurs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 22nd day of October, 2024, at Overland Park, KS.

Jeremy Rasmussen
MetLife Investment Management, LLC,
Investment manager for
Metropolitan Life Insurance Company

-12-

DECLARATION OF JEREMY RASMUSSEN ISO *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION - Case No. 1:24-cv-01261-KES-SAB

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

126467124.2 0053564-00653