MCDERMOTT WILL & EMERY LLP
ROBERT BARTON (SBN 269455)
rbarton@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, California  90067-3206
(310) 277-4110

MICHAEL S. NADEL (*pro hac vice* pending)
mnadel@mwe.com
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Defendants ACDF, LLC,
Willow Avenue Investments, LLC,
and Maricopa Orchards, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>    v.<br><br>ACDF, LLC, et al.,<br><br>             Defendants. | No. 1:24-cv-01261<br><br>**MARICOPA'S RESPONSE TO MET LIFE'S MOTION FOR AN ORDER APPOINTING A RECEIVER AND A PRELIMINARY INJUNCTION** |

Defendants ACDF, LLC, Willow Avenue Investments, LLC, and Maricopa

Orchards, LLC (collectively, "Maricopa") respectfully respond to the motion by Plaintiff

Metropolitan Life Insurance Company ("Met Life") for an order appointing a receiver and a

preliminary injunction.

Maricopa does not oppose the appointment of a receiver.  However, certain aspects

of Met Life's proposed order are not feasible under the facts here, including because the

Maricopa entities own collateral subject to Met Life's liens—but they also hold collateral

subject to other lenders' liens.  Met Life's proposed order does not sufficiently address this issue.

Maricopa has proposed changes that would render the proposed order acceptable. Maricopa's proposed changes are attached hereto as Exhibits 1 (a clean version) and Exhibit 2 (a redline version), and Maricopa will transmit its proposal to Chambers in Word form.  Maricopa has been working to reach agreement with counsel for Met Life on an agreed order and is cautiously optimistic that agreement will be reached by the scheduled October 30, 2024 hearing.

As the Court is aware, this matter is but one of ten (and counting) related cases. While Maricopa does not oppose the appointment of a receiver in this matter, doing so in isolation will not address the larger issues that underlie all of the related actions before the Court.  Maricopa Orchards, LLC and its affiliated farming entities employ more than fifty people in the operation of an integrated business involving hundreds of parcels of land supported by multiple sources of water.  The operations, finances, and employees of Maricopa are interdependent.  They cannot be effectively divided up based on different lenders' collateral without impairing the collateral, destroying the operation, and threatening the employees' livelihood.  That is why is it imperative that all interested parties reach a global agreement regarding future operations and funding.  If the employees disburse because of instability of employment, all stakeholders will suffer—not least the employees themselves.

To avoid that outcome, Maricopa respectfully requests that the Court order all lenders and borrowers to participate in a mediation of this and related matters before a Magistrate Judge, conducted under L.R. 271.  The involvement of a Magistrate Judge, and associated deadlines and expectations, might cause all parties to bring the necessary focus and alacrity that will be necessary and has, so far, been lacking.

RESPONSE TO MOTION FOR RECEIVER

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

By: /s/ *Robert C. Barton*
Robert C. Barton
Attorneys for ACDF, LLC,
Willow Avenue Investments, LLC,
and Maricopa Orchards, LLC

RESPONSE TO MOTION FOR RECEIVER

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

By:  /s/ *Robert Barton*
Robert Barton