MARY H. HAAS (State Bar No. 149770)
   maryhaas@dwt.com
JOHN D. FREED (State Bar No. 261518)
   jakefreed@dwt.com
MATTHEW E. LADEW (State Bar No. 318215)
   mattladew@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

JOSEPH M. VANLEUVEN (*admitted pro hac vice*)
   joevanleuven@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 778-5325
Fax: (503) 701-0023

Attorneys for Proposed Intervenor
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>ACDF, LLC, a California limited liability company, as successor by merger to 104 PARTNERS, LLC; WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company; ASHLAN & HAYES INVESTMENTS, LLC, a California limited liability company; GRANTOR FRESNO CLOVIS INVESTMENTS, LLC, a California limited liability company; MARICOPA ORCHARDS, LLC, a California limited liability company; FARID ASSEMI, an individual; FARSHID ASSEMI, an individual; DARIUS ASSEMI, an individual; and DOES 1 through 100, inclusive,<br>            Defendants. | Case No. 1:24-cv-01261-KES-SAB<br><br>**PROPOSED INTERVENOR U.S. BANK NATIONAL ASSOCIATION'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR RECEIVER** |

U.S. Bank National Association ("U.S. Bank") makes a precautionary objection to Plaintiffs' *Ex Parte Motion for Appointment of a Receiver* (Doc. 11 and hereafter, the "**Motion**") as follows.

1. On October 24, 2024, counsel for Plaintiff Metropolitan Life Insurance Company ("Plaintiff") served its Motion and supporting papers on U.S. Bank's counsel via email.

2. Since receiving notice of the Motion, counsel for U.S. Bank has worked diligently with Plaintiff's counsel to address U.S. Bank's concerns with the relief the Motion requests.  As of October 27, 2024, it appeared the parties had an agreement in principle on a proposed form of order granting Plaintiff's motion addressed U.S. Bank's concerns.  However, as of the filing of this Opposition, Plaintiff has not confirmed final agreement.

3. U.S. Bank files this Opposition to preserve its rights to object to Plaintiff's Motion at the October 30, 2024, Hearing, and to protect its interests in the property subject to the Motion.

4. U.S. Bank contends it has the senior-priority security interest in the Farming Defendants' crops and proceeds thereof.   Plaintiffs may dispute U.S. Bank's priority.  The proceeds from the crops have not been fully collected yet.

5. U.S. Bank does not oppose appointment of a receiver over Plaintiffs' collateral, as long as the Order preserves U.S. Bank's security interests in all crops and crop proceeds collected by the receiver.

6. Any Order should require the receiver appointed over ACDF, LLC to collect all of the proceeds from the 2023-2024 crops and hold those proceeds in a segregated account to permit the interested parties, including Plaintiffs and U.S. Bank, to resolve disputes concerning the priority of the respective parties' interests therein.  In particular,  U.S. Bank requests that the Order include a Section like the following:

"***MetLife Receiver Collection and Distribution of Corp Proceeds***

*This Section governs the collection and disbursement of proceeds arising from crops grown in 2023 and 2024 on the MetLife Receivership Property.  To the extent of any inconsistency between the provisions of this Section and the balance of this Order, this Section shall prevail.*

*The MetLife Receiver is authorized and directed to collect the proceeds from Defendants' 2023 and 2024 Crops grown on the MetLife Receivership Property (collectively, the "Proceeds"), and to disburse such Proceeds as permitted under this Order.*

*The Defendants are hereby ordered to promptly pay-over to the MetLife Receiver any and all such Proceeds paid to or otherwise received by them. In the event that the Defendants collect any Proceeds, from whatever source, they shall pay such Proceeds to the MetLife Receiver, who shall thereafter hold and disburse them in accordance with this Order.*

*The MetLife Receiver shall collect and hold the Proceeds in a segregated account, to be disbursed by the Receiver in only upon further order of the Court. Prior to disbursement, the existing security interests of Plaintiff, U.S. Bank, and any other secured creditor shall attach to such Proceeds with the same validity, extent, and priority as they had on the 2023 and 2024 Crops and related accounts receivable and the products and proceeds thereof prior to the appointment of the MetLife Receiver. The MetLife Receiver shall have no right to surcharge the Proceeds and any MetLife Receiver's Certificate issued hereunder shall be junior in priority to the security interest of U.S. Bank and any other secured creditors in the Proceeds.*

*The MetLife Receiver shall keep and maintain records allowing him to determine the amounts and sources of all Proceeds he collects or otherwise receives, and shall provide a monthly written report, with such backup as is reasonably requested, to each of Plaintiff, U.S. Bank and any other party in interest requesting such report, detailing:*

    a.   *the total Proceeds collected during the reporting period; and*

    b.   *the sources of Proceeds, including the property on which the subject crops were grown and the year in which the subject crops were harvested."*

DATED  October 28, 2024

DAVIS WRIGHT TREMAINE LLP
Mary H. Haas
Joseph M. VanLeuven
John D. Freed
Matthew E. Ladew

By: /s/ *John D. Freed*
Attorneys for Proposed Intervenor
U.S. BANK, National Association