MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

*Attorneys for Plaintiff METROPOLITAN LIFE INSURANCE COMPANY*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACDF, LLC, a California limited liability company, as successor by merger to 104 PARTNERS, LLC; WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company; ASHLAN & HAYES INVESTMENTS, LLC, a California limited liability company; GRANTOR FRESNO CLOVIS INVESTMENTS, LLC, a California limited liability company; MARICOPA ORCHARDS, LLC, a California limited liability company; FARID ASSEMI, an individual; FARSHID ASSEMI, an individual; DARIUS ASSEMI, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:24-cv-01261-KES-SAB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF *EX PARTE* MOTION FOR AN ORDER APPOINTING A RECEIVER AND FOR PRELIMINARY INJUNCTION**<br><br>**[DKTS. 11, 12]**<br><br>Date: October 30, 2024<br>Time: 10:30 a.m.<br>Dept.: Courtroom 6, 7th Floor<br><br>Action Filed: October 16, 2024<br>Trial Date: Not Set |

**REPLY IN SUPPORT OF *EX PARTE* MOTION FOR APPOINTMENT OF RECEIVER AND FOR PRELIMINARY INJUNCTION**

Plaintiff METROPOLITAN LIFE INSURANCE COMPANY ("Plaintiff" or "MetLife"), by and through its counsel, in support of its *Ex Parte Motion for Appointment of Receiver and for Preliminary Injunction* (the "Motion"), states as follows:

## I.   INTRODUCTION

Notably, the represented Borrower-Owners' ACDF, LLC, Maricopa Orchards, LLC, and Willow Avenue Investments, LLC (the "Represented Borrower-Owners") Response "does [sic] not oppose the appointment of a receiver." (Dkt. 21, at 1:23.) Represented Borrower-Owners' raise proposed edits to MetLife's Proposed Order (Dkt. 11-4) related to the MetLife Receiver's,[1] including the MetLife Receiver's access to financial information. Many or all of the proposed edits seek to delete language from the Proposed Order.

But it appears that one or more Borrower-Owners are already bound by some or all of the language that they want deleted here. For example, present MetLife Proposed Order paragraph 7a (that Borrower-Owners wish to delete) is in paragraph 3a. of the U.S. Bank Receivership Order that Borrower-Owner Willow Avenue Investments, Inc. is already bound to. The same is true of language in present Proposed Order paragraph 9 and U.S Bank's existing Order, paragraph 5. Other parties may acquire similar orders and language vis-à-vis one or more Borrower-Owners.[2]

Moreover, such information and broad powers are required for the MetLife Receiver, or any receiver, to carry out their duties to manage, operate, and protect the collateral. Represented Borrower-Owners have not, and cannot, show any right to complete financial privacy in the context of a receivership. Moreover, Represented Borrower-Owners are subject to at least one other receivership where a receiver will have access to such necessary financial information, which could also be shared with the MetLife Receiver without additional burden to the Represented Borrower-

---

[1] As defined in MetLife's [Proposed] Order. (Dkt. 11-4.)

[2] *See Prudential Insurance Company of America v. ACDF, LLC, et al.*, 1:24-cv-01102-KES-SAB.

Owners. Plaintiff continues to meet and confer with counsel for Represented Borrower-Owners regarding the MetLife Proposed Order.

## II. PROCEDURAL BACKGROUND AND SERVICE UPDATE

On October 16, 2024, Plaintiff filed its Complaint[3] for (1) Breach of Loan Agreement; (2) Breach of Guaranty; (3) Judicial Foreclosure; (4) Specific Performance and Appointment of Receiver; (5) Injunctive Relief; and (6) Replevin.

On October 22, 2024, Plaintiff filed its *Ex Parte* Application for Motion for Order to Appoint Receiver and for Preliminary Injunction (the "Motion"), along with a [Proposed] Order Granting Appointment of Receiver and for Preliminary Injunction (the "MetLife Proposed Order") (Dkt. 11-4). On October 23, 2024, the Court entered a Minute Order (Dkt. 14) setting certain deadlines and a hearing on the Motion for October 30 at 1:30 pm PDT (the "Hearing").

The Minute Order (Dkt. 14) also ordered Plaintiff to serve all defendants in this case, as well as counsel for potentially interested parties in related cases, *Prudential Insurance Company of America v. ACDF, LLC, et al.*, 1:24-cv-01102-KES-SAB ("Prudential Litigation"), and *U.S. Bank National Association v. Touchstone Pistachio Company, LLC*, 1:24-cv-01105-KES-SAB ("U.S. Bank Litigation").

(a) As to the Prudential Litigation and U.S. Bank Litigation, Plaintiff filed Notices on October 24, 2024 in the respective dockets (Dkt. 74 and Dkt. 43, respectively.)

(b) Represented Borrower-Owners ACDF, LLC, Maricopa Orchards, LLC, and Willow Avenue Investments, LLC (the "Represented Borrower-Owners") received the Minute Order via ECF.

(c) On October 25, 2024, Ashlan & Hayes Investments, LLC was personally served with the Minute Order, as well as with Plaintiff's Complaint and all papers filed with its Motion. (Dkt. 22).

---

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Complaint (Dkt. 1).

(d) On October 25, 2024, Grantor Fresno Clovis Investments, LLC was personally served with the Minute Order, as well as with Plaintiff's Complaint and all papers filed with its Motion. (Dkt. 24).

(e) As of the filing of this Notice, one of the Guarantor Defendants, Darius Assemi, has been personally served with Plaintiff's Complaint and all papers filed with its Motion (Dkt. 23), and Plaintiff is continuing its attempts to personally serve Farid Assemi and Farshid Assemi.

Plaintiff respectfully maintains that continuing service attempts on Guarantor Defendants Farid and Farshid Assemi should not prevent the hearing on Plaintiff's Motion from proceeding on October 30, 2024. Guarantors are subject to money judgment on their Guarantees and are not owners of record of the property covered by the proposed receivership and are not named in the Motion or the MetLife Proposed Order.

On October 28, 2024, Represented Borrower-Owners filed a "Response to Met Life's Motion for an Order Appointing a Receiver and a Preliminary Injunction" (the "Response") (Dkt. 21).

### III.     FACTUAL BACKGROUND

Pursuant to the Motion, Plaintiff sought the appointment of the MetLife Receiver over the MetLife Receivership Property[4]. As security for the obligations under MetLife's Loan Documents, the Borrower-Owners granted to MetLife, among other rights, priority and continuing, recorded (and perfected) security interests in real property and personal property as collateral located in Kern and Fresno counties. As part of the Loan Documents, the Original Borrowers and now Borrower-Owners expressly consented to MetLife's appointment of a receiver in the event of default. (Declaration of Jeremy Rasmussen (the "Rasmussen Decl.") ¶¶ 16-18 (Dkt. 11-2); Complaint, Ex. 1 (Dkt.1-1), Loan Agreement, § 11.1(g); Exs. 4 (Dkt. 1-4), 6 (Dkt. 1-6), Deeds of Trust, Section 14.1(g).) The MetLife Receivership Property serves as Plaintiff's collateral securing the Loan and is at serious risk of damage and destruction if a receiver is not appointed.

---

[4] As defined in MetLife's [Proposed] Order. (Dkt. 11-4.)

Notably, the Represented Borrower-Owners' Response "does not oppose the appointment of a receiver." (Dkt. 21, at 1:23.)  However, Represented Borrower-Owners' raise proposed edits to MetLife's Proposed Order (Dkt. 11-4), specifically related to: (1) the MetLife Receiver's financial power and duties and (2) the scope of a Preliminary Injunction as it relates to the Represented Borrower-Owners' financials.

While Plaintiff continues to meet and confer with counsel for Represented Borrower-Owners on the MetLife's Proposed Order language, the scope of the MetLife Receiver's powers and duties over financials such information is required for the MetLife Receiver, or any receiver, to carry out their duties to manage, operate, and protect the collateral.  Moreover, Represented Borrower-Owners are subject to at least one other receivership[5] where a receiver will have access to such necessary financial information, which could also be shared with the MetLife Receiver without additional burden to the Represented Borrower-Owners.

## IV.    ARGUMENT

Courts grant receivers broad powers to manage and preserve the property within the receivership, which can include accessing financial records.  For instance, in *U.S. v. Alisal Water Corp.*, the court granted the receiver "full and complete access to the personnel, books, records, electronic databases and facilities of The Water Systems and to make such items available to any consultants, accountants, attorneys or other such persons employed by the receiver." *U.S. v. Alisal Water Corp.*, 326 F.Supp.2d 1010, 1029 (N.D. Cal. 2002).  Here, like in *U.S. v. Alisal Water Corp.*, there is a financial inability to conduct business.  The Borrower-Owners are in financial distress. Borrower-Owners and/or their affiliated farming entities have stipulated and agreed to the appointment of a receiver in two related actions involving real property collateral in their integrated farming operations (Request for Judicial Notice ("RJN") (Dkt. 11-1), Exs. 1 and 2) and in one stipulation, acknowledged that "Borrowers face significant cash flow issues and will not have sufficient case to maintain, preserve, and care for the Property, including but not limited to trees and crops" and that "[s]uch actions would cause damage to the Property, including causing the trees

---

[5] *See Prudential Insurance Company of America v. ACDF, LLC, et al.*, 1:24-cv-01102-KES-SAB.

(which make up a significant value of the Property) to be damaged or die." (RJN, Ex. 1 at 4:1-4 (Dkt. 11-1).) As part of at least one of the receiverships (Prudential Litigation), Represented Borrower-Owners will provide the receiver the full and complete access to the information that enables the receiver to conduct its job. Such information can and should be shared with the MetLife Receiver to enable the MetLife Receiver to manage, operate, and preserve the MetLife Receivership Property effectively.

There is no evidence to suggest that Borrower-Owners' financial condition will improve at all, let alone enough to manage, operate, and appropriately care for the MetLife Receivership Property. There is no evidence that the Represented Borrower-Owners maintain any right to privacy in the context of a receivership necessitated by its financial condition. Moreover, the evidence laid out in the Motion establishes factors weigh in favor of MetLife and the Court's issuance of immediate injunctive relief. The amounts due and owing under the Loan Documents, the defaults thereunder, and the impossibility to cure any such defaults given the size of the obligations also establish MetLife's likeliness to succeed on the merits of its claim. Additionally, MetLife has also shown above that it is likely to suffer irreparable harm in the absence of relief, and that the balance of the equities tips in its favor. Finally, once the Court appoints a receiver herein, an injunction benefits the public interest because the receiver needs to be able fulfill its duties and obligations without potentially disruptive interference. This includes access to financial information.

## V.     CONCLUSION

Based upon all of the foregoing factors, Plaintiff respectfully requests that this Court grant the relief requested in Plaintiff's Motion, appointing the MetLife Receiver and granting MetLife a Preliminary Injunction.

///

///

///

| | |
|---|---|
| DATED: October 29, 2024 | STOEL RIVES LLP |

By: /s/ Thomas A. Woods
MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com

*Attorneys for Plaintiff*
METROPOLITAN LIFE INSURANCE COMPANY