1   MICHAEL B. BROWN, Bar No. 179222
    michael.brown@stoel.com
2   THOMAS A. WOODS, Bar No. 210050
    thomas.woods@stoel.com
3   BENJAMIN J. CODOG, Bar No. 307034
    ben.codog@stoel.com
4   MICHELLE J. ROSALES, Bar No. 343519
    michelle.rosales@stoel.com
5   STOEL RIVES LLP
    500 Capitol Mall, Suite 1600
6   Sacramento, CA 95814
    Telephone: 916.447.0700
7   Facsimile: 916.447.4781

8   *Attorneys for Plaintiff*
    *METROPOLITAN LIFE INSURANCE COMPANY*

9

10              UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12                    FRESNO DIVISION

13

| | |
|---|---|
| 14  METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, | Case No. 1:24-cv-01261-KES-SAB |
| 15 | **NOTICE OF MOTION AND** |
| Plaintiff, | **(UNOPPOSED) MOTION TO** |
| 16 | **CONSOLIDATE, FOR** |
| v. | **ADMINISTRATIVE PURPOSES,** |
| 17 | **RECEIVERSHIP CASES;** |
| | **MEMORANDUM OF POINTS AND** |
| 18  ACDF, LLC, a California limited liability | **AUTHORITIES IN SUPPORT OF** |
| company, as successor by merger to 104 | **MOTION** |
| 19  PARTNERS, LLC; WILLOW AVENUE | |
| INVESTMENTS, LLC, a California limited | Hearing: |
| 20  liability company; ASHLAN & HAYES | Date: |
| INVESTMENTS, LLC, a California limited | Time: |
| 21  liability company; GRANTOR FRESNO | Dept. |
| CLOVIS INVESTMENTS, LLC, a California | Judge: |
| 22  limited liability company; MARICOPA | |
| ORCHARDS, LLC, a California limited | Action Filed:    October 16, 2024 |
| 23  liability company; FARID ASSEMI, an | Trial Date:    Not Set |
| individual; FARSHID ASSEMI, an individual; | |
| 24  DARIUS ASSEMI, an individual; and DOES 1 | |
| through 100, inclusive, | |
| 25 | |
| Defendants. | |
| 26 | |

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs        -1-        CASE NO. 1:24-CV-01261- KES-SAB

127186612.1 0053564-00653

**<u>NOTICE OF MOTION AND MOTION</u>**

**TO THE HONORABLE KIRK E. SHERRIFF, UNITED STATES DISTRICT COURT JUDGE, AND ALL PARTIES AND INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** Plaintiff Metropolitan Life Insurance Company (Plaintiff), by and through their attorneys of record herein, hereby moves for an order, issued on an *ex parte* basis, that the above-entitled action be consolidated for administrative purposes only with the related receivership cases listed below that are pending before this Court (the "Receivership Cases" or "Receivership Cases") for the purposes of joint administration:

1.     *Metropolitan Life Ins. Co. v. ACDF, LLC, et al.*, 1:24-cv-01261 (the proposed "**Lead Case**")

2.     *Metropolitan Life Ins. Co. v. FNF Farms, LLC, et al.*, 1:24-cv-01226

3.     *Metropolitan Life Ins. Co. v. C & A Farms, LLC, et al.*, 1:24-cv-01230

4.     *Metropolitan Life Ins. Co. v. Maricopa Orchards, LLC, et al.*, 1:24-cv-01231

5.     *Brighthouse Life Ins. Co. v. Kamm South, LLC, et al.*, 1:24-cv-01232

6.     *Brighthouse Life Ins. Co. v. Manning Avenue Pistachios, LLC, et al.*, 1:24-cv-01233

7.     *Brighthouse Life Ins. Co. v. ACDF, LLC, et al.*, 1:24-cv-01235

8.     *MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC, et al.*, 1:24-cv-01241

    Plaintiff moves to consolidate the Receivership Cases for administrative purposes only, pursuant to Federal Rule of Civil Procedure 42(a)(3) on the grounds that: (1) the cases involve common questions of fact and law; (2) consolidation will promote judicial efficiency and prevent duplicative motion practice, filings and avoid inconsistent orders; and (3) consolidation will cause no demonstrable prejudice to the parties. **Following meet and confer with all responsive counsel, this motion is unopposed**. (*See* Declaration of Thomas A. Woods ISO Motion to Consolidate, for Administrative Purposes, Related Receivership Cases ("Woods Decl."), ¶¶ 6-12).

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs    -2-    CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities that follow, the Declaration of Phillip Christensen ("Receiver Decl."), and any other pleadings and papers filed in the above-referenced action and Receivership Cases.

Plaintiff is simultaneously filing an *Ex Parte* Application to Shorten Time on Notice and Hearing for this Motion to Consolidate, for Administrative Purposes, Receivership Cases, respectfully requesting that the Court hold a hearing on the motion as soon as possible,[1] so that the Receivership Cases may be consolidated allowing Plaintiff to submit a single Motion to Continue Receivership for all Receivership Cases, on or by December 16, 2024.

DATED: December 10, 2024                    STOEL RIVES LLP


                                            By:    */s/* Thomas A. Woods
                                            MICHAEL B. BROWN, Bar No. 179222
                                            michael.brown@stoel.com
                                            THOMAS A. WOODS, Bar No. 210050
                                            thomas.woods@stoel.com
                                            BENJAMIN J. CODOG, Bar No. 307034
                                            ben.codog@stoel.com
                                            MICHELLE J. ROSALES, Bar No. 343519
                                            michelle.rosales@stoel.com

                                            *Attorneys for Plaintiff*
                                            METROPOLITAN LIFE INSURANCE
                                            COMPANY

---

[1] Plaintiff, however, believes that the nature of the relief sought herein and the fact that the Motion is unopposed following meet and confer with the other Parties and interested parties, that this matter may be decided "on the papers."

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs          -3-          CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    INTRODUCTION

3

Plaintiff Metropolitan Life Insurance Company ("Plaintiff") requests in the interests of

4

comity and judicial economy that the Court consolidate, for administrative purposes only, eight (8)

5

related Receivership Cases[2] to avoid unnecessary filings, costs and delay.  Each Receivership Case

6

involves effectively identical Orders Appointing Receiver and for Preliminary Injunction that make

7

necessary or appropriate numerous non-substantive filings of the Parties, along with periodic

8

reports and requests of the Parties and the Receiver Phillip Christensen (the "Receiver").

9

Consolidation of the type requested will permit these filings (and related papers) in one case,

10

"tagged" to as many related cases as necessary.  The alternative, as presently set, is to have up to

11

eight sets of the same or substantially similar filings in each Receivership Case.  Moreover, the

12

relief requested is non-prejudicial to the rights of any Party or Intervenor.

13

This is consolidation for administrative, not substantive, purposes. The Rule 42(a)(3)[3]

14

consolidation will permit consolidation of appropriate matters while all Receivership Cases retain

15

their separate and independent character.  To the extent there is a "merger," it is incomplete and

16

does not "deprive any party of any substantial rights which he may have possessed had the actions

17

proceeded separately."  *Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018) (quoting 3 J. Moore & J.

18

Friedman, Moore's Federal Practice § 42.01, pp. 3050–3051 (1938)).  The Proposed Order

19

associated with this Motion requires that filings for substantive relief be submitted in specific

20

Receivership Cases.  Plaintiff therefore respectfully requests that the Court approve the requested

21

consolidation of the Receivership Cases for administrative purposes only, and hopefully prior to

22

the deadline for filing Motions for Continuation of Receivership in the Receivership Cases on

23

December 16, 2024.

24

25

26

---

[2] Capitalized terms used but not defined herein shall have the same meaning as ascribed to them in the Notice.

27

[3] All references to "Rule" are references to the Federal Rules of Civil Procedure unless otherwise specified.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs            -4-            CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

1    **II.    FACTUAL BACKGROUND**

2        **A.    Appointment of the Receiver Phillip Christensen.**

3        Beginning with *Metropolitan Life Ins. Co. v. ACDF, LLC, et al.*, 1:24-cv-01261, on

4    November 7, 2024 and through December 4, 2024, Plaintiff and separate Plaintiffs MetLife Real

5    Estate Lending, LLC and Brighthouse Life Insurance Company in the Receivership Cases caused

6    to have entered a common form of order for the appointment of Phillip Christensen as Receiver.

7    These orders are herein after referred to as the "Appointment Orders".

8        The Appointment Orders govern the Receiver's pre-trial management, administration and

9    reporting duties concerning real and personal property ("collateral") owned by various "Maricopa

10   Defendants," which collateral serves as security for the repayment of eight loans made by the

11   different Plaintiff lenders to Maricopa Defendants in each case.

12       The Appointment Orders provide, *inter alia*, that the Receiver is awarded exclusive

13   possession and control over the collateral, "Receivership Property," as specifically defined in each

14   Appointment Order. As detailed further below, the Receiver's duties with respect to all

15   Receivership Property are identical for each Receivership Case and Appointment Order.  The duties

16   of the Parties, intervenors, and any interested parties with respect to the administration of the

17   Receivership are identical.

18       For example, any motion or filings by a party or interested party concerning the continuation

19   of the Receiver's (identical) duties in any Related Action shall be filed in accordance with a briefing

20   schedule commencing December 16, 2024.  Moreover, it is expected that the Court will schedule

21   Receiver Status Conferences in the Receivership Cases, which would be held simultaneously.

22   Thus, predicate Status Reports of parties and interested parties concerning all of the Receivership

23   Cases would be due the same day, and ostensibly contain the same or substantially similar

24   information across each case.[4]    Each Appointment Order describes the Receiver's powers and

25

26   ───────────────

27   [4]  This is true, although differences between the Appointment Orders are that they are entered on
     behalf of different Plaintiffs, on individual loans secured by different collateral.  These are not

28   cross-collateralized loans, but, rather, "siloed" loans.  (See fn.5, *infra*.)

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs          -5-          CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

1  duties including, *inter alia*, taking possession, managing, controlling, and collecting Receivership

2  Property.

3      **B.      Receivership Cases.**

4      In accordance with the Lead Case Appointment Order and similar or identical provisions in

5  the orders appointing the Receiver in the other Receivership Cases, the Receiver may employ

6  professionals, including counsel, agents, employees, appraisers, guards, clerks, accountants,

7  liquidators, auctioneers, management companies, and consultants as necessary to discharge his

8  duties pursuant to the Appointment Order. (*See*, *e.g.*, Appointment Order in Lead Case at ¶ 8). To

9  fulfill the Receiver's duties in the Receivership Cases, the Receiver will seek court approval of

10 certain actions and authorization for the Receiver to carry out the Receiver's duties in the

11 Receivership Cases. For example, the Receiver requires the assistance of receivership counsel and

12 the Receiver will require additional professionals, whose employment will be the subject of

13 separate applications, such as water counsel, accountants, and potentially others. Further, the

14 Receiver intends to seek relief relating to the sales of real properties that are the subjects of multiple

15 or all of the Receivership Cases.

16 **III.    LEGAL ARGUMENT**

17     **A.      Standard for Consolidation Under Rule 42(a).**

18     Rule 42(a) states:

19     "If actions before the court involve a common question of law or fact, the court may:

20             (1)      join the hearing or trial any or all matters at issue in the actions;

21             (2)      consolidate the actions; or

22             (3)      issue any other orders to avoid unnecessary cost or delay."

23 Fed. R. Civ. P. 42(a).

24     "The district court has broad discretion under this rule to consolidate cases pending in the

25 same district." *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777

26 (9th Cir. 1989); *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court

27 generally has 'broad' discretion to consolidate actions.").

28     On a motion to consolidate, "the court should initially consider whether the cases to be

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs        -6-        CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

consolidated involve a common question of law or fact," and "[i]f there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 449 (2018) (citations omitted); *see Saylor v. Allison*, No. 1:21-cv-01062-EPG, 2021 WL 3021446, at *1 (E.D. Cal. July 16, 2021) (citing *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)) (stating the same balancing test for the court to consider in determining to consolidate the actions). "The purpose of consolidation under Rule 42(a), where cases share such common questions of law or fact, is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort." *National R.R. Passenger Corp. v. Camargo Trucking*, No. 1:12–cv–775-AWI–BAM, 2013 WL 101811, at *2 (E.D. Cal. Jan. 8, 2013) (citation omitted) ("Consolidation of appropriate cases also guards against the risk of inconsistent adjudications.").

"The Supreme Court made clear in *Hall v. Hall*, 138 S. Ct. 1118 (2018), that the consolidation of multiple cases under Rule 42(a) 'mean[s] the joining together – but not the complete merger – of constituent cases.'" *Abbott Labs. v. Feinberg*, No. 21-45, 2023 WL 19076, at *1 (2d Cir. Jan. 3, 2023) (quoting *Hall*, 138 S. Ct. at 1125).  The Supreme Court further clarified that "multiple cases consolidated under [Rule 42(a)] retains its independent character, at least to the extent it is appealable when finally resolved," *Hall*, 138 S. Ct. at 1125, and "separate verdicts and judgments are normally necessary". *Id.* at 1130. "[M]erger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *Id.* (quoting 3 J. Moore & J. Friedman, Moore's Federal Practice § 42.01, pp. 3050–3051 (1938)). "The party moving for consolidation bears the burden of demonstrating that consolidation is desirable." *Payne*, 327 F.R.D. at 449 (citation omitted). "Consolidation is a question of convenience and economy in judicial administration, and the court is given broad discretion to decide whether consolidation under rule 42(a) would be desirable, and the district judge's decision inevitably is highly contextual." *Payne*, 327 F.R.D. at 450.

By analogy, the joint administration of the bankruptcy estates of multiple related debtors is commonplace. *See* Fed. R. Bankr. P. 1015(b)(D) ("The court may order joint administration of the

STOEL RIVES LLP
ATTORNEYS AT LAW
Sacramento

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs          -7-          CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

1  estates in a joint case or in two or more cases pending in the court if they are brought by or against

2  … a debtor and an affiliate"). The joint administration of multiple bankruptcy estates does not

3  change the substantive rights of the parties with respect to assets and liabilities.  In contrast, the

4  equitable relief of substantive consolidation in bankruptcy, combines the assets and liabilities of

5  multiple debtor estates into one.  A concurring opinion of the Ninth Circuit aptly explained the

6  distinction as follows:

> Joint administration and substantive consolidation are both mechanisms to facilitate multi-debtor reorganizations. Joint administration is a tool of convenience; "[t]here is no merging of assets and liabilities of the debtors," and "[c]reditors of each debtor continue to look to that debtor for payment of their claims." *In re Parkway Calabasas Ltd*., 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988). By contrast, substantive consolidation replaces "two or more debtors, each with its own estate and body of creditors," with "a single debtor, a single estate with a common fund of assets, and a single body of creditors." Id. at 836–37; *see also In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000). Accordingly, "consolidation depends on substantive considerations and affects the substantive rights of the creditors of the different estates." *In re Bonham*, 229 F.3d at 762 (quoting Fed. R. Bankr. P. 1015 advisory committee's note). Here, the cases of the five Debtors were jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015, but neither party moved for substantive consolidation.

15  *Matter of Transwest Resort Properties, Inc*., 881 F.3d 724, 731 (9th Cir. 2018) (concurrence).

16  The relief sought here is tantamount to joint administration, not substantive consolidation.

17  **B.    Administrative Consolidation of the Receivership Cases is Proper.**

18  Here, the Receivership Cases involve the same and similar questions of law.  Each case

19  pleads the same causes of action, and seeks the same forms of relief and, materially, receivership.

20  And, although in the respective cases, the Plaintiffs Metropolitan Life Insurance Company, MetLife

21  Real Estate Lending, LLC, and Brighthouse Life Insurance Company and the collateral they seek

22  to maintain and administer are different (two of the several facts that militate against *substantive*

23  consolidation[5]), the loan documents operate the same way, involve the same *types* of collateral

---

[5]  "Substantive consolidation" is known as an "extreme" remedy typically if not exclusively used in Bankruptcy and/or other cases involving claims of "piercing the corporate veil."  *See e.g., In re Creditors Service Corp*., 195 B.R. 680, 689 (S.D. Ohio 1996); *In re SK Foods, LP*, 499 B.R.809 (E.D. Cal. 2013).  As described, the remedy involves the pooling of debtor assets in cases where, among other things, one receivership puts a receiver in control of all of a debtor's assets.  *In re SK Foods,* at p. 815. This is not a bankruptcy case, it does not involve claims of piercing. The Defendants, to the extent a number of them may be affiliated, are known to have many assets that may not serve as collateral on any loan, or that serves as collateral on a loan not at issue in the Receivership Cases.  The Receiver does not control all Defendant assets.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs          -8-          CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

administered by the same Receiver, and each individual Plaintiff-loan is overseen internally by the same investment manager, MetLife Investment Management, LLC ("MIM").  Administrative consolidation of the Receivership Cases, in the same fashion as the joint administration of affiliated bankruptcy cases, is desirable.

Here, administrative consolidation will result in more convenience and economy in the judicial administration of these related cases. (Christensen Decl. at ¶ 3).  The context of these cases demonstrates that while each action involves distinct receivership property, each of the actions will require a significant amount of identical or substantially similar reporting and relief.  (*Id.* at ¶ 4). Additionally, the Receiver has been appointed in the Receivership Cases to administer the Receivership Property in each respective case, and the Plaintiffs-lenders in each of the actions are similarly aligned on the goals and efficient administration of the Receivership Cases. (*Id.* at ¶¶ 3-5).

The Court should exercise its broad discretion in favor of administrative consolidation, which would allow the Receiver to seek court approval as to actions of administration in multiple receivership estates by filing a document in the Lead Case.  This administrative consolidation is convenient and in the best interests of judicial economy to allow the Receiver and Plaintiff to file overlapping or identical requests on behalf of different receivership estates in only one case.

The balancing test for consolidation weighs in favor of granting this Motion because the efficiency and economy of administrative consolidation outweighs any prejudice, delay, or potential harm to parties caused by an order administratively consolidating the Receivership Cases. Indeed, the parties in these cases have informed Plaintiff that they do not oppose the relief sought. The Plaintiff and Receiver believe that administrative consolidation of the Receivership Cases is in the best interests of the receivership estates and will lead to the most efficient administration of the receivership property in each of the respective cases.  (See *id.* at ¶ 6).

## IV.    <u>CONCLUSION</u>

Plaintiff respectfully requests that the Court enter an Order approving this Motion.  The relief requested includes that:

1)    The "Lead Case" for administrative consolidation is *Metropolitan Life Insurance*

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs          -9-          CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

*Company v. ACDF, LLC, et al.*, U.S. District Court, Eastern District of California, Case Number 1:24-cv-01261;

2)    The cases ("Receivership Cases") for administrative consolidation into the Lead Case are Related Case Nos.: 1:24-cv-01226; 1:24-cv-01230; 1:24-cv-01231; 1:24-cv-01232; 1:24-cv-01233; 1:24-cv-01235; and 1:24-cv-01241;

3)    The approved caption that shall be used for any consolidated filing is attached hereto at **Exhibit 1**;

4)    Matters appropriate for consolidated filing in the Lead Case shall include filings and reports applicable to the receivership(s) and the continuation or scope thereof in the Lead Case and the Receivership Cases, including: requests to intervene by an interested party; motions and other filings relating to the continuation or scope of receivership by any Party, intervenor, or Receiver Phillip Christensen; filings of Receiver Phillip Christensen as made necessary or appropriate by any Order Appointing Receiver and for Preliminary Injunction; Party and intervenor Status Reports that are or may be required by the Court in advance of any Status Conference regarding receivership; requests by any Party or intervenor to appear via Zoom video teleconferencing or telephone as otherwise permitted by the Court; and, any other matters as ordered by the Court *sua sponte* or otherwise on regularly-noticed motion, unless on an *ex parte* basis only for good cause appearing;

5)    Matters not appropriate for consolidated filing without further order of the Court pursuant to paragraph 4, above, and which shall be filed in specific Receivership Cases include:

a.    Pleadings, motions, amended pleadings pursuant to Fed. Rule Civ. Proc., Rules 1 through 25;

b.    Discovery and discovery related motions pursuant to Fed. Rule Civ. Proc., Rules 26 through 37;

c.    Any filings not limited to motions relating to the pleadings pursuant to Fed.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs          -10-          CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

1      Rule Civ. Proc., Rules 38 through 63;

2          d.    Any judgment, post-judgment or remedial filings pursuant to Fed. Rule

3                Civ. Proc., Rules 64 through 71.

4      6)    A consolidated service list shall be created by Plaintiff for the jointly administered,

5            consolidated cases and shall be used with any consolidated filing;

6      7)    The consolidated service list shall be filed by Plaintiff in the Lead Case no later

7            than 24 hours following the entry of this Order; and

8      8)    Plaintiff shall serve the Order within 48 hours of its entry on any Parties in the

9            Receivership Cases who have not appeared by the time this Order is entered.

10     Finally, Plaintiff requests that the Order be said to be interpreted solely for purposes of

11 administrative efficiency (*see Hall*, *supra*, at 1130), and shall not change or otherwise prejudice the

12 substantive rights of any Party to any of the Receivership Cases.  Without limiting the generality

13 of the foregoing, the Court rules that this Order does not consolidate or otherwise change the

14 separateness of any assets or liabilities of any party, or of the Receivership estates identified in the

15 Receivership Cases.

16

17

18 DATED: December 10, 2024                    STOEL RIVES LLP

19

20                                            By:    */s/ Thomas A. Woods*
                                              MICHAEL B. BROWN, Bar No. 179222
21                                            michael.brown@stoel.com
                                              THOMAS A. WOODS, Bar No. 210050
22                                            thomas.woods@stoel.com
                                              BENJAMIN J. CODOG, Bar No. 307034
23                                            ben.codog@stoel.com
                                              MICHELLE J. ROSALES, Bar No. 343519
24                                            michelle.rosales@stoel.com

25                                            *Attorneys for Plaintiff*
                                              METROPOLITAN LIFE INSURANCE
26                                            COMPANY

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO CONSOLIDATE FOR
ADMINISTRATIVE PURPOSES; MPAs          -11-          CASE NO. 1:24-CV-01261-KES-SAB
127186612.1 0053564-00653

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>ACDF, LLC, a California limited liability company, *et al.*,<br><br>        Defendants. | Lead Case No. 1:24-cv-01261-KES-SAB<br><br>Consolidated with Case Nos:<br>1:24-cv-01226; 1:24-cv-01230;<br>1:24-cv-01231; 1:24-cv-01232;<br>1:24-cv-01233; 1:24-cv-01235; and<br>1:24-cv-01241 |

☐  Affects All Cases
☐  Affects Metropolitan Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01261
☐  Affects Metropolitan Life Ins. Co. v. FNF Farms, LLC, et al., 1:24-cv-01226
☐  Affects Metropolitan Life Ins. Co. v. C & A Farms, LLC, et al., 1:24-cv-01230
☐  Affects Metropolitan Life Ins. Co. v. Maricopa Orchards, LLC, et al., 1:24-cv-01231
☐  Affects Brighthouse Life Ins. Co. v. Kamm South, LLC, et al., 1:24-cv-01232
☐  Affects Brighthouse Life Ins. Co. v. Manning Avenue Pistachios, LLC, et al., 1:24-cv-01233 Case No. 1:24-cv-01233
☐  Affects Brighthouse Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01235
☐  Affects MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC, et al., 1:24-cv-01241

**[TITLE]**

Hearing:
Date:
Time:
Place:  Robert E. Coyle U.S. Courthouse
        2500 Tulare Street
        Courtroom 6, 7th Floor
        Fresno, CA 93721

[TITLE]                                    -1-                    CASE NO. 1:24-CV-01261- KES-SAB