1 | ZEV SHECHTMAN (BAR NO. 266280)
Zev.Shechtman@saul.com
2 | CAROL CHOW (BAR NO. 169299)
carol.chow@saul.com
3 | RYAN COY (BAR NO. 324939)
ryan.coy@saul.com
4 | SAUL EWING LLP
1888 Century Park East, Suite 1500
5 | Los Angeles, California 90067
Telephone:  (310) 255-6100
6 | Facsimile:  (310) 255-6200

7 | Attorneys for Phillip Christensen, as Receiver

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

10

11 | METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,

12 | Plaintiff,

13 | vs.

14

15 | ACDF, LLC, a California limited liability company, et al.,

16 | Defendants.

17

18 | ☒  Affects All Cases
☐  Affects Metropolitan Life Ins. Co. v.
19 | ACDF, LLC, et al., 1:24-cv-01261
☐  Affects Metropolitan Life Ins. Co. v.
20 | FNF Farms, LLC, et al., 1:24-cv-01226
☐  Affects Metropolitan Life Ins. Co. v. C
21 | & A Farms, LLC, et al., 1:24-cv-01230
☐  Affects Metropolitan Life Ins. Co. v.
22 | Maricopa Orchards, LLC, et al., 1:24-
cv-01231
23 | ☐  Affects Brighthouse Life Ins. Co. v.
24 | Kamm South, LLC, et al., 1:24-cv-
01232
25 | ☐  Affects Brighthouse Life Ins. Co. v.
26 | Manning Avenue Pistachios, LLC, et
al., 1:24-cv-01233 Case No. 1:24-cv-
27 | 01233

28

Lead Case No. 1:24-cv-01261-KES-SAB

Consolidated with Case Nos:
1:24-cv-01226; 1:24-cv-01230; 1:24-cv-01231; 1:24-cv-01232; 1:24-cv-01233; 1:24-cv-01235; and 1:24-cv-01241

**RECEIVER'S MOTION FOR APPROVAL OF SALE PROCEDURES; MEMORANDUM OF POINTS AND AUTHORITIES, REQUEST FOR JUDICIAL NOTICE, AND DECLARATIONS OF PHILLIP CHRISTENSEN, SULLIVAN GROSZ, AND ZEV SHECHTMAN IN SUPPORT THEREOF**

*Filed concurrently with Ex Parte Application to Shorten Time*

Hearing:
Judge:      Hon. Kirk E. Sherriff
Date:        To be determined
Time:        To be determined
Crtrm.:     Robert E. Coyle U.S. Courthouse
                2500 Tulare Street
                Courtroom 6, 7th Floor
                Fresno, CA 93721

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

☐ Affects Brighthouse Life Ins. Co. v.
   ACDF, LLC, et al., 1:24-cv-01235
☐ Affects MetLife Real Estate Lending,
   LLC v. Panoche Pistachios, LLC, et
   al., 1:24-cv-01241

Phillip Christensen, as Receiver (the "Receiver") in the above-captioned administratively consolidated civil actions (the "Receivership Cases" or "Receivership"), hereby moves (the "Motion"), for entry of an order, substantially in the form of **Exhibit 1** hereto, approving procedures for the sale of property of the receivership estates in these Receivership Cases (the "Sale Procedures" and "Sale Procedures Order").

The Sale Procedures set forth in the Sale Procedures Order include, inter alia:

1.      Approval of a template of a listing agreement with the Receiver's choice of real estate broker, Pearson Realty ("Pearson" or the "Broker") substantially in the form of **Exhibit 2** hereto (the "Listing Agreement") with respect to the Receivership real properties listed on Exh**ibit 3** (collectively, the "Subject Properties" and each a "Subject Property").

2.      Requirements for the marketing and notice of sale of the Subject Properties.

3.      Requirements for parties to qualify as potential bidders of the Subject Properties including to participate in a potential auction as to each of the Subject Properties.

4.      Provisions for potential stalking horse bids.

5.      Procedures concerning the scheduling of an Auction and Sale Hearing (as defined in the Sale Procedures).

The Sale Procedures are set forth in the attached Sale Procedures Order and in the below Memorandum of Points and Authorities.

This Motion is based on the below Memorandum of Points and Authorities, the Request for Judicial Notice, the Declarations of Phillip Christensen, Sullivan Grosz, and Zev Shechtman, the separate notice which will be provided, and such other evidence as may be properly submitted to the Court at or before the hearing.

The Receiver is filing an ex parte application to shorten time on this Motion, requesting

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1 that a hearing be held within seven days after the filing hereof.  Notice of the hearing and any

2 response deadline will be filed and served separately.

3      The Receiver has conferred with the Plaintiffs, defendants, and other parties who have

4 requested notice in these Receivership Cases, and has not received comments opposed to the

5 proposed Sale Procedures.

6

7 DATED:  January 19, 2025      SAUL EWING LLP

8

9      By:

10      ZEV SHECHTMAN

     Attorneys for Phillip Christensen, as Receiver

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

### I.

4

### INTRODUCTION

5   The Receiver prays for the Court's approval of the Sale Procedures setting forth a clear

6   process for sales of the Subject Properties.  The proposed Sale Procedures comply with 28 U.S.C.

7   §§ 2001 and 2002 and other applicable law and are intended to promote an efficient, commercially

8   reasonable, and flexible process in the best interests of the Receivership estates and all parties in

9   interest.  The Court should exercise its sound discretion to grant this Motion and enter the

10  proposed Sale Procedures Order.

11

12

### II.

13

### FACTUAL STATEMENT

14  **A.    Receivership Background**

15   The Plaintiffs[1] filed the eight Receivership Cases between October 9 and October 16,

16  2024.  After briefing and hearings on the appointment of the Receiver, any objections to the terms

17  of the Receiver's appointment were resolved, and the Court entered agreed orders in the eight

18  cases appointing the Receiver (the "Appointment Orders").

19   On December 10, 2024, the Plaintiffs filed an unopposed motion to consolidate the eight

20  receivership actions for administrative purposes.  Case No. 24-01261 ("Lead Case"), ECF No. 53.

21  On December 12, 2024, the Court entered its order consolidating the cases for administrative

22  purposes, allowing parties to file papers relating to the administration of the eight Receivership

23  Cases in the Lead Case.  On January 8, 2025, the Court entered an order granting the Plaintiffs'

24  unopposed motion to continue the receivership.  Lead Case, ECF No. 80.

25

26

27

28

---

[1] The "Plaintiffs" are Metropolitan Life Insurance Company, Metropolitan Real Estate Lending, LLC, and Brighthouse Life Insurance Company.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**B.      The Subject Properties**

Plaintiffs filed each of the eight Receivership Cases with respect to distinct loans extended to the subject defendants secured by distinct real property collateral.  Accordingly, each of the Appointment Orders appointed the Receiver with respect to different real properties, which are the Subject Properties.  Each of the Subject Properties is comprised of one or more real property parcels described in detail in the respective Appointment Orders.  Those Appointment Orders can be located in the following locations on the dockets of the Receivership Cases:

| Action | Date | ECF No. |
|---|---|---|
| Metlife v. ACDF, LLC, et al, 1:24-cv-01261 (Lead Case) | 11/7/2024 | 45 |
| Metlife v. C & A Farms, LLC et al, 1:24-cv-01230 | 11/7/2024 | 39 |
| Metlife v. FNF Farms, LLC et al, 1:24-cv-01226 | 11/18/2024 | 18 |
| Metlife v. Maricopa Orchards, LLC et al, 1:24-cv-01231 | 11/18/2024 | 17 |
| Brighthouse Life v. Kamm South, LLC et al, 1:24-cv-01232 | 11/25/2024 | 20 |
| Brighthouse Life v. Manning Avenue Pistachios, LLC et al, 1:24-cv-01233 | 12/3/2024 | 22 |
| Brighthouse Life  v. ACDF, LLC., et al., 1:24-cv-01235 | 11/22/2024 | 22 |
| MetLife Real Estate v. Panoche Pistachios, LLC et al, 1:24-cv-01241 | 11/18/2024 | 18 |

The Subject Properties are agricultural lands, comprised primarily of pistachio crops in Fresno and Kern Counties.  The Properties are described in summary in the chart attached as **Exhibit 3** hereto.  The Appointment Orders authorize the Receiver to sell the Subject Properties subject to Court approval.  See, e.g., Lead Case ECF No. 45 at ¶ 7.

**C.      The Proposed Sale Procedures**

The Receiver has determined in the Receiver's business judgment that it is appropriate to pursue sales of the Subject Properties.  To provide for an optimal path for a commercially successful sale, the Receiver has determined to hire the Broker to assist with the marketing and sale process as to most of the Subject Properties.  The Broker is a well-regarded real estate broker

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

specialized in sales of agricultural lands and has experience handling sales in bankruptcy and receivership.  Information regarding the Broker's qualifications is attached as **Exhibit 4** to the Declaration of Sullivan Grosz.  The Receiver intends to market a limited subset of the Subject Properties without the services of the Broker or with adjustments described in the Sale Procedures. That is because, either: (1) the Receiver has procured a proposed purchaser independently with respect to certain properties or (2) the Receiver may market such properties along with properties to be marketed for sale by the Prudential Receiver in case number 1:24-cv-01102 pending before this Court due to particular relationships among such properties.

### III.

### AUTHORITIES

28 U.S.C. § 2001 governs sales of real property by receivers in federal court.  It provides that sales of real property "shall be upon such terms and conditions as the court directs."  28 U.S.C. § 2002 governs notice of judicial sales.  These statutory sections authorize the court to set the terms and conditions for a judicial sale.  The district holds broad discretion in its oversight of a receiver.  *S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986) ("a court overseeing a receivership is accorded wide discretionary powers in light of the concern for orderly administration") (internal quotations omitted).  The court's discretion extends to establishing reasonable procedures for the conduct of a sale overseen by the court.  *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968) ("There can be no doubt that Congress has authorized the federal judiciary to use sound discretion in setting the terms and conditions for judicial sales.") (cited approvingly by *In re Crown Corp.*, 679 F.2d 774, 777 (9th Cir. 1982)).  Thus, the court has the discretion to approve appropriate sale procedures that comply with the applicable statute.  *Cf. SEC v. Priv. Equity Mgmt. Grp., LLC*, No. CV 09-2901 PSG (EX), 2009 WL 10676006, at *4 (C.D. Cal. Nov. 20, 2009) (denying waiver of the requirements of 28 U.S.C. § 2001).

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**RELIEF REQUESTED**

To allow for the successful marketing and sales of the Subject Properties as contemplated by the Appointment Orders, the Receiver respectfully requests that the Court approve the Sale Procedures set forth in the Sale Procedures Order at **Exhibit 1**, which are as follows:

**Sale Procedures**

1.    **Listing Agreement.**  The Receiver may execute Listing Agreements with the Broker substantially in the form of **Exhibit 2** to the Motion with respect to any and all of the Subject Properties.[2]

2.    **Marketing:**

a.    **Listing Services.** the Broker will publish the listing of the Subject Properties on commercially reasonable sites and databases and take commercially reasonable actions to show the Subject Properties.

b.    **Publication of Sale.** The Broker will list the sale in the Fresno Bee or other local newspaper for four weeks from the date of the issuance of the Sale Procedures Order (the "Publication Period") in compliance with 28 U.S.C. § 2002.  Any Auction or Sale Hearing of a Subject Property shall not occur before the conclusion of the Publication Period.  The publication of the sale shall include a short description of the Subject Property and contact information for the Broker (phone number and/or website link) and state that the sale is subject to court approval.  The date of the Auction or Sale Hearing may be undetermined at the time of publication.

c.    **Overbidding.** If the Broker receives a bid, the Broker will continue to market for higher and better bids until the deadline to submit bids for auction.

3.    **Auction and Sale Hearing.**  If more than one bidder becomes qualified to bid for the purchase of a Subject Property, an auction will be held in open Court at a hearing date to be

---

[2] As of the date of this filing, the Receiver has entered into such Listing Agreements subject to the Court approval requested herein.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   determined by the Receiver and noticed, which shall not be before the conclusion of the

2   Publication Period (the "Auction" and "Sale Hearing").  At the conclusion of the Auction, the

3   Receiver will seek confirmation of the sale to the successful bidder and entry of an order

4   authorizing the sale.  If only one bidder timely submits a qualified bid, then the Receiver will

5   request entry of an order at the Sale Hearing without holding an Auction.

6        4.   **Qualification to Bid.**  To submit a qualified bid, a prospective purchaser must

7   submit its bid in writing by a date noticed by the Receiver and such bid must clearly include the

8   following terms or information (a "Qualified Bid" and a "Qualified Bidder"):

9             a.   **Deposit.** A deposit of 5% of the purchase price which must be delivered to

10  the Receiver with the Qualified Bid (the "Deposit").  The Receiver will hold the Deposit in trust or

11  escrow pending approval of the Court.  The Deposit shall be nonrefundable unless:

12                 i.   Another bidder is the successful bidder at auction and the Qualified

13  Bidder does not wish to be deemed a backup bidder; or

14                 ii.   The Court does not approve the sale through no fault of the

15  Qualified Bidder.

16            b.   **Contingencies.** As of the date of the Auction there will be no outstanding

17  contingencies other than the approval of the Court.

18            c.   **Subject to Overbid at Auction and Court Approval.**  The sale is subject

19  to overbidding at auction and Court approval.

20            d.   **No Liability of Receiver.**  The Receiver shall have no liability under any

21  circumstances, and the Qualified Bidder's only possible remedy in the event of alleged breach by

22  Receiver is return of its Deposit.

23            e.   **Good Faith.** The Qualified Bidder must submit a declaration signed under

24  penalty of perjury disclosing any connections such bidder has to the Receiver, the Broker, any

25  owner, borrower, or insider thereof, any creditor, or other interested party, and that it has not, and

26  will not, collude with any other potential purchasers or anyone else with respect to the sale.

27            f.   **Ability to Close.** A Qualified Bid must be accompanied by evidence of the

28  bidder's financial ability to close unconditionally in form and substance satisfactory to the

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  Receiver.

2          g.    **Purchase and Sale Agreement.**  The Qualified Bid shall include a signed

3  Purchase and Sale Agreement in form and content satisfactory to the Receiver indicating a

4  readiness to immediately enter escrow.  The Broker will provide a form of Purchase and Sale

5  Agreement, and the Qualified Bidder must provide a redline with the Qualified Bid reflecting any

6  revisions to such form.

7      5.    **Stalking Horse Terms.** The Receiver may, in the Receiver's sole discretion, offer

8  incentives to initial bidders who submit Qualified Bids as defined above to serve as a "Stalking

9  Horse Bidder," meaning that such bidder will submit an initial offer subject to overbid at Auction.

10  Such Stalking Horse bids may include the following term in addition to other terms determined by

11  the Receiver in the Receiver's sole discretion:

12          a.    **Breakup Fee.** The Receiver may offer a breakup fee of up to 2% of the

13  initial bid amount to a Stalking Horse Bidder which will be paid if, and only if, an overbidder

14  other than the Stalking Horse Bidder is the successful purchaser of the Subject Property after

15  Auction, Court approval, after closing of such sale.

16      6.    **Dates and Deadlines.** The Receiver may schedule, reschedule, continue, adjourn,

17  extend or modify any dates and deadlines or other terms relating to any provisions of these Sale

18  Procedures in the Receiver's sole discretion including the Auction or Sale Hearing.

19      7.    **Notice of Sale Hearing and Auction.** The Auction or Sale Hearing will be held

20  after the conclusion of the Publication Period.  The Receiver will give not less than 14 days'

21  written notice of any Auction or Sale Hearing to the parties entitled to notice in this case and to

22  parties who have submitted a Qualified Bid.  The notice will include the initial overbid amount

23  and initial minimum bidding increments and any other details the Receiver deems appropriate

24  including the Plaintiff's estimated secured loan payoff amount.  The initial overbid amount must

25  be enough to pay the breakup fee plus a meaningful increase in value to the estate, taking account

26  of any applicable commissions, in the Receiver's discretion.  Creditors may file objections to a

27  proposed sale not less than 7 days before the Sale Hearing.  The Receiver may file any reply 2

28  days before the Sale Hearing.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

8.    **Sale Free and Clear of Plaintiff's Lien**.  Subject to compliance with the terms hereof and payoff of their lien, the Plaintiffs will release, relinquish and reconvey their liens upon closing of escrow of the sale of the Subject Property.  The Receiver is not seeking to sell free and clear of any other liens or encumbrances except to the extent such liens are being paid off through escrow pursuant to the applicable purchase and sale agreement (e.g., seller's portion of real property taxes).

9.    **Amendments or Modifications.**  The Receiver may amend, modify, supplement, or change these Sale Procedures in the Receiver's discretion as necessary or appropriate to run this sales process, with all terms ultimately being subject to Court approval at or before the conclusion of the Sale Hearing.

10.    **Alternative Sales of Subject Properties.**  For one or more of the Subject Properties, the Receiver may procure a Qualified Bidder without the assistance of the Broker. This may include Qualified Bidders procured by the Receiver independently or through the services of a professional other than Broker.

a.    If such Qualified Bidder is procured by the Receiver independently, such prospective purchaser shall be referred to as a "Designated Prospective Purchaser."  In that scenario, the Receiver may, but is not required to, enter into a Listing Agreement with the Broker to assist with marketing the Subject Property to overbidders.  If the Designated Prospective Purchaser is the successful buyer at the conclusion of the Sale Hearing, the Broker will not be entitled to a commission, but may seek reimbursement of actual costs up to $10,000 incurred for the marketing of the Subject Property.  If the Broker is not utilized for such sale, the term "Broker" herein should be understood to include the Receiver or another broker of the Receiver's selection.

b.    Alternatively, for Properties not listed with the Broker, the Receiver may engage a professional jointly with the Prudential Receiver in case number 1:24-cv-01102 pending before this Court.  The Receiver's compliance with sale procedures established in the Prudential Receivership case with respect to such joint sales shall be deemed to be compliant with all orders set forth in this case.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1      11.    **Credit Bidding.**  Plaintiffs have the option to credit bid the full amount of their

2  secured claims without any premium to be paid therefor.

3      12.    **Sale Order.**  Promptly upon the conclusion of the Sale Hearing contemplated

4  herein, the Receiver will submit a sale order confirming the sale to the successful bidder,

5  designating any backup bidders, making such other appropriate findings and rulings as may be

6  requested by the Receiver at or before the hearing, including findings regarding the good faith of

7  any Qualified Bidder, and providing that the sale shall close by such date determined by the

8  Receiver (the "Sale Order"). If the Receiver complies with these Sale Procedures, which are

9  consistent with 28 U.S.C. §§ 2001 and 2002, no further motion must be filed before entry of the

10  Sale Order.

### V.

### CONCLUSION

The Receiver respectfully requests that the Court approve the proposed Sale Procedures set forth in the Sale Procedures Order at **Exhibit 1** hereto and for such other relief as the Court deems just and proper in the circumstances.

DATED: February 19, 2025        SAUL EWING LLP

By: _____

ZEV SHECHTMAN
Attorneys for Phillip Christensen, as Receiver

1

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## DECLARATION OF PHILLIP CHRISTENSEN

I, Phillip Christensen, declare as follows:

1.     I am the Receiver in the above-entitled action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

2.     I make this declaration in support of my above Motion for Approval of Sale Procedures (the "Motion").  Defined terms are the same as in the Motion.  I have review and approve of the Motion and the Sale Procedures described therein.

3.     Attached as **Exhibit 1** is a copy of the proposed Sale Procedures Order.

4.     Attached as **Exhibit 2** is the template Listing Agreement substantially in the same form that I have or will be entering into with the Broker.

5.     The Subject Properties are agricultural lands, comprised primarily of pistachio crops in Fresno and Kern Counties.  The Subject Properties are described in summary in the chart attached as **Exhibit 3** hereto.  The Appointment Orders authorize me to sell the Subject Properties subject to Court approval.

6.     I have determined in my business judgment that it is appropriate to pursue sales of the Subject Properties.  To provide for an optimal path for a commercially successful sale, I have determined to hire the Broker to assist with the marketing and sale process as to most of the Subject Properties.  The Broker is a well-regarded real estate broker specialized in sales of agricultural lands and has experience handling sales in bankruptcy and receivership.  Information regarding the Broker's qualifications is attached as **Exhibit 4** to the Declaration of Sullivan Grosz. With respect to certain of the Subject Properties, I intent to market those properties without the services of the Broker or with adjustments described in the Sale Procedures.

7.    I believe in my professional and business judgment that the relief requested in the Motion is in the best interest of these estates and should be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18 day of February, 2025, at Fresno, California.



_____
Phillip Christensen

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## DECLARATION OF SULLIVAN GROSZ

I, SULLIVAN GROSZ, declare as follows:

1.     I am President at Pearson Realty, the Broker for the Receiver. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

2.     I make this declaration in support of the above Motion for Approval of Sale Procedures (the "Motion").  Defined terms are the same as in the Motion.  I have review and agree with the Sale Procedures described therein.

3.     Attached as **Exhibit 4** is information regarding the Broker's qualifications.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19 day of February, 2025, at Fresno, California.

_____
SULLIVAN GROSZ

1

## **DECLARATION OF ZEV SHECHTMAN**

2        I, Zev Shechtman, declare as follows:

3        1.      I am an attorney duly licensed to practice before all of the courts in the State of

4    California and admitted in this Court.  I am a partner with Saul Ewing LLP, counsel of record for

5    Phillip Christensen, as Receiver in this action.  I have personal knowledge of the facts set forth in

6    this Declaration and, if called as a witness, could and would competently testify to such facts

7    under oath.

8        2.      I have met and conferred with the parties in this case as follows: On February 13,

9    2025, I sent an email to all of the attorneys on the master service list in this case summarizing the

10   relief sought and notifying them that the Receiver would seek shortened notice.  I asked that they

11   provide any objections to me by February 18, 2025, at noon.  I immediately received two reply

12   emails requesting a copy of the proposed order.  On February 15, 2025, I emailed to the same

13   parties a copy of the proposed order, substantially the same as what is filed herewith as Exhibit 1.

14   As of the morning of February 19, 2025, no one has replied with an opposition or other comments.

15       I declare under penalty of perjury under the laws of the United States of America that the

16   foregoing is true and correct to the best of my knowledge.

17       Executed on this 19th day of February, 2025, at Los Angeles, California.

18

19                                                    _____

20                                                    Zev Shechtman

21

22

23

24

25

26

27

28

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# EXHIBIT 1

1    ZEV SHECHTMAN (BAR NO. 266280)
     Zev.Shechtman@saul.com
2    CAROL CHOW (BAR NO. 169299)
     carol.chow@saul.com
3    RYAN COY (BAR NO. 324939)
     ryan.coy@saul.com
4    SAUL EWING LLP
     1888 Century Park East, Suite 1500
5    Los Angeles, California 90067
     Telephone:  (310) 255-6100
6    Facsimile:  (310) 255-6200

7    Attorneys for Phillip Christensen, as Receiver

8                    **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

10

11   METROPOLITAN LIFE INSURANCE          Lead Case No. 1:24-cv-01261-KES-SAB
     COMPANY, a New York corporation,
12                                        Consolidated with Case Nos:
                 Plaintiff,               1:24-cv-01226; 1:24-cv-01230; 1:24-cv-
13                                        01231; 1:24-cv-01232; 1:24-cv-01233; 1:24-
            vs.                           cv-01235; and 1:24-cv-01241
14
     ACDF, LLC, a California limited liability   **[PROPOSED] ORDER GRANTING**
15   company, et al.,                            **RECEIVER'S MOTION FOR APPROVAL**
                                                 **OF SALE PROCEDURES**
16               Defendants.
                                          Hearing:
17   ─────────────────────────────        Judge:    Hon. Kirk E. Sherriff
         ☒  Affects All Cases             Date:     To be determined
18       ☐  Affects Metropolitan Life Ins. Co. v.   Time:     To be determined
            ACDF, LLC, et al., 1:24-cv-01261       Crtrm.:   Robert E. Coyle U.S. Courthouse
19       ☐  Affects Metropolitan Life Ins. Co. v.            2500 Tulare Street
            FNF Farms, LLC, et al., 1:24-cv-01226           Courtroom 6, 7th Floor
20       ☐  Affects Metropolitan Life Ins. Co. v. C          Fresno, CA 93721
            & A Farms, LLC, et al., 1:24-cv-01230
21       ☐  Affects Metropolitan Life Ins. Co. v.
            Maricopa Orchards, LLC, et al., 1:24-
22          cv-01231
23       ☐  Affects Brighthouse Life Ins. Co. v.
            Kamm South, LLC, et al., 1:24-cv-
24          01232
25       ☐  Affects Brighthouse Life Ins. Co. v.
            Manning Avenue Pistachios, LLC, et
26          al., 1:24-cv-01233 Case No. 1:24-cv-
            01233
27

28

55116875.1 392865-00009

**Exhibit 1**
**16**

☐ Affects Brighthouse Life Ins. Co. v.
ACDF, LLC, et al., 1:24-cv-01235
☐ Affects MetLife Real Estate Lending,
LLC v. Panoche Pistachios, LLC, et
al., 1:24-cv-01241

The Court having held a hearing on the *Receiver's Motion for Approval of Sale Procedures* (ECF No. ___) (the "Motion"), filed by Phillip Christensen, as Receiver (the "**Receiver**") in the above-captioned administratively consolidated civil actions; having read and considered the Motion and the evidence submitted therewith, and oppositions thereto and replies in support thereof; having heard oral argument of the parties at the hearing; notice being adequate and proper; and good cause appearing therefor; it is hereby

**ORDERED THAT:**

1.    The Motion is granted.

2.    The Court hereby approves the following sale procedures (the "**Sale Procedures**"):

### Sale Procedures

1.    **Listing Agreement.**  The Receiver may execute Listing Agreements with the Broker substantially in the form of **Exhibit 2** to the Motion with respect to any and all of the Subject Properties.

2.    **Marketing:**

a.    **Listing Services.** the Broker will publish the listing of the Subject Properties on commercially reasonable sites and databases and take commercially reasonable actions to show the Subject Properties.

b.    **Publication of Sale.** The Broker will list the sale in the Fresno Bee or other local newspaper for four weeks from the date of the issuance of the Sale Procedures Order (the "Publication Period") in compliance with 28 U.S.C. § 2002.  Any Auction or Sale Hearing of a Subject Property shall not occur before the conclusion of the Publication Period.  The publication of the sale shall include a short description of the Subject Property and contact information for the Broker (phone number and/or website link) and state that the sale is subject to court approval.  The

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   date of the Auction or Sale Hearing may be undetermined at the time of publication.

2       c.   **Overbidding.** If the Broker receives a bid, the Broker will continue to

3   market for higher and better bids until the deadline to submit bids for auction.

4       3.   **Auction and Sale Hearing.** If more than one bidder becomes qualified to bid for

5   the purchase of a Subject Property, an auction will be held in open Court at a hearing date to be

6   determined by the Receiver and noticed, which shall not be before the conclusion of the

7   Publication Period (the "Auction" and "Sale Hearing"). At the conclusion of the Auction, the

8   Receiver will seek confirmation of the sale to the successful bidder and entry of an order

9   authorizing the sale. If only one bidder timely submits a qualified bid, then the Receiver will

10  request entry of an order at the Sale Hearing without holding an Auction.

11      4.   **Qualification to Bid.** To submit a qualified bid, a prospective purchaser must

12  submit its bid in writing by a date noticed by the Receiver and such bid must clearly include the

13  following terms or information (a "Qualified Bid" and a "Qualified Bidder"):

14      a.   **Deposit.** A deposit of 5% of the purchase price which must be delivered to

15  the Receiver with the Qualified Bid (the "Deposit"). The Receiver will hold the Deposit in trust or

16  escrow pending approval of the Court. The Deposit shall be nonrefundable unless:

17          i.   Another bidder is the successful bidder at auction and the Qualified

18  Bidder does not wish to be deemed a backup bidder; or

19          ii.   The Court does not approve the sale through no fault of the

20  Qualified Bidder.

21      b.   **Contingencies.** As of the date of the Auction there will be no outstanding

22  contingencies other than the approval of the Court.

23      c.   **Subject to Overbid at Auction and Court Approval.** The sale is subject

24  to overbidding at auction and Court approval.

25      d.   **No Liability of Receiver.** The Receiver shall have no liability under any

26  circumstances, and the Qualified Bidder's only possible remedy in the event of alleged breach by

27  Receiver is return of its Deposit.

28      e.   **Good Faith.** The Qualified Bidder must submit a declaration signed under

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

penalty of perjury disclosing any connections such bidder has to the Receiver, the Broker, any owner, borrower, or insider thereof, any creditor, or other interested party, and that it has not, and will not, collude with any other potential purchasers or anyone else with respect to the sale.

        f.    **Ability to Close.** A Qualified Bid must be accompanied by evidence of the bidder's financial ability to close unconditionally in form and substance satisfactory to the Receiver.

        g.    **Purchase and Sale Agreement.**  The Qualified Bid shall include a signed Purchase and Sale Agreement in form and content satisfactory to the Receiver indicating a readiness to immediately enter escrow.  The Broker will provide a form of Purchase and Sale Agreement, and the Qualified Bidder must provide a redline with the Qualified Bid reflecting any revisions to such form.

      5.    **Stalking Horse Terms.** The Receiver may, in the Receiver's sole discretion, offer incentives to initial bidders who submit Qualified Bids as defined above to serve as a "Stalking Horse Bidder," meaning that such bidder will submit an initial offer subject to overbid at Auction. Such Stalking Horse bids may include the following term in addition to other terms determined by the Receiver in the Receiver's sole discretion:

        a.    **Breakup Fee.** The Receiver may offer a breakup fee of up to 2% of the initial bid amount to a Stalking Horse Bidder which will be paid if, and only if, an overbidder other than the Stalking Horse Bidder is the successful purchaser of the Subject Property after Auction, Court approval, after closing of such sale.

      6.    **Dates and Deadlines.** The Receiver may schedule, reschedule, continue, adjourn, extend or modify any dates and deadlines or other terms relating to any provisions of these Sale Procedures in the Receiver's sole discretion including the Auction or Sale Hearing.

      7.    **Notice of Sale Hearing and Auction.** The Auction or Sale Hearing will be held after the conclusion of the Publication Period.  The Receiver will give not less than 14 days' written notice of any Auction or Sale Hearing to the parties entitled to notice in this case and to parties who have submitted a Qualified Bid.  The notice will include the initial overbid amount and initial minimum bidding increments and any other details the Receiver deems appropriate

Exhibit 1
19

including the Plaintiff's estimated secured loan payoff amount. The initial overbid amount must be enough to pay the breakup fee plus a meaningful increase in value to the estate, taking account of any applicable commissions, in the Receiver's discretion. Creditors may file objections to a proposed sale not less than 7 days before the Sale Hearing. The Receiver may file any reply 2 days before the Sale Hearing.

8.    **Sale Free and Clear of Plaintiff's Lien**.  Subject to compliance with the terms hereof and payoff of their lien, the Plaintiffs will release, relinquish and reconvey their liens upon closing of escrow of the sale of the Subject Property. The Receiver is not seeking to sell free and clear of any other liens or encumbrances except to the extent such liens are being paid off through escrow pursuant to the applicable purchase and sale agreement (e.g., seller's portion of real property taxes).

9.    **Amendments or Modifications.**  The Receiver may amend, modify, supplement, or change these Sale Procedures in the Receiver's discretion as necessary or appropriate to run this sales process, with all terms ultimately being subject to Court approval at or before the conclusion of the Sale Hearing.

10.    **Alternative Sales of Subject Properties.**  For one or more of the Subject Properties, the Receiver may procure a Qualified Bidder without the assistance of the Broker. This may include Qualified Bidders procured by the Receiver independently or through the services of a professional other than Broker.

a.    If such Qualified Bidder is procured by the Receiver independently, such prospective purchaser shall be referred to as a "Designated Prospective Purchaser." In that scenario, the Receiver may, but is not required to, enter into a Listing Agreement with the Broker to assist with marketing the Subject Property to overbidders. If the Designated Prospective Purchaser is the successful buyer at the conclusion of the Sale Hearing, the Broker will not be entitled to a commission, but may seek reimbursement of actual costs up to $10,000 incurred for the marketing of the Subject Property. If the Broker is not utilized for such sale, the term "Broker" herein should be understood to include the Receiver or another broker of the Receiver's selection.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

b.      Alternatively, for Properties not listed with the Broker, the Receiver may engage a professional jointly with the Prudential Receiver in case number 1:24-cv-01102 pending before this Court.  The Receiver's compliance with sale procedures established in the Prudential Receivership case with respect to such joint sales shall be deemed to be compliant with all orders set forth in this case.

11.      **Credit Bidding.**  Plaintiffs have the option to credit bid the full amount of their secured claims without any premium to be paid therefor.

12.      **Sale Order.**  Promptly upon the conclusion of the Sale Hearing contemplated herein, the Receiver will submit a sale order confirming the sale to the successful bidder, designating any backup bidders, making such other appropriate findings and rulings as may be requested by the Receiver at or before the hearing, including findings regarding the good faith of any Qualified Bidder, and providing that the sale shall close by such date determined by the Receiver (the "Sale Order").  If the Receiver complies with these Sale Procedures, which are consistent with 28 U.S.C. §§ 2001 and 2002, no further motion must be filed before entry of the Sale Order.

**IT IS SO ORDERED.**

Dated February __, 2025                    **UNITED STATES DISTRICT JUDGE**

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**Exhibit 1**
**21**

# EXHIBIT 2

## EXCLUSIVE LISTING AGREEMENT
### *(#####)*

**THIS EXCLUSIVE LISTING AGREEMENT** (this "Agreement") is made as of _____ ___, 2025, by and between **PHILLIP CHRISTENSEN**, in his capacity as receiver pursuant to Court Order ("Receiver"), having an address for notice purposes of AGRIGLOBE, LLC, ATTN: PHILLIP CHRISTENSEN, P.O. BOX 5379, FRESNO, CALIFORNIA 93755, and **PEARSON REALTY**, a California corporation, having an address for          notice purposes of c/o 7480 N. PALM AVENUE, SUITE 101, FRESNO, CALIFORNIA 93711,                          ATTN: PETER J. ORLANDO ("Broker"), and subject to approval by the United States District Court, Eastern District of California. Broker and Receiver shall be referred to herein each as a "party" and collectively as the "parties".

### WITNESSETH:

WHEREAS, the "Property" is described in accordance with attached **Exhibit "A"** attached hereto and incorporated herein by reference;

WHEREAS, for purposes this Agreement, the term "Property" used herein shall refer to any combination of the real property parcels individually or collectively listed on **Exhibit "A"**, and Receiver agrees that any combination of such parcels as part of this Agreement shall constitute Property;

WHEREAS, the Owner and Property are subject to various orders  in the United States District Court, Eastern District of California, Case No. 1:24-CV-01231 (the "Receivership" and the court overseeing the Receivership, the "Receivership Court");

WHEREAS, the Receivership Court has approved Phillip Christensen  to act as the duly appointed Receiver with authority to sell the Property, subject to Receivership Court approval;

WHEREAS, acquisition by buyers of the Property is subject to final approval and confirmation of the Receivership Court;

WHEREAS, during the Administration Period (as defined below), any sale, lease, option, or other transfer of the Property (each a "Transfer") is subject to the approval of the Receiver and the  Receivership Court; and

WHEREAS, Receiver desires to engage Broker to facilitate sales and Broker desires to accept such engagement, upon and subject to the terms and conditions set forth herein.

NOW, THEREFORE, for and in consideration of the mutual agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Receiver and Broker hereby agree as follows:

## AGREEMENT

1. **Authorization**

Receiver hereby grants to Broker the exclusive right to market the Property via sale, option, lease, or otherwise that is agreeable by Receiver, for the term of this Agreement. Notwithstanding anything to the contrary herein or elsewhere, all terms and conditions of an agreement with any prospective purchaser, tenant, option holder, or otherwise shall be subject to Receiver's sole and absolute discretion. Receiver has the absolute right in all events to approve or to disapprove any and all proposals regarding pricing, marketing and terms of transfer of the Property. Broker shall have no authority to extend any offer or make any agreement on behalf of or binding on Receiver, and Broker shall have no authority to accept security or other deposits in connection with any offer to purchase the Property; accordingly, an agreement to Transfer shall become effective only when: (i) during the Administration Period, it is (A) signed by the Receiver and the prospective transferee, (B) delivered by Receiver to such prospective transferee, and (C) approved by the Receivership Court.  Receiver agrees that Broker and its representatives shall have the right to enter upon and inspect the Property with prospective purchasers at all reasonable times.

2. **Term**

The "term" of this Agreement shall end, and this Agreement shall terminate and be of no further force and effect, on September 1, 2025; provided, however, that Receiver shall have the right to terminate this Agreement and end the term without cause at any time by providing thirty (30) day's prior written notice to Broker,  (b) Receiver and Broker shall each have the right to terminate this Agreement and end the term for cause immediately upon giving written notice of such cause and such termination to the other party and (c) this Agreement shall terminate upon the completion of a foreclosure of the Property. The period of the term prior to the consummation of the Acquisition shall be referred to herein as the "Administration Period"; the period of the term from and after the consummation of the Acquisition shall be referred to herein as the "Post Administration Period".

3. **Duties of Broker**

Broker agrees to take all actions reasonably required or helpful in transferring part or all of the Property as promptly as possible, including, but not limited to, promoting and marketing the Property, using its diligent and best efforts, skill, judgment, and abilities to show the Property, offering the Property for sale, procuring prospective purchasers for Property, cooperating with outside brokers representing such prospective transferees, obtaining financial and reference information on prospectives, promptly submitting all offers to Receiver, taking photographs of the Property, making monthly inspections of the Property, and other actions as may be directed by Receiver from time to time including, but not limited to, as and when requested by Receiver, using best efforts to assist Receiver with obtaining tenant estoppel certificates and subordinations. Inquiries regarding the Property shall be referred to Broker and related negotiations shall be handled by or under direction of Broker, subject to the approval and review of Receiver .

Broker shall be responsible for coordinating and supervising all services provided by any other cooperating brokers as necessary to facilitate the timely and proper performance of the services and activities required by this Agreement. The costs of any services performed by any of the cooperating brokers, are included in the compensation for the Broker's services established by this Agreement.

4. **Commission on Sale**

Upon any Transfer pursuant to a written agreement executed during the term of this Agreement, Receiver agrees, subject to the conditions contained herein, to pay to Broker a commission in accordance

55130524.1
392865-00009                          2

**Exhibit 2**
**23**

with attached **Exhibit "B"** attached hereto and incorporated herein by reference. Any transfer of the Property pursuant to or following the completion of the foreclosure of the Property is excluded from the scope of this Agreement. The commission shall be calculated solely with respect to such Transfer and deemed earned, due and payable in full when, and only if, a Transfer is consummated, and Receiver shall pay such commission (or cause such commission to be paid) concurrent with such Transfer. Broker shall be responsible for paying any and all commissions to any other cooperating broker after Broker is paid by Receiver, and Broker shall indemnify and hold Receiver harmless from and against the claims of any other cooperating broker with claims arising from a cooperating broker relationship initiated by or through Broker, including, but not limited to, attorneys' fees and expenses in connection with Receiver's defense against such claims. All commissions due and payable to Broker shall be paid from the proceeds of the relevant Transfer. Nothing in this Agreement shall require the Receiver to expend or risk its own funds or otherwise incur any financial liability in the performance of any of its duties or in the exercise of any of its rights or powers hereunder.

5.    **Post-Termination Commissions**

Within ten (10) business days following the termination of this Agreement, Broker shall submit to Receiver a written list (the "Prospective Transferee List") of any person or entity proposed by Broker to the Receiver in writing during the term of this Agreement as a prospective purchaser of the Property. The Prospective Transferee List shall include the names and addresses of such prospective Transferees and the date of the Broker's communication with the prospective Transferees. If within six (6) months after the date of termination of this Agreement, a Transfer is consummated between Receiver and any person or entity included on the Prospective Transferee List submitted to Receiver, Receiver shall pay Broker the commission in accordance with **Exhibit "B"**. The agreements of this Section 5 shall survive the termination of this Agreement and shall be deemed to bind any cooperating broker engaged by Broker.

6.    **Listing**

Broker shall initially list the Property for the prices set forth on **Exhibit "C"** attached hereto and incorporated herein by reference.

7.    **Nondiscrimination**

The Property shall be offered without regard to race, color, creed, religion, national origin, sex, handicap, gender, orientation, age, pregnancy, disability and/or familial status.

8.    **Broker Representations**

Broker represents and warrants to Receiver that Broker and all of its agents performing services under it shall be duly licensed in the State of California to the extent required by applicable law, and agrees to comply with all applicable laws in the performance of the services hereunder including, but not limited to, the real estate broker licensure requirements. Broker covenants to keep its license and those of its agents performing services under this Agreement in good standing at all times during the term of this Agreement to the extent required by applicable law.

9.    **Standards**

Broker shall further the interests of Receiver  in accordance with Receiver's applicable requirements, procedures and directions, in each case accordance with the highest professional standards. Broker shall comply with all national, federal, state, and municipal laws, regulations, codes, ordinances,

**Exhibit 2**
**24**

and orders applicable to Broker and the activities of Broker and its agents or employees under and in connection with this Agreement.

10.    **Assignment**

Broker shall not be entitled to assign any rights or to delegate any duties or obligations under this Agreement, and any assignment in violation of this prohibition shall be void.

11.    **Governing Law**

This Agreement shall be construed according to and governed by the laws of the State of California. THE PARTIES HERETO SPECIFICALLY WAIVE ANY RIGHT OR CLAIM TO A JURY TRIAL IN THE EVENT OF A DISPUTE HEREUNDER, OR ARISING OUT OF OR INVOLVING THE SUBJECT MATTER HEREUNDER WHETHER ARISING IN CONTRACT OR TORT. The provisions of this paragraph shall survive the termination or expiration of this Agreement.

12.    **Receiver's Capacity and Court Process**

The Receiver enters into this Agreement solely in his capacity as receiver, and not in any corporate, personal or other capacity.

The terms hereof and all sales are subject to Receivership Court approval.

Further, the Receiver will seek approval of sale procedures and this Agreement shall be subject to the terms of any Receivership Court order thereon.

If there are any discrepancies between this Agreement and any order of the Receivership Court, the order of the Receivership Court shall control.

13.    **Modifications**

This Agreement may not be amended, modified or changed, nor shall any waiver of any provisions hereof be effective, except only by an instrument in writing and signed by the party against whom enforcement of any waiver, amendment, change, modification or discharge is sought.

14.    **Notices**

All notices or other communications required or desired to be given hereunder shall be in writing and shall be effective for all purposes if (a) emailed and (b) hand delivered to the parties at the respective addresses set forth above (or such other addresses as the parties may hereafter designate in writing) or sent to the respective parties at such addresses by (i) certified or registered United States mail, postage prepaid, (ii) expedited prepaid delivery service, either commercial or United States Postal Service, with proof of attempted delivery, or (iii) by telecopier (with answer back acknowledged and so long as the original of said telecopy is mailed the next day). A notice shall be deemed to have been given by the following: in the case of hand delivery or email, at the time of delivery; or in the case of mail delivery three (3) days after having been deposited in the United States mail postage prepaid and properly addressed; or in the case of notice sent via overnight delivery service or telecopy, upon receipt.

55130524.1
392865-00009

**Exhibit 2**

15.     **Independent Contractor**

It is expressly understood and agreed that Broker, as an agent of Receiver, will act as an independent contractor in the performance of this Agreement. The parties hereby agree that nothing in the Agreement shall be intended or construed to create an employer-employee relationship, a partnership, or a joint venture with respect to the Property or otherwise.

16.     **Binding Effect; Counterpart Signatures/Electronic Signatures**

This Agreement shall be binding upon, and shall inure to the benefit of, the successors and assigns of the parties hereto, subject to the restrictions and limitations of Section 10 of this Agreement. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all such counterparts, taken together, shall constitute but one and the same instrument. Facsimile signatures or any other electronic signature or DocuSign on any counterpart shall be effective as an original signature, but the parties hereto agree to deliver to the other original signatures within thirty (30) days after the date of this Agreement.

17.     **Entire Agreement**

This Agreement constitutes the entire agreement between Broker and Receiver and supersedes all other agreements.

**[The remainder of this page is intentionally left blank.]**

**IN WITNESS WHEREOF**, the parties have duly entered into this Agreement as of the day and year first written above.

**RECEIVER:**

_____
Phillip Christensen, as Receiver

**BROKER:**

**PEARSON REALTY**

By: _____
Name: _____
Title: _____

**EXHIBIT "A"**

**DESCRIPTION OF PROPERTY**

| County | APN | Assessed Acres |
|---|---|---|

**Exhibit 2**
**28**

EXHIBIT "B"

COMMISSIONS

**Sales**

| Total Commission Based on Transfer Sales Price | Transfer of Assets Listed by Pearson Realty where Buyer is Represented by Agent OTHER THAN Dan Kevorkian, Sullivan Grosz, Robb Stewart, AJ Ferdinandi, or Kameron Stewart | Transfer of Assets Listed by Pearson Realty where Buyer is Represented by Dan Kevorkian, Sullivan Grosz, Robb Stewart, AJ Ferdinandi, Or Kameron Stewart |
|---|---|---|
| ≥$500,000,000 | 1.00% | 1.00% |
| ≥ $250,000,000 and < $500,000,000 | 1.50% | 1.25% |
| ≥ $100,000,000 and < $250,000,000 | 2.00% | 1.75% |
| ≥ $50,000,000 and < $100,000,000 | 2.50% | 2.25% |
| ≥ $25,000,000 and < $50,000,000 | 3.00% | 2.75% |
| ≥ $10,000,000 and < $25,000,000 | 3.50% | 3.25% |
| < $10,000,000 | 4.00% | 3.75% |

**Leases**

Commissions based upon  5% of the rent to be paid under the Lease for any lessee.

**Options to Purchase**

Commissions at the rate for a sale set forth above to be paid upon exercise of option and close of the purchase.

[Additional information if applicable]

Exhibit 2
29

**EXHIBIT "C"**

**LISTING PRICE PER RANCH**

| Ranch Name | Acres | Water Info | Listing Price | Per Acre |
|---|---|---|---|---|

**Exhibit 2**
**30**

# EXHIBIT 3

# Receivership Real Properties

| Case Name | Receivership Estate / Entity | Crop | County | APN Number |
|---|---|---|---|---|
| Case No. 1:24-CV-01261-KES-SAB | ACDF LLC et al Receivership Estate Case No. 1261 | Pistachios | Fresno | 038-141-59S |
| Case No. 1:24-CV-01261-KES-SAB | ACDF LLC et al Receivership Estate Case No. 1261 | Open | Kern | 220-130-05-00-7 |
| Case No. 1:24-CV-01261-KES-SAB | ACDF LLC et al Receivership Estate Case No. 1261 | Cherries | Kern | 220-130-17-00-2 |
| Case No. 1:24-CV-01261-KES-SAB | ACDF LLC et al Receivership Estate Case No. 1261 | Cherries | Kern | 220-130-17-00-2 |
| Case No. 1:24-CV-01261-KES-SAB | ACDF LLC et al Receivership Estate Case No. 1261 | Cherries | Kern | 220-130-24-00-2 |
| Case No. 1:24-CV-01261-KES-SAB | ACDF LLC et al Receivership Estate Case No. 1261 | Cherries | Kern | 220-130-24-00-2 |
| Case No. 1:24-CV-01261-KES-SAB | ACDF LLC et al Receivership Estate Case No. 1261 | Open | Kern | 220-130-30-00-9 |
| Case No. 1:24-CV-01261-KES-SAB | ACDF LLC et al Receivership Estate Case No. 1261 | Open | Kern | 220-130-35-00-4 |
| Case No. 1:24-cv-01230-KES-SAB | C & A Farms LLC et al Receivership Estate Case No. 1230 | Pistachios | Fresno | 050-040-15s |
| Case No. 1:24-cv-01230-KES-SAB | C & A Farms LLC et al Receivership Estate Case No. 1230 | Pistachios | Fresno | 050-040-16s |
| Case No. 1:24-cv-01230-KES-SAB | C & A Farms LLC et al Receivership Estate Case No. 1230 | Pistachios | Fresno | 050-040-17s |
| Case No. 1:24-cv-01230-KES-SAB | C & A Farms LLC et al Receivership Estate Case No. 1230 | Pistachios | Fresno | 050-070-15s |
| Case No. 1:24-cv-01230-KES-SAB | C & A Farms LLC et al Receivership Estate Case No. 1230 | Pistachios | Fresno | 050-070-18s |
| Case No. 1:24-cv-01230-KES-SAB | C & A Farms LLC et al Receivership Estate Case No. 1230 | Pistachios | Fresno | 050-070-29s |
| Case No. 1:24-cv-01226-KES-SAB | FNF Farms LLC et al Receivership Estate Case No. 1226 | Almonds | Fresno | 038-200-04S |
| Case No. 1:24-cv-01226-KES-SAB | FNF Farms LLC et al Receivership Estate Case No. 1226 | Almonds | Fresno | 038-200-05S |
| Case No. 1:24-cv-01226-KES-SAB | FNF Farms LLC et al Receivership Estate Case No. 1226 | Almonds | Fresno | 038-200-09S |
| Case No. 1:24-cv-01231-KES-SAB | Maricopa Orchards, LLC et al Receivership Estate Case No. 1231 | Open (Reservoir) | Kern | 238-340-24-00-2 |
| Case No. 1:24-cv-01231-KES-SAB | Maricopa Orchards, LLC et al Receivership Estate Case No. 1231 | Blueberries | Kern | 238-340-24-00-2 |
| Case No. 1:24-cv-01231-KES-SAB | Maricopa Orchards, LLC et al Receivership Estate Case No. 1231 | Blueberries | Kern | 238-340-24-00-2 |
| Case No. 1:24-cv-01231-KES-SAB | Maricopa Orchards, LLC et al Receivership Estate Case No. 1231 | Blueberries | Kern | 238-340-24-00-2 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Almonds | Kern | 103-040-37-00-0 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 103-040-37-00-0 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Almonds | Kern | 103-100-19-01-4 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 103-100-19-01-4 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 103-100-20-01-6 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 103-100-21-01-9 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 239-070-48-01-0 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 239-340-01-00-2 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 239-340-13-00-7 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 239-340-14-00-0 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 239-340-42-00-1 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 239-340-44-00-7 |
| Case No. 1:24-cv-01241-KES-SAB | Panoche Pistachios LLC et al Receivership Estate Case No. 1241 | Open | Kern | 239-340-46-00-3 |
| Case No. 1:24-cv-01235 KES-SAB | ACDF LLC et al Receivership Estate Case No. 1235 | Open | Fresno | 038-210-25S |
| Case No. 1:24-cv-01235 KES-SAB | ACDF LLC et al Receivership Estate Case No. 1235 | Open | Kern | 047-340-13-00-8 |
| Case No. 1:24-cv-01235 KES-SAB | ACDF LLC et al Receivership Estate Case No. 1235 | Open | Kern | 047-340-36-00-5 |
| Case No. 1:24-cv-01235 KES-SAB | ACDF LLC et al Receivership Estate Case No. 1235 | Open | Kern | 295-230-03-00-6 |
| Case No. 1:24-cv-01232-KES-SAB | Kamm South LLC et al Receivership Estate Case No. 1232 | Pistachios | Fresno | 038-130-35S |
| Case No. 1:24-cv-01232-KES-SAB | Kamm South LLC et al Receivership Estate Case No. 1232 | Pistachios | Fresno | 038-130-35S |
| Case No. 1:24-cv-01232-KES-SAB | Kamm South LLC et al Receivership Estate Case No. 1232 | Pistachios | Fresno | 038-130-62S |
| Case No. 1:24-cv-01232-KES-SAB | Kamm South LLC et al Receivership Estate Case No. 1232 | Pistachios | Fresno | 038-130-71S |
| Case No. 1:24-cv-01233-KES-SAB | Manning Avenue Pistachios LLC et al Receivership Estate Case No. 1233 | Open | Fresno | 027-171-21S |
| Case No. 1:24-cv-01233-KES-SAB | Manning Avenue Pistachios LLC et al Receivership Estate Case No. 1233 | Open | Fresno | 027-171-23S |
| Case No. 1:24-cv-01233-KES-SAB | Manning Avenue Pistachios LLC et al Receivership Estate Case No. 1233 | Pistachios | Fresno | 027-180-62 |
| Case No. 1:24-cv-01233-KES-SAB | Manning Avenue Pistachios LLC et al Receivership Estate Case No. 1233 | Pistachios | Fresno | 027-180-63 |
| Case No. 1:24-cv-01233-KES-SAB | Manning Avenue Pistachios LLC et al Receivership Estate Case No. 1233 | Open | Fresno | 027-180-72S |
| Case No. 1:24-cv-01233-KES-SAB | Manning Avenue Pistachios LLC et al Receivership Estate Case No. 1233 | Almonds | Fresno | 038-061-27S |
| Case No. 1:24-cv-01233-KES-SAB | Manning Avenue Pistachios LLC et al Receivership Estate Case No. 1233 | Almonds | Fresno | 038-061-41S |

Exhibit 3
31

# EXHIBIT 4



## COMPANY EXPERIENCE & BACKGROUND

*Our company sales history is actively selling agricultural properties throughout the San Joaquin Valley and California. Over the last 10 years our Ag. Division has produced over $3,724,000,000 in property sales and for over 217,000 acres with 1,451 escrows. Since 2020, our Ag. revision has transacted $1,963,870,650 in property with 702 closings. In 2023 our Commercial and AG. divisions transacted over $700,000,000 in sales and are on track to exceed 1 billion in 2024. We are not aware of any other Farm & Ranch Brokerage firm with such impressive results.*

*Pearson Realty currently has 195 properties exclusively listed comprising over 51,575 acres, totaling $1,027,576,253. Since our Ag Division has a large inventory of properties to offer, we attract many potential buyers as well as active farm, commercial and residential brokers. We will also have a direct connection to investors through our commercial department's Newmark network. Newmark has offices and affiliates nationwide.*

*Since 2020 we have successfully closed escrow on 135 almond properties totally $533,196,924 and 64 pistachio properties totaling $366,014,197. We currently have 89 listings of California almond & pistachio properties listed with a combined asking price of $693mm.*

*The historical sales data provided and the active listing overview demonstrates Pearson Realty's extensive contact list and relationships with all properties for large and small landowners and investors in California farmland. We have sold, property to and for all the major Institutional investors, landowners, water districts, asset managers, and foreign investors in the state.*

*Pearson Realty has the largest Farm Department in the state with 21 agricultural specialists selling farm and ranch property from three offices – Fresno, Visalia, & Bakersfield. Our geographical reach and expertise is unmatched. Our firm has been in business since 1919 and employs 68 people; 49 of whom are in sales. Our commercial department consisting of 28 professionals is affiliated with Newmark, a nationwide commercial real estate company, specializing in the leasing and sales of commercial, industrial, retail, apartments, office buildings and development land.'*

*Pearson Realty has all the resources necessary to assist you in the sale of the Properties. Here are the reasons why you should list the property with Pearson Realty:*

*1. We are reputable, professional, and competent.*

*2. We have 21 full-time farm sales specialists with more combined experience than any other company in California.*

*3. We have a large marketing and promotional budget to give the properties wide exposure.*

*4. Highly qualified support staff that generate superior marketing materials.*

*5. We have extensive knowledge of farming throughout California.*

*6. Pearson Realty has a wide-ranging ag industry and investor contact list.*

*7. Excellent track record in marketing large properties.*

*8. We cooperate with all active, reputable farm, commercial and residential real estate brokers & investment bankers.*

*9. We have access to regional, national, and international industrial, commercial and investment markets through our alliance with Newmark.*

*10. We have infrastructure in place to handle large volumes of transactions.*

**Exhibit 4**
**32**



**PEARSON REALTY**
AGRICULTURAL PROPERTIES
*A Tradition in Trust Since 1919*

<u>OPEN MARKETING STRATEGY</u>

*The following is a step-by-step process that outlines our open marketing strategy.*

*1)* Prepare interactive informational brochures with the overview detail about properties.

*2)* Install 3 ' x 4 ' Pearson Realty "For Sale" sign(s) on the properties.

*3)* Telephone and personal contact of potential buyers by Pearson Realty's 21 agent Ag Division.

*4)* Property information submitted to commercial, investment and ag real estate brokers throughout the USA.

*5)* Prepare color brochures and distribute to identified prospects such as local, out-of-state, water, energy, and foreign investors, large landowners, portfolio/asset managers, water asset managers/owners, water focused municipalities/districts, and farm managers.

*6)* Direct mail color postcards to targeted buyers located throughout the regional area.

*7)* Drone photos and/or video production used throughout marketing materials.

*8)* Print advertising in local newspaper/publication of general circulation in the county (counties) where the property is located; and provide the offering procedure along with contact information for Broker.

*9)* Distribute the property brochure throughout our company's ag and commercial divisions, which are comprised of 44 agents and brokers in 3 offices located in Fresno, Visalia, and Bakersfield.

*10)* Administer the brochure and meet with contacts at annual trade shows/conferences: California Almond Conference, World Ag Expo, Realtors Land Institute, American Pistachio Growers, California Fresh Fruit Association, Global Ag Investment, California Citrus Mutual, Association of California Water Agencies, and other season Nut Conferences.

ONLINE MARKETING RESOURCES:
• PearsonRealty.com • LinkedIn • Facebook • Instagram • LandandFarm.com
• LandsofAmerica.com • LandWatch.com • Realtor.com • Zillow.com • Trulia • CREXi.com
• Acres.com • LoopNet.com • YouTube.

MARKETING EFFORTS AFTER SALE MOTION:
During escrow and once the Buyer(s) have removed contingencies (completed inspection period), the Receiver(s) will file a motion for court approval and sale overbid instructions. We will revisit portions of our marketing process that include updating marketing materials, informing interested Buyers/Agents of the sale motion, and spreading the news of the sale motion to stimulate participation from bidders at court hearing. We have a strong track record of success handling 363 type sale procedures.

Sullivan Grosz
President - Ag Division
Pearson Realty

**Exhibit 4**
**33**

**MARICOPA ORCHARDS, ET AL.**          FRESNO, MERCED, MADERA, KINGS, TULARE, & KERN COUNTIES, CA



**DAN KEVORKIAN A.L.C.**
*Senior Vice President, Ag Division*

Direct Line: 559.447.6237
Cell: 559.905.8073
dkevorkian@pearsonrealty.com
CA DRE #00830646

### CAREER SUMMARY/EXPERIENCE

*1984 to Present* – Pearson Realty, Senior Vice President, Ag Division, specializing in farm, land and agribusiness properties.
*1992 - 2020* – Pearson Realty, Manager - Farm Lands Department.
*1981 - 1984* – Newton & Sons Real Estate, specializing in agricultural & residential properties.
*1974 - 1981* – Kevorkian Family Farms, background and experience in farming peaches, plums, nectarines, apricots, persimmons, table grapes, olives and citrus.

### EDUCATION

*1981* – California State University – San Luis Obispo, Bachelor of Science Degree, Agricultural Management.
*1979* – Reedley College, Associate of Arts degree.

### PROFESSIONAL AFFILIATIONS & ACCREDITATIONS

- American Society of Farm Managers & Rural Appraisers.
- Realtors Land Institute, Accredited Land Consultant.
- Fresno, California & National Associations of Realtors.

### NOTABLE ACCOMPLISHMENTS

- RLI APEX Top 20 National Producer Award: 2019, 2020, 2021, 2022.

### NOTABLE TRANSACTIONS

**Integrated Ag Operations**
- 18,200 acre commercial hunting ranch & lodge, San Benito Co.
- 2,000 cow dairy on 1,086 acres (fee & leased land), Fresno/Kings Co.
- 1,034 acs. treefruit, citrus, vines & packing facility, Fresno/Tulare/Kern Co.

### NOTABLE TRANSACTIONS (CONT.)

- 743 acres treefruit, table grapes & packing/cold storage facility, Fresno Co.
- 675 acres table grapes and a cold storage facility, Riverside Co.
- 160 acre boutique winery/vineyard (sale-leaseback) San Luis Obispo Co.

**Farm and Land**
- 12,500± acres treefruit, Fresno & Tulare Co.
- 9,000 acres row crops, El Nido, Merced Co.
- 6,989 acres row crops with a water conveyance project, Merced Co.
- 1,971 acres grazing land for environmental mitigation, Madera Co.
- 1,685 acres almonds, Fresno Co.
- 1,506 acres pistachios, Tulare Co.
- 1,328 acres wine grapes, Kern Co.
- 1,325 acres treefruit, Fresno & Tulare Counties
- 1,047 acres citrus, Kern Co.
- 935 acres treefruit, cherries, blueberries, citrus, table grapes, Fresno Co.

**Agribusiness Facilities**
- 214,000 sq. ft. raisin processing/dehydrator plant, Del Rey, Fresno Co.
- 200,000 sq. ft. onion packing facility, San Joaquin, Fresno Co.
- 150,976 sq. ft. citrus packing facility, Fresno Co
- 148,885 sq. ft. almond processing facility, Earlimart, Tulare Co.
- 127,764 sq. ft. rose processing/cold storage facility, Shafter, Kern Co.
- 113,211 sq. ft. treefruit packing/cold storage facility, Fresno Co.

**Development Projects**
- 2,850 acre resort golf & country club w/town square, Calaveras Co.
- 2,225 acres master planned community, Madera Co.

All information contained herein is deemed reliable but not guaranteed by seller nor broker and should be independently verified by potential buyers. We assume no liability for errors or omissions.



**FRESNO**
7480 N. Palm Ave. Ste 101
Fresno, CA 93711
559.432.6200

**VISALIA**
3447 S. Demaree St.
Visalia, CA 93277
559.732.7300

**BAKERSFIELD**
4900 California Ave., #210B
Bakersfield, CA 93309
661.334.2777

28

**Exhibit 4**
**34**

**MARICOPA ORCHARDS, ET AL.**    FRESNO, MERCED, MADERA, KINGS, TULARE, & KERN COUNTIES, CA



Specializing in farm, ranch, permanent crop & transitional ag land, Sullivan Grosz brings young, tenacious energy to the Pearson Realty team. Sullivan's passion for California agriculture started on his grandparent's farm in Merced and continued into his own ranches where he grows pistachios and cherries.

**CAREER SUMMARY/EXPERIENCE**

*2021 to Present* – Pearson Realty, Ag Division - President/Manager.

*2016 to 2020* – Pearson Realty, Ag Division, Senior Vice President specializing in farm, land, and agribusiness properties.

*2014 to 2016* – Calpine Containers, Packing Facility Supply/Project Manager, managing project for farmers and packing facilities in California & Mexico.

*2014* – Houston Texans, NFL Defensive End.

**SULLIVAN GROSZ**
*President, Pearson Realty Ag Division*

**Direct Line:** 559.447.6231
**Cell:** 559.824.7665
sgrosz@pearsonrealty.com
CA DRE #02019422

**EDUCATION**
*2013*
Bachelor of Science Degree, California Polytechnic State University, San Luis Obispo, majored in Business and played football for the Mustangs. Graduated with All-American Honors for Football and as a Scholar-Athlete.

*2009*
San Joaquin Memorial High School.

**PROFESSIONAL AFFILIATIONS & ACCREDITATIONS**
· Pearson Realty Shareholder
· Almond Board of California, Leadership Alumni
· Ag Lenders Society, Past Board Member
· Fresno Farm Bureau Association

**TRANSACTION SUMMARY**
· Over 32,000± Acres Sold and $600,000,000 in Sales

**PROPERTIES LISTED OR PENDING**
· Over 14,000± Acres / $220,000,000

All information contained herein is deemed reliable but not guaranteed by seller nor broker and should be independently verified by potential buyers. We assume no liability for errors or omissions.



**FRESNO**
7480 N. Palm Ave, Ste 101
Fresno, CA 93711
559.432.6200

**VISALIA**
3447 S. Demaree St.
Visalia, CA 93277
559.732.7300

**BAKERSFIELD**
4900 California Ave., #210B
Bakersfield , CA 93309
661.334.2777

29

Exhibit 4
35

**MARICOPA ORCHARDS, ET AL.**    FRESNO, MERCED, MADERA, KINGS, TULARE, & KERN COUNTIES, CA



**ROBB M. STEWART, AFM**
*Senior Vice President, Ag Division*

Direct Line: 661.334.2796
Cell: 661.303.2930
rstewart@pearsonrealty.com
CA DRE #01158293

**SPECIALIZATION**
Brokerage of Farms, Ranches, and Transitional use properties.

**CAREER SUMMARY/EXPERIENCE**
*2006 to Present – Pearson Realty, since joining the firm* Robb's qualifications, experience and knowledge have allowed him to exceed his client's goals and objectives. Robb was recognized as Pearson Realty's Salesperson of the Year in 2011, 2012, 2015, 2016, 2018 and 2020 and top two company producer 2006 to 2010, 2013, 2017 and 2019.  In 2015, 2016, and again in 2018 he was acknowledged for being the top annual producer of record since the company was founded in 1919.

*1980 to Present –* Stewart Family Farm, Hanford, CA,  cotton and almonds. Robb is proud to be a 4th generation family farmer.

*1991 to 2006 –* Security Pacific Bank/Bank of America,Appraisal and Trust Real Estate Department. During this 15 year term Robb provided real estate service to customers and clients relating to farm management, finance, appraisal, sales, acquisitions, and 1031 tax deferred exchanges. Robb was responsible for 5 western states and a portfolio valued in excess of $250,000,000.

**EDUCATION/ACCREDITATION/LICENSE**
*1996 –* American Society of Farm Managers and Rural Appraisers, Accredited Farm Manager (AFM)
*1993 –* California Real Estate License
*1991 –* California State University, Fresno, Bachelor of Business Science Degree in Agricultural

**PROFESSIONAL AFFILIATIONS & ACCREDITATIONS**
· Tulare County Association of Realtors
· Member American Society of Farm Managers and Rural Appraisers
· Member for trends agricultural and lease values Region 5

**NOTABLE TRANSACTION SUMMARY**
· 5,014.93± ac., Pistachios and Farmland
· 2,999.71± ac., Table Grapes and Farmland
· 2,801.35± ac., Farmland
· 1,690.66± ac., Almond Orchard
· 1,509.21± ac., Pistachios
· 1,237.33± ac., Almond Orchards
· 1,049.67± ac., Table Grape Vineyard
· 993.29± ac., Almond Orchard
· 636.66± ac., Farmland and Dairy Facility
· 577.25± ac., Cherry Orchard
· 407.27± ac., Almond, Pistachio and Pomegranate Orchard
· 320.00± ac., Citrus Orchard
· 180.76± ac., Pistachio Orchard

All information contained herein is deemed reliable but not guaranteed by seller nor broker and should be independently verified by potential buyers. We assume no liability for errors or omissions.



**FRESNO**
7480 N. Palm Ave, Ste 101
Fresno,  CA 93711
559.432.6200

**VISALIA**
3447 S. Demaree St.
Visalia, CA 93277
559.732.7300

**BAKERSFIELD**
4900 California Ave., #210B
Bakersfield , CA 93309
661.334.2777

30

**Exhibit 4**
**36**

**MARICOPA ORCHARDS, ET AL.**                    FRESNO, MERCED, MADERA, KINGS, TULARE, & KERN COUNTIES, CA



A.J. Ferdinandi brings experience, education, youth, and enthusiasm to Pearson Realty. A.J. has been with Pearson Realty since 2017 and has already earned his way to Sr. Vice President. When not working, you can find him with his wife Katie, traveling, or spending time with friends and family.

### CAREER SUMMARY/EXPERIENCE
*2017 to Present – Pearson Realty, Sr. Vice President, Ag Division, specializing in farmland and agribusiness transactions.*

*2014 – Intern for Simplot Grower Solutions*

*Previous Experience – Farmed for Isla Vista Farm Management*

*through childhood and early adulthood.*

### EDUCATION
*2017 - Bachelor of Science degree, California Polytechnic State University, San Luis Obispo, majored in Agricultural Communication.*

*2013 - San Joaquin Memorial High School.*

### PROFESSIONAL AFFILIATIONS & ACCREDITATIONS
- Fresno Farm Bureau Association
- National Association of Realtors
- California Association of Realtors
- Fresno Association of Realtors
- Board Member - Fresno State Bulldog Foundation

### AWARDS
- 2018 - Rookie of the Year

### TRANSACTION SUMMARY
- Tree Fruit: 12,686± acs.
- Almonds: 4,200± acs.
- Pistachios: 1,228± acs.
- Vineyard: 3,257± acs.
- Walnuts: 300± acs.
- Citrus: 525± acs.
- Cattle Ground: 3,101± acs.
- Irrigated Crop Land: 2,646± acs.
- Cold Storage: 134,927± sf.
**Total Sales: $617,000,000+**
**Total Acres: 28,000+**

### PROPERTIES LISTED OR PENDING
- Over 13,000± Acres / $240,000,000

## A.J. FERDINANDI
*Senior Vice President, Ag Division*

**Cell:** 559.999.0318
aferdinandi@pearsonrealty.com
CA DRE #02042254

All information contained herein is deemed reliable but not guaranteed by seller nor broker and should be independently verified by potential buyers. We assume no liability for errors or omissions.



**FRESNO**
7480 N. Palm Ave. Ste 101
Fresno, CA 93711
559.432.6200

**VISALIA**
3447 S. Demaree St.
Visalia, CA 93277
559.732.7300

**BAKERSFIELD**
4900 California Ave., #210B
Bakersfield , CA 93309
661.334.2777

31

Exhibit 4
37

**MARICOPA ORCHARDS, ET AL.**                    FRESNO, MERCED, MADERA, KINGS, TULARE, & KERN COUNTIES, CA



**KAMERON M. STEWART**
*Senior Vice President, Ag Division*

Direct Line: 661.334.2777
Cell: 661.809.1817
kstewart@pearsonrealty.com
CA DRE #02030354

As a Senior Vice President in our Bakersfield and Visalia offices since 2020 Kameron specializes in farm, ranch, and transitional land sales. Kameron has worked in agriculture since high school and is a 5th generation family farmer and a 3rd generation real estate professional at Pearson Realty. Kameron's strong work ethic and firsthand knowledge learned from working on the family farm, have contributed to the satisfaction of his client's success and the achievement of their estate goals and objectives.

**CAREER SUMMARY/EXPERIENCE**
*2020 to Present – Pearson Realty, Ag Division*

*2016 to Present – Farm Manager, Stewart Legacy Farming Co.*

*2016 and Prior – Stewart Family Farms*

**EDUCATION**
*2020 - California Real Estate Licensee*

*2016 - Bachelor of Science in Agricultural Business, California State University, Fresno*

**AWARDS**
- 2021 - Rookie of the Year

**NOTABLE TRANSACTION SUMMARY**
- 9.95±acs Stockdale Hwy Open Land
- 16.6±acs Riverdale Feedlot
- 19.62±acs Enos Lane Farmland
- 75.36±acs DEID Table Grapes
- 117.4±acs SWID Almonds/Solar/Shop
- 152.17±acs Semi Tropic WSD Almonds
- 154.63±acs Arvin Almonds and Farmland
- 155.73±acs Gun Club Rd. Wasco Almonds
- 158.18±acs Kern Delta WSD Lamont Farmland
- 213.37±acs Whitewolf Basin Arvin Farmland
- 240±acs Delano Organic Table Grapes
- 250.95±acs Flint Ave. Hanford Farmland
- 315.99±acs Delano Table Grapes
- 420.47±acs Ave. 56 Wine Grapes
- 431.55±acs Rowlee Rd. Almonds and Pistachios
- 631.12±acs Wildwood Wasco Almonds
- 959.54±acs Golden Bear Wasco Almonds



All information contained herein is deemed reliable but not guaranteed by seller nor broker and should be independently verified by potential buyers. We assume no liability for errors or omissions.

**FRESNO**
7480 N. Palm Ave, Ste 101
Fresno, CA 93711
559.432.6200

**VISALIA**
3447 S. Demaree St.
Visalia, CA 93277
559.732.7300

**BAKERSFIELD**
4900 California Ave., #210B
Bakersfield , CA 93309
661.334.2777

32

Exhibit 4
38

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this case. My business address is: **Saul Ewing 1888 Century Park East, Suite 1500, Los Angeles, CA 90067.**

A true and correct copy of the document entitled: **Receiver's Motion for Approval of Sale Procedures; Memorandum of Points and Authorities, Request for Judicial Notice, and Declarations of Phillip Christensen, Sullivan Grosz, and Zev Shechtman in Support Thereof** will be served or was served on the judge in chambers in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** The foregoing document will be served by the court via NEF and hyperlink to the document. On **February 19, 2025,** I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL:**

On **February 19, 2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed

☒ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 on **February 19, 2025,** I served the following persons and/or entities by personal delivery, overnight  mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
Honorable Kirk E. Sherriff
United States District Court, Eastern District of California
Robert E. Coyle Federal Courthouse
2500 Tulare Street, First Floor Clerk's Office
Fresno, CA 93721

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 19, 2025 | Hannah Richmond | /s/ *Hannah Richmond* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Mark Anishchenko**
  markanishchenko@dwt.com,rosalindcook@dwt.com
- **Robert Cullen Barton**
  rbarton@mwe.com,acorona@mwe.com,mnadel@mwe.com
- **Michael Barrett Brown**
  michael.brown@stoel.com,docketclerk@stoel.com,rebecca.lerma@stoel.com,jill.keehnen@stoel.com,ha.nguyen@stoel.com
- **Dumar LLC**
  reisslaw@reisslaw.net
- **John D. Freed**
  jakefreed@dwt.com,kimberlysimmonsgreene@dwt.com
- **Michael S. Nadel , PHV**
  mnadel@mwe.com
- **Saul Reiss**
  reisslaw@reisslaw.net,fay.pugh@outlook.com
- **Zev M. Shechtman**
  Zev.Shechtman@saul.com,Zev.Shechtman@ecf.courtdrive.com,Shelly.Guise@saul.com,hannah.richmond@saul.com,LitigationDocketing@saul.com
- **Brodie Austin Surfus**
  bsurfus@wtjlaw.com,borozco@wtjlaw.com
- **Marshall Craig Whitney**
  mwhitney@wtjlaw.com,sgomez@wtjlaw.com,abroome@wtjlaw.com
- **Thomas Andrew Woods**
  thomas.woods@stoel.com,docketclerk@stoel.com,dalila.tobin@stoel.com,1261239420@filings.docketbird.com,rebecca.lerma@stoel.com

2. **SERVED BY UNITED STATES MAIL (continued)**:

John A. Bezmalinovic, General Counsel
Katrina Ingrao
The Assemi Group
5260 N. Palm Ave., Suite 421
Fresno, CA 93704

Fay Pugh
Law Offices of Saul Reiss, P.C.
11835 W. Olympic Blvd., Suite 415E
Los Angeles, Ca 90064

Ashlan & Hayes Investments, LLC
c/o Agent for Service of Process
John A. Bezmalinovic, General Counsel
The Assemi Group
5260 N. Palm Ave., Suite 421
Fresno, CA 93704

Grantor Fresno Clovis Investments, LLC
c/o Agent for Service of Process
John A. Bezmalinovic, General Counsel
The Assemi Group
5260 N. Palm Ave., Suite 421
Fresno, CA 93704

Dirk B. Paloutzian
Natalya M. Ferdinandi
Baker Manock & Jensen, PC
5260 North Palm Avenue, Suite 201
Fresno, California 93704

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (continued)** :

**VIA EMAIL:**

- JBezmalinovic@assemigroup.com
- kingrao@assemigroup.com
- reisslaw@reisslaw.net
- fay.pugh@outlook.com
- dpaloutzian@bakermanock.com
- nferdinandi@bakermanock.com
- AThomson@bakermanock.com
- joevanleuven@DWT.COM

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100