MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  916.447.0700
Facsimile:  916.447.4781

*Attorneys for Plaintiffs*
BRIGHTHOUSE LIFE INSURANCE COMPANY,
METROPOLITAN LIFE INSURANCE COMPANY,
and METLIFE REAL ESTATE LENDING, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br>v.<br>ACDF, LLC, a California limited liability company, *et al.*,<br><br>Defendants.<br><br>[X] Affects All Cases<br>☐ Affects Metropolitan Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01261<br>☐ Affects Metropolitan Life Ins. Co. v. FNF Farms, LLC, et al., 1:24-cv-01226<br>☐ Affects Metropolitan Life Ins. Co. v. C & A Farms, LLC, et al., 1:24-cv-01230<br>☐ Affects Metropolitan Life Ins. Co. v. Maricopa Orchards, LLC, et al., 1:24-cv-01231<br>☐ Affects Brighthouse Life Ins. Co. v. Kamm South, LLC, et al., 1:24-cv-01232<br>☐ Affects Brighthouse Life Ins. Co. v. Manning Avenue Pistachios, LLC, et al., 1:24-cv-01233 Case No. 1:24-cv-01233<br>☐ Affects Brighthouse Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01235<br>☐ Affects MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC, et al., 1:24-cv-01241 | Lead Case No. 1:24-cv-01261-KES-SAB<br><br>Consolidated with Case Nos:<br>1:24-cv-01226; 1:24-cv-01230;<br>1:24-cv-01231; 1:24-cv-01232;<br>1:24-cv-01233; 1:24-cv-01235; and<br>1:24-cv-01241<br><br>**PLAINTIFFS' JOINT RESPONSE TO MARICOPA DEFENDANTS' STATEMENT OF POSITION IN RESPONSE TO RECEIVER PHIL CHRISTENSEN'S APPLICATION FOR APPROVAL OF SALES PROCEDURES**<br><br>Judge: Hon. Kirk E. Sherriff<br>Date: March 3, 2025<br>Time: 1:30 p.m.<br>Location: Robert E. Coyle U.S. Courthouse<br>2500 Tulare Street<br>Courtroom 6, 7th Floor<br>Fresno, CA 93721 |

Plaintiffs Metropolitan Life Insurance Company, MetLife Real Estate Lending LLC, and Brighthouse Life Insurance Company (collectively, "Plaintiffs") hereby submit this Response to Defendants'[1] Statement of Position In Response to Receiver Phil Christensen's Ex Parte Application for Approval of Sales Procedures ("Motion") (Dkt. 106).

## RESPONSE

Defendants' Statement is not an objection. It is a statement of unsubstantiated concern over a non-existent sale of collateral. (Dkt. 106, at 2: 23). The Motion requests approval of a sale procedure process to be applied to potential future sales of collateral. It does not involve any particular or hypothetical sale *terms* that Defendants seem to be concerned about.

With no sale terms at issue in the Motion, there is no basis for Defendants' conclusion that "the sale of the farming and processing assets on an individual basis does not serve the goal of maximizing value where the assets are designed to be and have historically been operated as an integrated enterprise."[2] And if there were any detail or certainty in the averred "expressions of interest from buyers"[3] that corroborated Defendants' concerns, Defendants would have provided it. Rather, there is no evident basis for Defendants' suggestion that all collateral, in all receivership estates, in all Related Cases[4], will or can be sold in one unified sale. There is certainly no evidence that if that could happen, that it would happen anytime soon.

---

[1] Touchstone Pistachio Company, LLC, ACAP Farms, LLC, ACDF, LLC, Adams Grantor Land, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C&A Farms, LLC, Cantua Orchards, LLC, Cooper Avenue Investments, LLC, Favier Ranch, LLC, FFGT Farms, LLC, Gradon Farms, LLC, Grantland Farms, LLC, Granville Farms, LLC, Lincoln Grantor Farms, LLC, Manning Avenue Pistachios, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC, Sageberry Farms, LLC, Whitesbridge Farms, LLC, Willow Avenue Investments, LLC, and Winston Farms, LLC.
[2] Dkt. 106, at 4: 24-25.
[3] Dkt. 106, at 9, ¶ 12.
[4] *Metropolitan Life Insurance Company v. ACDF, LLC, et al.*, 1:24-cv-01261; *Metropolitan Life Insurance Company v. C & A Farms, LLC et al.*, 1:24-cv-01230; *Metropolitan Life Insurance Company v. FNF Farms, LLC et al.*, 1:24-cv-01226; *Metropolitan Life Insurance Company v. Maricopa Orchards, LLC et al.*, 1:24-cv-01231; *Brighthouse Life Insurance Company v. Kamm South, LLC et al.*, 1:24-cv-01232; *Brighthouse Life Insurance Company v. Manning Avenue Pistachios, LLC et al.*, 1:24-cv-01233; *Brighthouse Life Insurance Company v. ACDF, LLC, et al.*, 1:24-cv-01235; *MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC et al.*, 1:24-cv-01241; *The Prudential Insurance Company of America, et al. v. ACDF, LLC, et al.*, 1:24-cv-01102-KES-SAB; *U.S. Bank National Association v. Touchstone Pistachio Company, LLC, et al.*, 1:24-cv-01105; *U.S. Bank National Association v. Assemi, et al.*, 1:24-cv-01393; *American Equity Investment Life Company v. Maricopa Orchards, LLC et al.*, 1:24-cv-01406; *Federal Agricultural Mortgage Corporation v. Assemi Brothers, LLC et al.*, 1:24-cv-01455 (the "Related Cases).

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

JOINT RESPONSE TO MARICOPA DEFENDANTS' STATEMENT OF POSITION

-2-

LEAD CASE NO. 1:24-CV-01261-KES-SAB

128079128.1 0053564-00653

Contrary to the Statement's suggestion, there is no reason to presume that Plaintiffs – who must seek to maximize all collateral value – will choose to implement a sales plan meant to "materially devalue" the receivership estates.[5] It would make no apparent sense to sell a commercial agricultural property in a way that first chooses to cut it off from its irrigation source. After all, during the Receivership Appointment Order process, the parties and intervenors spent substantial time and money arriving at terms ensuring that collateral was <u>not</u> cut off from its water sources.[6] There is no basis in the record for Defendants' stated concern.

The record shows that Receivers appointed by this Court over receivership estates in Related Cases have expressed their observation that when applying business judgment, the value of some collateral may be benefitted by sales conjoined with that of collateral from other Receivership Estates – some not.[7] And this comports with the nature of the loans in Plaintiffs' cases. It may be recalled that all of Plaintiffs' loans are "siloed." The loans were not secured by the collateral that is an "integrated whole." The financing was requested and backed by very valuable collateral packages that are part of the integrated whole. The specific collateral portfolios were offered, appraised, valued, underwritten, and the loans financed, all because Plaintiffs' interests in the collateral packages tied to each estate has substantial value. We would not be here if it were true that collateral standing alone from the integrated whole lacked substantial value as Defendants suggest.

The Receivers are also known to be dialoguing and cooperating with one another over the details of their respective receivership estates. Each Receiver, after months of coming to work with the estates, has come to understand that sales of certain collateral, standalone, would be apparently

---

[5] Dkt. 106, at 9, ¶ 11.
[6] *See e.g.*, *Metropolitan Life Insurance Company v. ACDF, LLC, et al.*, 1:24-cv-01261, Dkt. 45, at 6-7, ¶ 8
[7] S*ee The Prudential Insurance Company of America, et al. v. ACDF, LLC, et al.*, Case No. 1:24-cv-01102-KES-SAB, Declaration of Lance Miller In Support of Order Authorizing Engagement and Compensation of Capstone Capital Markets LLC as Investment Banker, Dkt. 157-1, at 3: 20-27; Declaration of 4:1-3; *see also Metropolitan Life Insurance Company v. ACDF, LLC, et al.*, Case No. 1:24-cv-01261-KES-SAB, Receiver's (Phil Christensen) Motion For Approval of Sale Procedures, Dkt. 101, at 6: 5-8.

more productive for the benefit of the estates than trying to coordinate its sale in an omnibus sale of an integrated whole that would not maximize the value of the collateral.

Since the Defendants' Statement is not an objection but an expression of unsubstantiated concern that is not supported by the record, Plaintiffs ask that the Statement be disregarded so that Plaintiffs' lien enforcement may continue in accordance with the Receiver's (Phil Christensen) business judgment.

DATED: March 1, 2025                                                    STOEL RIVES LLP

/s/ Thomas A. Woods
MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com

*Attorneys for Plaintiffs*
BRIGHTHOUSE LIFE INSURANCE COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, and METLIFE REAL ESTATE LENDING, LLC

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

JOINT RESPONSE TO MARICOPA DEFENDANTS' STATEMENT OF POSITION        -4-        LEAD CASE NO. 1:24-CV-01261-KES-SAB

128079128.1 0053564-00653