ZEV SHECHTMAN (BAR NO. 266280)
Zev.Shechtman@saul.com
CAROL CHOW (BAR NO. 169299)
carol.chow@saul.com
RYAN COY (BAR NO. 324939)
ryan.coy@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Phillip Christensen, as Receiver

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACDF, LLC, a California limited liability company, et al.,<br><br>Defendants.<br><br>☒ Affects All Cases<br>☐ Affects Metropolitan Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01261<br>☐ Affects Metropolitan Life Ins. Co. v. FNF Farms, LLC, et al., 1:24-cv-01226<br>☐ Affects Metropolitan Life Ins. Co. v. C & A Farms, LLC, et al., 1:24-cv-01230<br>☐ Affects Metropolitan Life Ins. Co. v. Maricopa Orchards, LLC, et al., 1:24-cv-01231<br>☐ Affects Brighthouse Life Ins. Co. v. Kamm South, LLC, et al., 1:24-cv-01232<br>☐ Affects Brighthouse Life Ins. Co. v. Manning Avenue Pistachios, LLC, et al., 1:24-cv-01233 Case No. 1:24-cv-01233 | Lead Case No. 1:24-cv-01261-KES-SAB<br><br>Consolidated with Case Nos: 1:24-cv-01226; 1:24-cv-01230; 1:24-cv-01231; 1:24-cv-01232; 1:24-cv-01233; 1:24-cv-01235; and 1:24-cv-01241<br><br>**REPLY OF RECEIVER IN SUPPORT OF MOTION FOR APPROVAL OF SALE PROCEDURES**<br><br>Hearing:<br>Judge:  Hon. Kirk E. Sherriff<br>Date:   March 17, 2025<br>Time:  1:30 p.m.<br>Crtrm.: Robert E. Coyle U.S. Courthouse<br>        2500 Tulare Street<br>        Courtroom 6, 7th Floor<br>        Fresno, CA 93721 |

55195912.2 392865-00009

☐ Affects Brighthouse Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01235
☐ Affects MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC, et al., 1:24-cv-01241

Phillip Christensen, as Receiver (the "Receiver"), hereby replies to: (1) the *Statement of Position in Response to Ex Parte Application for Approval of Sales Procedures* (ECF No. 106) (the "Statement") filed by the Maricopa Defendants (who are named and defined in the Statement); and (2) informal comments from the Prudential Receiver (in *Prudential Insurance Company of America et al v. ACDF, LLC et al*., case number 1:24-cv-01102); and in support of the *Receiver's Motion for Approval of Sale Procedures* (ECF No. 101) (the "Motion"),[1] as follows:

## I. Maricopa Defendants' Statement

1. Throughout this Receivership, the Receiver has regularly communicated and coordinated with the Prudential Receiver. The Receiver has identified seven parcels that are connected geographically and by integrated irrigation systems and therefore, as presently situated, must be farmed together with parcels in the Prudential Receivership estate. For that reason, those seven parcels are part of a proposed agreement, which remains the subject of negotiations between the Receiver and the Prudential Receiver, for a joint sale with respect to those distinct properties.

2. The Receiver's efforts are described in the attached declaration of Phillip Christensen.

3. The Receiver has hired water counsel, has consulted with water experts, has a team of farm managers, and is an experienced farmer in his own right. The Receiver and the Receiver's team have worked diligently to ensure that the properties within the Receivership estate can be sold for their highest values, as contemplated by the Appointment Orders.

---

[1] Unless otherwise indicated, defined terms are the same as in the Motion.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

4. The Receiver has an obligation to protect the properties within the Receivership.

5. Taken to its logical end, the Maricopa Defendants' position could be read as encouraging the sacrifice of the value of a particular property within this estate —a secured creditor's collateral—for the chance at a potential global sale. That might mean, for example, delaying a sale of a particular property, incurring unfunded added expense associated with that property, while the Maricopa Defendants continue to pursue a global sale of their enterprise, now comprised of several receivership estates. That is not something the Receiver can or should do.

6. The Receiver has not been approached by a potential buyer for all of the assets of this Receivership estate. However, the procedures proposed in the Motion could be used to achieve such a sale if such a buyer emerges and presents an offer to the Receiver.

7. The Receiver is seeking to sell the estate properties for their maximum value.

8. The estate cannot afford to postpone the process, which no creditor has opposed.

9. The Maricopa Defendants suggest that it can take years to untangle the intertwined enterprise that they created. Hollrah declaration in support of Statement at ¶ 6, ECF No. 106. The Maricopa Defendants cannot demand that such an untangling be done at the expense of their creditors.

10. The Receiver has identified properties within the portfolio that can be sold as stand-alone properties.

11. Still, both receivers have taken the interconnected nature of certain assets into account and are attempting to negotiate terms to sell together the properties that are more valuable together, while selling separately the properties that are not.

12. The Receiver is not managing the properties the same way as the Maricopa Defendants did. Nor could he, since he is the receiver for less than 10% of the Maricopa Defendants' lands. However, the Receiver understands the relationships with respect to certain properties and is appropriately addressing them.

13. The Receiver is appropriately exercising his business judgment.

14. The Receiver has conferred with the Maricopa Defendants as well as the Prudential Receiver and is open to opportunities for further coordination. However, that coordination can

and should occur parallel with the proposed sale process, in a manner consistent with the Appointment Orders, without limiting the Receiver's powers or attempting to change the course of this estate.

## II.   Informal Comments of Prudential Receiver

1.   The Receiver and the Prudential Receiver have engaged in productive discussions regarding the form of order on this Motion. The Prudential Receiver proposed revisions that would address the receivers' pending negotiations regarding the properties that may ultimately be sold jointly. Attached as **Exhibit 1** hereto is a redline reflecting the revisions to which the Prudential Receiver and the Receiver have agreed.

## III.   Request for Relief

Based on the foregoing, the Receiver respectfully requests that the Court enter the proposed order in the form of the attached Exhibit 1.

DATED: March 6, 2025                              SAUL EWING LLP

By: _____
ZEV SHECHTMAN
Attorneys for Phillip Christensen, as Receiver

## DECLARATION OF PHILLIP CHRISTENSEN

I, Phillip Christensen, declare as follows:

1. I am the Receiver in the above-entitled action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

2. I make this declaration in support of my above reply in support of the Motion for Approval of Sale Procedures (the "Motion"). Defined terms are the same as in the Motion.

3. While I have not regularly coordinated with the Touchstone Receiver, I am open to such coordination.

4. This Receivership estate with approximately 4,000 acres is less than 10% of the entirety of the Maricopa Defendants' holdings. Most of the remaining acres are in the Prudential Receivership estate.

5. Since my appointment, I and my team have been in regular communication with the Prudential Receiver, Lance Miller. I have weekly and sometimes twice-weekly calls directly with the Prudential Receiver and/or through our staff to discuss business affecting both receiverships, including joint sales, water issues, collections, or other farming matters, consistent with the letter and the spirit of the orders appointing both receivers.

6. During this Receivership, my team and I have evaluated farming needs and activity and conducted diligence on water rights, conditions, and needs on every parcel in our custody.

7. Through this analysis, I have determined that seven parcels in this Receivership are connected, geographically and with integrated irrigation systems, to properties in the Prudential Receivership. We have determined that these particular seven parcels are likely to be most valuable if sold together with properties in the Prudential Receivership. These seven parcels are mentioned in an attachment to the Prudential Receiver's pending motion to approve an agreement between me and the Prudential Receiver to jointly sell certain properties through Capstone, a firm being engaged by the Prudential Receiver.

8. As discussed in the Motion, I have hired Pearson Realty, a highly qualified brokerage to assist me with the sales process with respect to the properties that I am not selling

1  together with the Prudential Receiver.

2      9. I believe that a delay in the sale process that I have proposed in the Motion would

3  harm this estate by increasing the cost.

4      10. I am in favor of continued coordination as well as exploring ways to improve the

5  process for all constituents.

6      11. I believe that by seeking the relief in this Motion, I am properly exercising my

7  business judgment to achieve the highest values possible for the properties in this estate.

8      12. I request that the Motion be approved without delay.

10  I declare under penalty of perjury under the laws of the United States of America that the

11  foregoing is true and correct.

12  Executed on this 5th day of March, 2025.



Phillip Christensen

# EXHIBIT 1

ZEV SHECHTMAN (BAR NO. 266280)
Zev.Shechtman@saul.com
CAROL CHOW (BAR NO. 169299)
carol.chow@saul.com
RYAN COY (BAR NO. 324939)
ryan.coy@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Phillip Christensen, as Receiver

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACDF, LLC, a California limited liability company, et al.,<br><br>Defendants. | Lead Case No. 1:24-cv-01261-KES-SAB<br><br>Consolidated with Case Nos:<br>1:24-cv-01226; 1:24-cv-01230;<br>1:24-cv-01231; 1:24-cv-01232;<br>1:24-cv-01233; 1:24-cv-01235; and<br>1:24-cv-01241<br><br>**[PROPOSED] ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF SALE PROCEDURES** |
| ☒ Affects All Cases<br>☐ Affects Metropolitan Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01261<br>☐ Affects Metropolitan Life Ins. Co. v. FNF Farms, LLC, et al., 1:24-cv-01226<br>☐ Affects Metropolitan Life Ins. Co. v. C & A Farms, LLC, et al., 1:24-cv-01230<br>☐ Affects Metropolitan Life Ins. Co. v. Maricopa Orchards, LLC, et al., 1:24-cv-01231<br>☐ Affects Brighthouse Life Ins. Co. v. Kamm South, LLC, et al., 1:24-cv-01232<br>☐ Affects Brighthouse Life Ins. Co. v. Manning Avenue Pistachios, LLC, et al., 1:24-cv-01233 Case No. | Hearing:<br>Judge: Hon. Kirk E. Sherriff<br>Date: ~~To be determined~~ March 10, 2025<br>Time: ~~To be determined~~ 1:30 p.m.<br>Crtrm.: Robert E. Coyle U.S. Courthouse<br>2500 Tulare Street<br>Courtroom 6, 7th Floor<br>Fresno, CA 93721 |

55218334.1 392865-00009

**Exhibit 1**

7

1:24-cv-01233
☐ Affects Brighthouse Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01235
☐ Affects MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC, et al., 1:24-cv-01241

The Court having held a hearing on the *Receiver's Motion for Approval of Sale Procedures* (ECF No. ___) (the "Motion"), filed by Phillip Christensen, as Receiver (the "**Receiver**") in the above-captioned administratively consolidated civil actions; having read and considered the Motion and the evidence submitted therewith, and oppositions thereto and replies in support thereof; having heard oral argument of the parties at the hearing; notice being adequate and proper; and good cause appearing therefor; it is hereby

**ORDERED THAT:**

1. The Motion is granted.

2. The Court hereby approves the following sale procedures (the "**Sale Procedures**"):[1]

### Sale Procedures

1. **Listing Agreement.** The Receiver may execute Listing Agreements with the Broker substantially in the form of **Exhibit 2** to the Motion with respect to any and all of the Subject Properties.

2. **Marketing:**

    a. **Listing Services.** the Broker will publish the listing of the Subject Properties on commercially reasonable sites and databases and take commercially reasonable actions to show the Subject Properties.

    b. **Publication of Sale.** The Broker will list the sale in the Fresno Bee or other

---

[1] Unless otherwise stated, defined terms are the same as in the Motion.

1  local newspaper for four weeks from the date of the issuance of the Sale Procedures Order (the
2  "Publication Period") in compliance with 28 U.S.C. § 2002. Any Auction or Sale Hearing of a
3  Subject Property shall not occur before the conclusion of the Publication Period. The publication
4  of the sale shall include a short description of the Subject Property and contact information for the
5  Broker (phone number and/or website link) and state that the sale is subject to court approval. The
6  date of the Auction or Sale Hearing may be undetermined at the time of publication.

7        c.    **Overbidding.** If the Broker receives a bid, the Broker will continue to
8  market for higher and better bids until the deadline to submit bids for auction.

9      3.    **Auction and Sale Hearing.** If more than one bidder becomes qualified to bid for
10  the purchase of a Subject Property, an auction will be held in open Court at a hearing date to be
11  determined by the Receiver and noticed, which shall not be before the conclusion of the
12  Publication Period (the "Auction" and "Sale Hearing"). At the conclusion of the Auction, the
13  Receiver will seek confirmation of the sale to the successful bidder and entry of an order
14  authorizing the sale. If only one bidder timely submits a qualified bid, then the Receiver will
15  request entry of an order at the Sale Hearing without holding an Auction.

16      4.    **Qualification to Bid.** To submit a qualified bid, a prospective purchaser must
17  submit its bid in writing by a date noticed by the Receiver and such bid must clearly include the
18  following terms or information (a "Qualified Bid" and a "Qualified Bidder"):

19        a.    **Deposit.** A deposit of 5% of the purchase price which must be delivered to
20  the Receiver with the Qualified Bid (the "Deposit"). The Receiver will hold the Deposit in trust or
21  escrow pending approval of the Court. The Deposit shall be nonrefundable unless:

22          i.    Another bidder is the successful bidder at auction and the Qualified
23  Bidder does not wish to be deemed a backup bidder; or

24          ii.    The Court does not approve the sale through no fault of the
25  Qualified Bidder.

26        b.    **Contingencies.** As of the date of the Auction there will be no outstanding
27  contingencies other than the approval of the Court.

28

c. **Subject to Overbid at Auction and Court Approval.** The sale is subject to overbidding at auction and Court approval.

d. **No Liability of Receiver.** The Receiver shall have no liability under any circumstances, and the Qualified Bidder's only possible remedy in the event of alleged breach by Receiver is return of its Deposit.

e. **Good Faith.** The Qualified Bidder must submit a declaration signed under penalty of perjury disclosing any connections such bidder has to the Receiver, the Broker, any owner, borrower, or insider thereof, any creditor, or other interested party, and that it has not, and will not, collude with any other potential purchasers or anyone else with respect to the sale.

f. **Ability to Close.** A Qualified Bid must be accompanied by evidence of the bidder's financial ability to close unconditionally in form and substance satisfactory to the Receiver.

g. **Purchase and Sale Agreement.** The Qualified Bid shall include a signed Purchase and Sale Agreement in form and content satisfactory to the Receiver indicating a readiness to immediately enter escrow. The Broker will provide a form of Purchase and Sale Agreement, and the Qualified Bidder must provide a redline with the Qualified Bid reflecting any revisions to such form.

5. **Stalking Horse Terms.** The Receiver may, in the Receiver's sole discretion, offer incentives to initial bidders who submit Qualified Bids as defined above to serve as a "Stalking Horse Bidder," meaning that such bidder will submit an initial offer subject to overbid at Auction. Such Stalking Horse bids may include the following term in addition to other terms determined by the Receiver in the Receiver's sole discretion:

a. **Breakup Fee.** The Receiver may offer a breakup fee of up to 2% of the initial bid amount to a Stalking Horse Bidder which will be paid if, and only if, an overbidder other than the Stalking Horse Bidder is the successful purchaser of the Subject Property after Auction, Court approval, after closing of such sale.

6. **Dates and Deadlines.** The Receiver may schedule, reschedule, continue, adjourn,

extend or modify any dates and deadlines or other terms relating to any provisions of these Sale Procedures in the Receiver's sole discretion including the Auction or Sale Hearing.

7. **Notice of Sale Hearing and Auction.** The Auction or Sale Hearing will be held after the conclusion of the Publication Period. The Receiver will give not less than 14 days' written notice of any Auction or Sale Hearing to the parties entitled to notice in this case and to parties who have submitted a Qualified Bid. The notice will include the initial overbid amount and initial minimum bidding increments and any other details the Receiver deems appropriate including the Plaintiff's estimated secured loan payoff amount. The initial overbid amount must be enough to pay the breakup fee plus a meaningful increase in value to the estate, taking account of any applicable commissions, in the Receiver's discretion. Creditors may file objections to a proposed sale not less than 7 days before the Sale Hearing. The Receiver may file any reply 2 days before the Sale Hearing.

8. **Sale Free and Clear of Plaintiff's Lien**. Subject to compliance with the terms hereof and payoff of their lien, the Plaintiffs will release, relinquish and reconvey their liens upon closing of escrow of the sale of the Subject Property. The Receiver is not seeking to sell free and clear of any other liens or encumbrances except to the extent such liens are being paid off through escrow pursuant to the applicable purchase and sale agreement (e.g., seller's portion of real property taxes).

9. **Amendments or Modifications.** The Receiver may amend, modify, supplement, or change these Sale Procedures in the Receiver's discretion as necessary or appropriate to run this sales process, with all terms ultimately being subject to Court approval at or before the conclusion of the Sale Hearing.

10. **Alternative Sales of Subject Properties.** For one or more of the Subject Properties, the Receiver may procure a Qualified Bidder without the assistance of the Broker. This may include Qualified Bidders procured by the Receiver independently or through the services of a professional other than Broker.

   a. If such Qualified Bidder is procured by the Receiver independently, such

1  prospective purchaser shall be referred to as a "Designated Prospective Purchaser."  In that
2  scenario, the Receiver may, but is not required to, enter into a Listing Agreement with the Broker
3  to assist with marketing the Subject Property to overbidders.  If the Designated Prospective
4  Purchaser is the successful buyer at the conclusion of the Sale Hearing, the Broker will not be
5  entitled to a commission, but may seek reimbursement of actual costs up to $10,000 incurred for
6  the marketing of the Subject Property.  If the Broker is not utilized for such sale, the term
7  "Broker" herein should be understood to include the Receiver or another broker of the Receiver's
8  selection.

9        b.  ~~Alternatively, for Properties not listed with the Broker, the~~The Receiver
10  ~~may engage a professional jointly~~is negotiating with the Prudential Receiver in case number
11  1:24-cv-01102 pending before this Court~~.~~ (the "Prudential Receiver" or "Prudential
12  Receivership") for a joint sale of certain of the Subject Properties, which belong to this
13  Receivership estate, together with Prudential Receivership properties, through the Prudential
14  Receiver's advisor, Capstone.  The Subject Properties which are the subjects of the proposed
15  agreement with the Prudential Receiver are limited to:

16      i.  APN 038-130-71S;
17      ii.  APN 038-130-62S;
18      iii.  APN 038-130-35S;
19      iv.  APN 038-200-09S;
20      v.  APN 038-200-04S;
21      vi.  APN 038-141-59S; and
22      vii.  APN 038-210-25S.

23  ~~b.~~ The Receiver's compliance with sale procedures established in the Prudential Receivership case
24  with respect to such joint sales ~~shall be~~are deemed to be compliant with all orders set forth in this
25  case.  If the Receiver decides to engage Pearson or another broker for the sale of the Subject
26  Properties mentioned above in section 10.b.(i)-(vii), the Receiver shall provide five (5) days'
27  notice to the Prudential Receiver before entering into such engagement.
28

55218334.1 392865-00009                                   6                                        ORDER FOR APPROVAL OF
                                                                                                    SALE PROCEDURES

**Exhibit 1**
**12**

1    11.    **Credit Bidding.**  Plaintiffs have the option to credit bid the full amount of their
2 secured claims without any premium to be paid therefor.

3    12.    **Sale Order.**  Promptly upon the conclusion of the Sale Hearing contemplated
4 herein, the Receiver will submit a sale order confirming the sale to the successful bidder,
5 designating any backup bidders, making such other appropriate findings and rulings as may be
6 requested by the Receiver at or before the hearing, including findings regarding the good faith of
7 any Qualified Bidder, and providing that the sale shall close by such date determined by the
8 Receiver (the "Sale Order").  If the Receiver complies with these Sale Procedures, which are
9 consistent with 28 U.S.C. §§ 2001 and 2002, no further motion must be filed before entry of the
10 Sale Order.

**IT IS SO ORDERED.**
Dated ~~February~~March __, 2025                    **UNITED STATES DISTRICT JUDGE**

55218334.1 392865-00009           7           ORDER FOR APPROVAL OF SALE PROCEDURES

**Exhibit 1**
13

| Summary report: Litera Compare for Word 11.10.0.38 Document comparison done on 3/5/2025 4:51:45 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://saul.cloudimanage.com/FIRMDMS/55222238/1 | |
| **Modified DMS:** iw://saul.cloudimanage.com/FIRMDMS/55218334/1 | |
| **Changes:** | |
| Add | 25 |
| Delete | 8 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 33 |

Exhibit 1

14

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this case. My business address is: **Saul Ewing 1888 Century Park East, Suite 1500, Los Angeles, CA 90067.**

A true and correct copy of the document entitled: **Reply of Receiver in Support of Motion for Approval of Sale Procedures** will be served or was served on the judge in chambers in the manner stated below:

**1.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: The foregoing document will be served by the court via NEF and hyperlink to the document. On **March 6, 2025,** I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.     SERVED BY UNITED STATES MAIL:**

On **March 6, 2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed

☒ Service information continued on attached page

**3.     SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 on **March 6, 2025,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 6, 2025 | Hannah Richmond | /s/ *Hannah Richmond* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - **Mark Anishchenko**
     markanishchenko@dwt.com,rosalindcook@dwt.com
   - **Robert Cullen Barton**
     rbarton@mwe.com,acorona@mwe.com,mnadel@mwe.com
   - **Michael Barrett Brown**
     michael.brown@stoel.com,docketclerk@stoel.com,rebecca.lerma@stoel.com,jill.keehnen@stoel.com,ha.nguyen@stoel.com
   - **Dumar LLC**
     reisslaw@reisslaw.net
   - **John D. Freed**
     jakefreed@dwt.com,kimberlysimmonsgreene@dwt.com
   - **Jane Kim**
     jkim@kbkllp.com
   - **Michael S. Nadel , PHV**
     mnadel@mwe.com
   - **Saul Reiss**
     reisslaw@reisslaw.net,fay.pugh@outlook.com
   - **Zev M. Shechtman**
     Zev.Shechtman@saul.com,Zev.Shechtman@ecf.courtdrive.com,Shelly.Guise@saul.com,hannah.richmond@saul.com,LitigationDocketing@saul.com
   - **Brodie Austin Surfus**
     bsurfus@wtjlaw.com,borozco@wtjlaw.com
   - **Marshall Craig Whitney**
     mwhitney@wtjlaw.com,sgomez@wtjlaw.com,abroome@wtjlaw.com
   - **Thomas Andrew Woods**
     thomas.woods@stoel.com,docketclerk@stoel.com,dalila.tobin@stoel.com,1261239420@filings.docketbird.com,rebecca.lerma@stoel.com

2. **SERVED BY UNITED STATES MAIL (continued)**:

| | |
|---|---|
| John A. Bezmalinovic, General Counsel<br>Katrina Ingrao<br>The Assemi Group<br>5260 N. Palm Ave., Suite 421<br>Fresno, CA 93704 | Fay Pugh<br>Law Offices of Saul Reiss, P.C.<br>11835 W. Olympic Blvd., Suite 415E<br>Los Angeles, Ca 90064 |
| Ashlan & Hayes Investments, LLC<br>c/o Agent for Service of Process<br>John A. Bezmalinovic, General Counsel<br>The Assemi Group<br>5260 N. Palm Ave., Suite 421<br>Fresno, CA 93704 | Grantor Fresno Clovis Investments, LLC<br>c/o Agent for Service of Process<br>John A. Bezmalinovic, General Counsel<br>The Assemi Group<br>5260 N. Palm Ave., Suite 421<br>Fresno, CA 93704 |

Dirk B. Paloutzian
Natalya M. Ferdinandi
Baker Manock & Jensen, PC
5260 North Palm Avenue, Suite 201
Fresno, California 93704

**3.     SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (continued) :**

**VIA EMAIL:**

- JBezmalinovic@assemigroup.com
- kingrao@assemigroup.com
- reisslaw@reisslaw.net
- fay.pugh@outlook.com
- dpaloutzian@bakermanock.com
- nferdinandi@bakermanock.com
- lalves@bakermanock.com
- joevanleuven@DWT.COM

2