# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>ACDF, LLC, a California limited liability company, et al.,<br><br>                Defendants. | Lead Case No. 1:24-cv-01261-KES-SAB<br><br>Consolidated with Case Nos:<br>1:24-cv-01226; 1:24-cv-01230; 1:24-cv-01231; 1:24-cv-01232; 1:24-cv-01233; 1:24-cv-01235; and 1:24-cv-01241<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF SALE PROCEDURES**<br><br>(Doc. 101) |
| ☒ Affects All Cases<br>☐ Affects Metropolitan Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01261<br>☐ Affects Metropolitan Life Ins. Co. v. FNF Farms, LLC, et al., 1:24-cv-01226<br>☐ Affects Metropolitan Life Ins. Co. v. C & A Farms, LLC, et al., 1:24-cv-01230<br>☐ Affects Metropolitan Life Ins. Co. v. Maricopa Orchards, LLC, et al., 1:24-cv-01231<br>☐ Affects Brighthouse Life Ins. Co. v. Kamm South, LLC, et al., 1:24-cv-01232<br>☐ Affects Brighthouse Life Ins. Co. v. Manning Avenue Pistachios, LLC, et al., 1:24-cv-01233 Case No. 1:24-cv-01233<br>☐ Affects Brighthouse Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01235<br>☐ Affects MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC, et al., 1:24-cv-01241 | |

On March 31, 2025, the Court held a hearing on the Motion for Approval of Sale Procedures (the "Motion"), Doc. 101, filed by Receiver Phillip Christensen (the "Receiver") in the above-captioned administratively consolidated civil actions (the "Cases"). Defendants in the Cases (collectively, the "Maricopa Defendants") filed a statement responding to the Motion, Doc. 106 (the "Statement"), and later, a Motion to Implement Procedures Coordinating Receivership Sale Processes, Doc. 118 (the "Motion to Implement Procedures"). The Receiver's Motion is otherwise unopposed. At the hearing on March 31, 2025, the Court denied the Maricopa Defendants' Motion to Implement Procedures and indicated its intention to grant the Receiver's Motion. Doc. 130.

The Court, having read and considered the Motion and all responsive filings, and the evidence submitted therewith, having heard the oral argument of the parties at the hearing on March 31, 2025, and being satisfied that notice of the Motion was adequate and proper, hereby **ORDERS THAT:**

1. The Motion (Doc. 101) is granted.

2. The Court hereby approves the following sale procedures (the "**Sale Procedures**"):[1]

### Sale Procedures

1. **Listing Agreement.** The Receiver may execute Listing Agreements with the Broker substantially in the form of **Exhibit 2** to the Motion with respect to any and all of the Subject Properties.

2. **Marketing:**

   a. **Listing Services.** the Broker will publish the listing of the Subject Properties on commercially reasonable sites and databases and take commercially reasonable actions to show the Subject Properties.

   b. **Publication of Sale.** The Broker will list the sale in the Fresno Bee or other local newspaper for four weeks from the date of the issuance of the Sale Procedures Order (the

---

[1] Unless otherwise stated, defined terms are the same as in the Motion.

1  "Publication Period") in compliance with 28 U.S.C. § 2002.  Any Auction or Sale Hearing of a
2  Subject Property shall not occur before the conclusion of the Publication Period.  The publication
3  of the sale shall include a short description of the Subject Property and contact information for the
4  Broker (phone number and/or website link) and state that the sale is subject to court approval.  The
5  date of the Auction or Sale Hearing may be undetermined at the time of publication.

6        c.    **Overbidding.** If the Broker receives a bid, the Broker will continue to
7  market for higher and better bids until the deadline to submit bids for auction.

8      3.    **Auction and Sale Hearing.**  If more than one bidder becomes qualified to bid for
9  the purchase of a Subject Property, an auction will be held in open Court at a hearing date to be
10 determined by the Receiver and noticed, which shall not be before the conclusion of the
11 Publication Period (the "Auction" and "Sale Hearing").  At the conclusion of the Auction, the
12 Receiver will seek confirmation of the sale to the successful bidder and entry of an order
13 authorizing the sale.  If only one bidder timely submits a qualified bid, then the Receiver will
14 request entry of an order at the Sale Hearing without holding an Auction.

15     4.    **Qualification to Bid.**  To submit a qualified bid, a prospective purchaser must
16 submit its bid in writing by a date noticed by the Receiver and such bid must clearly include the
17 following terms or information (a "Qualified Bid" and a "Qualified Bidder"):

18       a.    **Deposit.** A deposit of 5% of the purchase price which must be delivered to
19 the Receiver with the Qualified Bid (the "Deposit").  The Receiver will hold the Deposit in trust or
20 escrow pending approval of the Court.  The Deposit shall be nonrefundable unless:

21         i.    Another bidder is the successful bidder at auction and the Qualified
22 Bidder does not wish to be deemed a backup bidder; or

23         ii.    The Court does not approve the sale through no fault of the
24 Qualified Bidder.

25       b.    **Contingencies.** As of the date of the Auction there will be no outstanding
26 contingencies other than the approval of the Court.

27       c.    **Subject to Overbid at Auction and Court Approval.**  The sale is subject
28 to overbidding at auction and Court approval.

   d. **No Liability of Receiver.**  The Receiver shall have no liability under any circumstances, and the Qualified Bidder's only possible remedy in the event of alleged breach by Receiver is return of its Deposit.

   e. **Good Faith.** The Qualified Bidder must submit a declaration signed under penalty of perjury disclosing any connections such bidder has to the Receiver, the Broker, any owner, borrower, or insider thereof, any creditor, or other interested party, and that it has not, and will not, collude with any other potential purchasers or anyone else with respect to the sale.

   f. **Ability to Close.** A Qualified Bid must be accompanied by evidence of the bidder's financial ability to close unconditionally in form and substance satisfactory to the Receiver.

   g. **Purchase and Sale Agreement.**  The Qualified Bid shall include a signed Purchase and Sale Agreement in form and content satisfactory to the Receiver indicating a readiness to immediately enter escrow.  The Broker will provide a form of Purchase and Sale Agreement, and the Qualified Bidder must provide a redline with the Qualified Bid reflecting any revisions to such form.

 5. **Stalking Horse Terms.** The Receiver may, in the Receiver's sole discretion, offer incentives to initial bidders who submit Qualified Bids as defined above to serve as a "Stalking Horse Bidder," meaning that such bidder will submit an initial offer subject to overbid at Auction. Such Stalking Horse bids may include the following term in addition to other terms determined by the Receiver in the Receiver's sole discretion:

   a. **Breakup Fee.** The Receiver may offer a breakup fee of up to 2% of the initial bid amount to a Stalking Horse Bidder which will be paid if, and only if, an overbidder other than the Stalking Horse Bidder is the successful purchaser of the Subject Property after Auction, Court approval, after closing of such sale.

 6. **Dates and Deadlines.** The Receiver may schedule, reschedule, continue, adjourn, extend or modify any dates and deadlines or other terms relating to any provisions of these Sale Procedures in the Receiver's sole discretion including the Auction or Sale Hearing.

 7. **Notice of Sale Hearing and Auction.** The Auction or Sale Hearing will be held

after the conclusion of the Publication Period.  The Receiver will give not less than 14 days' written notice of any Auction or Sale Hearing to the parties entitled to notice in this case and to parties who have submitted a Qualified Bid.  The notice will include the initial overbid amount and initial minimum bidding increments and any other details the Receiver deems appropriate including the Plaintiff's estimated secured loan payoff amount.  The initial overbid amount must be enough to pay the breakup fee plus a meaningful increase in value to the estate, taking account of any applicable commissions, in the Receiver's discretion.  Creditors may file objections to a proposed sale not less than 7 days before the Sale Hearing.  The Receiver may file any reply 2 days before the Sale Hearing.

8. **Sale Free and Clear of Plaintiff's Lien**.  Subject to compliance with the terms hereof and payoff of their lien, the Plaintiffs will release, relinquish and reconvey their liens upon closing of escrow of the sale of the Subject Property.  The Receiver is not seeking to sell free and clear of any other liens or encumbrances except to the extent such liens are being paid off through escrow pursuant to the applicable purchase and sale agreement (e.g., seller's portion of real property taxes).

9. **Amendments or Modifications.**  The Receiver may amend, modify, supplement, or change these Sale Procedures in the Receiver's discretion as necessary or appropriate to run this sales process, with all terms ultimately being subject to Court approval at or before the conclusion of the Sale Hearing.

10. **Alternative Sales of Subject Properties.**  For one or more of the Subject Properties, the Receiver may procure a Qualified Bidder without the assistance of the Broker.  This may include Qualified Bidders procured by the Receiver independently or through the services of a professional other than Broker.

   a. If such Qualified Bidder is procured by the Receiver independently, such prospective purchaser shall be referred to as a "Designated Prospective Purchaser."  In that scenario, the Receiver may, but is not required to, enter into a Listing Agreement with the Broker to assist with marketing the Subject Property to overbidders.  If the Designated Prospective Purchaser is the successful buyer at the conclusion of the Sale Hearing, the Broker will not be

5

1 entitled to a commission, but may seek reimbursement of actual costs up to $10,000 incurred for
2 the marketing of the Subject Property.  If the Broker is not utilized for such sale, the term
3 "Broker" herein should be understood to include the Receiver or another broker of the Receiver's
4 selection.

5       b.      The Receiver is negotiating with the Prudential Receiver in case number
6 1:24-cv-01102 pending before this Court (the "Prudential Receiver" or "Prudential Receivership")
7 for a joint sale of certain of the Subject Properties, which belong to this Receivership estate,
8 together with Prudential Receivership properties, through the Prudential Receiver's advisor,
9 Capstone.  The Subject Properties which are the subjects of the proposed agreement with the
10 Prudential Receiver are limited to:

        i.      APN 038-130-71S;

        ii.      APN 038-130-62S;

        iii.      APN 038-130-35S;

        iv.      APN 038-200-09S;

        v.      APN 038-200-04S;

        vi.      APN 038-141-59S; and

        vii.      APN 038-210-25S.

The Receiver's compliance with sale procedures established in the Prudential Receivership case with respect to such joint sales are deemed to be compliant with all orders set forth in this case.  If the Receiver decides to engage Pearson or another broker for the sale of the Subject Properties mentioned above in section 10.b.(i)-(vii), the Receiver shall provide five (5) days' notice to the Prudential Receiver before entering into such engagement.

11.    **<u>Credit Bidding</u>.**  Plaintiffs have the option to credit bid the full amount of their secured claims without any premium to be paid therefor.

12.    **<u>Sale Order</u>.**  Promptly upon the conclusion of the Sale Hearing contemplated herein, the Receiver will submit a sale order confirming the sale to the successful bidder, designating any backup bidders, making such other appropriate findings and rulings as may be requested by the Receiver at or before the hearing, including findings regarding the good faith of

6

any Qualified Bidder, and providing that the sale shall close by such date determined by the Receiver (the "Sale Order"). If the Receiver complies with these Sale Procedures, which are consistent with 28 U.S.C. §§ 2001 and 2002, no further motion must be filed before entry of the Sale Order.

IT IS SO ORDERED.

Dated:     March 31, 2025

UNITED STATES DISTRICT JUDGE