JOHN D. FREED (State Bar No. 261518)
jakefreed@dwt.com
MARK A. ANISHCHENKO (State Bar No. 340324)
markanishchenko@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California  94111
Telephone:  (415) 276-6500
Fax:  (415) 276-6599

JOSEPH M. VANLEUVEN (*admitted pro hac vice*)
joevanleuven@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon  97205
Telephone:  (503) 778-5325
Fax:  (503) 701-0023

Attorneys for Intervenor
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br>v.<br><br>ACDF, LLC, a California limited liability company, as successor by merger to 104 PARTNERS, LLC; WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company; ASHLAN & HAYES INVESTMENTS, LLC, a California limited liability company; GRANTOR FRESNO CLOVIS INVESTMENTS, LLC, a California limited liability company; MARICOPA ORCHARDS, LLC, a California limited liability company; FARID ASSEMI, an individual; FARSHID ASSEMI, an individual; DARIUS ASSEMI, an individual; and DOES 1 through 100, inclusive,<br>Defendants. | Case No. 1:24-cv-01261-KES-SAB<br><br>**INTERVENOR U.S. BANK NATIONAL ASSOCIATION'S PRECAUTIONARY OBJECTION TO RECEIVER'S MOTION FOR SALE OF CHERRY FARMLAND** |

The Receiver has moved for an order authorizing him to sell certain cherry farmland real property and improvements (the "Subject Property"). (DKT 123; hereafter, the "Motion"). Intervenor U.S. Bank files this precautionary objection to ensure that such sale is not "free and clear" of the bank's security interest in the growing crops[1] on the Subject Property, absent U.S. Bank's consent.

For many years, U.S. Bank and its predecessor MUFG Union Bank provided a revolving line of credit (the "Crop Loan") to the farming entity defendants in this case and other farming entities owned by the Assemis (collectively, the "Borrowers"). Borrowers used the Crop Loan to finance their farming operations. FNF Farms, LLC and Willow Avenue Investments, LLC, which own the Subject Property, are Crop Loan Borrowers. The principal balance of the Crop Loan is approximately $160 million, and the Borrowers are jointly and severally obligated to repay that loan. The Crop Loan is secured by, among other things, a security interest in all of Borrowers' crops and the proceeds thereof.

Section 8 of the Motion provides that "[t]he sale will only be free and clear of liens that are consensually removed from the Property through escrow. All other rights, claims, interests or encumbrances *running with the land* shall remain…. MetLife will release its lien in consideration of payment of the net sale proceeds from closing up to the amount of MetLife's secured claim." (emphasis added)

The first sentence suggests that the sale will **not** be free and clear of U.S. Bank's security interest in growing crops unless the bank consents. However, the qualifier in the second sentence with respect to preservation of interests "running with the land" raises a question, as a personal property security interest is not typically viewed as running with the land. This concern is heightened by the statement on page 11 of the Motion that "[t]here are no other known liens, interests or encumbrances, other than those that run with the land." The Receiver knows or should know that U.S. Bank has a security interest in the growing crops on the Subject Property. Finally, the Purchase and Sale Agreement itself states in Section 3.2 that "[a]t the Closing, Seller shall

---

[1] Growing crops are defined as part of the "Improvements" being sold under the Purchase and Sale Agreement.

2

INTERVENOR U.S. BANK'S PRECAUTIONARY OBJECTION TO RECEIVER'S MOTION FOR SALE OF CHERRY FARMLAND
Case No. 1:24-cv-01261-KES-SAB
4903-0027-8835v.1 0017787-000561

convey and transfer to Purchaser fee simple title to the Land and the Improvements, free and clear of any and all liens and encumbrances other than the Permitted Exceptions." Since "Improvements" are defined to include growing crops, this reinforces the concern that the Receiver is attempting to sell those crops free and clear of U.S. Bank's security.

The Motion proposes to pay the net sale proceeds to MetLife "up to the amount of MetLife's secured claim," but does not provide any evidence of the amount of the particular MetLife claim secured by the Subject Property. The Receiver has offered no authority to support the sale free and clear of U.S. Bank's security interest. If there will be sufficient money left to pay U.S. Bank the value of the growing crops at closing, U.S. Bank would likely consent to such a sale. But if the sale proceeds will not be sufficient to pay MetLife's secured claim with enough left over to pay the value of the growing crops to U.S. Bank, the bank will not consent to the sale, at least not until it has the relevant facts so it can determine who, as between MetLife and U.S. Bank, has senior priority in the growing crops, and the appropriate portion of the sale price to be paid to U.S. Bank if it has priority. Accordingly, at this time:

- U.S. Bank does **not** object to the proposed sale, or to the payment of net sale proceeds to MetLife, if the growing crops remain subject to U.S. Bank's security interest post-sale; but
- U.S. Bank otherwise **objects** to the proposed sale free and clear of its security interest in the growing crops.

DATED April 7, 2025

DAVIS WRIGHT TREMAINE LLP
Joseph M. VanLeuven
John D. Freed
Mark A. Anishchenko

By: /s/ *John D. Freed*
Attorneys for Intervenor
U.S. BANK, National Association