MICHAEL M. LAUTER, Cal Bar No. 246048
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    (415) 434-9100
Facsimile:     (415) 434-3947
Email:          mlauter@sheppardmullin.com

AARON J. MALO, Cal. Bar No. 179985
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
650 Town Center Drive Tenth Floor
Costa Mesa, CA 92626
Telephone:    (714)-513-5100
Facsimile:     (714)-513-5130
Email:          amalo@sheppardmullin.com

Attorneys for Secured Creditor U.S. Bank National Association
(as successor in interest to MUFG Union Bank, N.A.)

IN THE UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF CALIFORNIA, FRESNO

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACDF, LLC, a California limited liability company, et al.,<br><br>Defendants. | Lead Case No. 1:24-cv-01261-KES-SAB<br><br>Consolidated with Case Nos: 1:24-cv-01226; 1:24-cv-01230; 1:24-cv- 01231; 1:24-cv-01232; 1:24-cv-01233; 1:24- cv-01235; and 1:24-cv-01241<br><br>**SECURED CREDITOR U.S. BANK'S LIMITED OBJECTION TO RECEIVER'S NOTICE OF PROPOSED ACTION AND MOTION TO APPROVE DISBURSEMENT OF MANNING ESTATE CROP PROCEEDS, AND RESERVATION OF RIGHTS** |

1  U.S. BANK NATIONAL ASSOCIATION, a national banking association and successor in interest to MUFG Union Bank, N.A., a national banking association ("U.S. Bank"), hereby submits this limited objection and reservation of rights with respect to Receiver Phillip Christensen's (the "Receiver") *Notice of Proposed Action and Motion to Approve Disbursement of Manning Estate Crop Proceeds* (the "Motion").

U.S. Bank does not object to the Receiver's specific request for disbursement of the crop proceeds of the Manning Estate (as defined in the Motion) as specifically requested in the Motion. U.S. Bank is not objecting to the Receiver's limited request for disbursement because U.S. Bank acknowledges that METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") is the secured creditor in first position on the 2023 and 2024 crop on this particular property by way of having filed a UCC-1 financing statement against the crops and related proceeds on these fields that is prior in time that of U.S. Bank.  As a result, U.S. Bank's security interest on the crops and crop proceeds on these particular fields comprising the Manning Estate is junior to the security interests of MetLife on such crops and crop proceeds.

However, U.S. Bank objects to the Receiver's future use of 2023 and 2024 crop proceeds on any property other than the Manning Estate to pay receivership expenses.  U.S. Bank is the secured creditor in first position on the 2023 and 2024 crop on other MetLife receivership properties, and the Orders appointing the Receiver in these procedurally consolidated cases expressly forbid the Receiver from using 2023 and 2024 crop proceeds to pay receivership expenses. *See, e.g.*, Lead Case, ECF No. 45.  Specifically, Section II of the Orders appointing the Receiver states that the 2023 and 2024 crop proceeds have to be held in trust by the Receiver, that the Receiver cannot surcharge the 2023 and 2024 crop proceeds to pay receivership expenses, and that any receiver's certificate will be junior to the rights of all creditors (including U.S. Bank) in the 2023 and 2024 crop proceeds:

> "The Receiver shall collect and hold the Proceeds in a Receivership account in trust for creditors with security interests in such Proceeds, to be disbursed by the Receiver only upon further order of the Court. Prior to disbursement, the existing security interests of Plaintiff, and any other secured creditor (including U.S. Bank, as applicable) shall attach to such Proceeds with the same validity, extent, and priority as

-2-

SMRH:4909-0016-5484.2   U.S. BANK'S LIMITED OBJECTION TO RECEIVER'S MOTION TO APPROVE DISBURSEMENT OF MANNING ESTATE PROCEEDS

> they had on the 2023 and 2024 Crops and the products and proceeds thereof prior to the appointment of the Receiver. The Receiver shall have no right to surcharge the Proceeds and any Receiver's Certificate issued hereunder shall be junior in priority to the security interest of the secured creditors in the Proceeds."

Lead Case, ECF No. 45 at p. 13:16-23.

Importantly, Section II of the Orders appointing the Receiver (which deals specifically with 2023 and 2024 crop proceeds) specifically supersedes Section III, which deals with the receivership estates more generally and allows Receiver to use receivership property proceeds (other than 2023 and 2024 crop proceeds) to pay receiver expenses. *Id.* at p. 11:9-12 ("This Section II governs the collection and disbursement of proceeds arising from crops grown in 2023 and 2024 on the MetLife Receivership Property (collectively, the 'Proceeds'). To the extent of any inconsistency between the provisions of this Section and the balance of this Order, this Section shall prevail.").

U.S. Bank notes this because the Receiver only cited Section III from the Orders appointing the Receiver, suggesting that the ability to use proceeds of the receivership estate generally to pay receivership expenses applies to the 2023 and 2024 crop proceeds. *See* Motion at 4:7-12. Clearly, because Section II of the Orders specifically supersedes Section III, this ability to use receivership property proceeds generally to pay receivership estate expenses does NOT apply to the 2023 and 2024 crop proceeds. Neither does the Receiver have the ability to request permission to use 2023 and 2024 crop proceeds to pay for receivership expenses under Section II of each Order, given that Section II expressly forbids any such surcharge and makes all Receiver's certificates junior to the interests of secured creditors.

Accordingly, to the extent the Receiver now, or in the future, seeks to use proceeds of the 2023 and/or 2024 crop to pay for receivership expenses on any property other than the Manning Estate property that is the subject of the instant Motion, U.S. Bank will object, as this is expressly forbidden by the Orders appointing the Receiver in these procedurally consolidated cases. Indeed, it is forbidden relative to the Manning Estate as well, but given that MetLife is senior on the crop on this particular property, the 2023 and 2024 crop proceeds could be distributed directly to

MetLife and re-advanced as protective advances to Receiver, and therefore in good faith U.S. Bank will be practical and not object to the use of the 2023 and 2024 crop proceeds to pay receivership expenses on this particular property, but no others.

U.S. Bank reserves all rights as junior creditor on the Manning Estate, including without limitation to any rights to marshal in connection with a real estate sale of this property, as well as all rights as senior creditor on the crop on other properties in the procedurally consolidated MetLife receiverships.  U.S. Bank also expressly reserves the right to file one or more motions to require 2023 and 2024 crop collateral proceeds on other properties in these procedurally consolidated cases to be distributed to U.S. Bank.

Dated:  September 24, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/Michael M. Lauter*
　　　　MICHAEL M. LAUTER

Attorneys for Secured Creditor
U.S. BANK, NATIONAL ASSOCIATION