1  ZEV SHECHTMAN (BAR NO. 266280)
   Zev.Shechtman@saul.com
2  CAROL CHOW (BAR NO. 169299)
   carol.chow@saul.com
3  SAUL EWING LLP
   1888 Century Park East, Suite 1500
4  Los Angeles, California 90067
   Telephone: (310) 255-6100
5  Facsimile: (310) 255-6200

6  Attorneys for Phillip Christensen, as Receiver

7  **UNITED STATES DISTRICT COURT**

8  **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

9

| | |
|---|---|
| 10  METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, | Lead Case No. 1:24-cv-01261-KES-SAB |
| 11 | Consolidated with Case Nos: 1:24-cv-01226; 1:24-cv-01230; 1:24-cv-01231; 1:24-cv-01232; 1:24-cv-01233; 1:24-cv-01235; and 1:24-cv-01241 |
| 12  Plaintiff, | |
| 13  vs. | |
| 14  ACDF, LLC, a California limited liability company, et al., | **ORDER APPROVING SALE OF REAL PROPERTY AND FOR RELATED RELIEF PURSUANT TO SALE NOTICE [ECF NO. 184]** |
| 15  Defendants. | |
| 16 | |
| 17  ☐ Affects All Cases | |
|     ☐ Affects Metropolitan Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01261 | |
| 18  ☐ Affects Metropolitan Life Ins. Co. v. FNF Farms, LLC, et al., 1:24-cv-01226 | |
| 19  ☐ Affects Metropolitan Life Ins. Co. v. C & A Farms, LLC, et al., 1:24-cv-01230 | |
| 20  ☐ Affects Metropolitan Life Ins. Co. v. Maricopa Orchards, LLC, et al., 1:24-cv-01231 | |
| 21 | |
| 22  ☐ Affects Brighthouse Life Ins. Co. v. Kamm South, LLC, et al., 1:24-cv-01232 | |
| 23 | |
| 24  ☐ Affects Brighthouse Life Ins. Co. v. Manning Avenue Pistachios, LLC, et al., 1:24-cv-01233 Case No. 1:24-cv-01233 | |
| 25 | |
| 26 | |
| 27  ☒ Affects Brighthouse Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01235 | |
| 28 | |

56729595.1 392865-00007

☐ Affects MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC, et al., 1:24-cv-01241

On October 15, 2025, Phillip Christensen, Receiver of the above-referenced estate (the "Receiver" or "Seller") filed the *Receiver's Notice of Sale Hearing and Auction* (ECF No. 184) (the "Sale Notice"), and set the matter for hearing on November 17, 2025, at 1:30 p.m.  The Court: having previously approved sale procedures pursuant to a Sale Procedures Order (ECF No. 147), authorizing the Sale Notice; having read and considered the Sale Notice, and there being no opposition with respect thereto; having read and considered the Receiver's Notice of Cancellation of Auction (ECF No. 189), the Supplemental Declaration of the Receiver (ECF No. 190), and the Supplemental Declaration of Robb M. Stewart (ECF No. 191); having reviewed the Purchase and Sale Agreement ("PSA") filed with the Sale Notice; being advised that the Receiver called for higher and better bids before the Auction, and no higher or better bids were submitted; and finding good cause appearing therefor; ORDERS THAT:

1. The sale pursuant to the Sale Notice is APPROVED.  Without limiting the generality of the foregoing, it is further

ORDERED THAT:

2. The sale by the Receiver of the farmland and improvements thereon with respect to real property described in Exhibit A hereto (the "Subject Property"), to the Buyer, John and Jacqueline Scheenstra Trust of March 11, 2002, Amended and Restated Dated August 24, 2017 or permitted assignee (the "Buyer"), for the Purchase Price of $2,323,750.00, is approved.  The Deposit of $50,000 shall be credited to the Purchase Price and the balance must be paid at closing.

3. The sale is free and clear of liens on the Subject Property (other than easements, rights of way and other encumbrances running with the land).

4. The closing must occur no later than 21 days after entry hereof, and may occur immediately after entry hereof.

5. The Receiver is authorized to pay real estate brokers' commissions and other costs in connection with the sale, as described in the Sale Notice.

6. The Court finds that the sale satisfies 28 U.S.C. §§ 2001 and 2002.

7. The notice of the sale is adequate and proper.

8. The sale is "AS-IS" and "WHERE-IS" "WITH ALL FAULTS" and "WITHOUT REPRESENTATIONS OR WARRANTIES" except to the extent expressly and unambiguously stated in the PSA.

9. The Buyer's only remedy if the sale is not consummated through no fault of Buyer is a return of the Deposit. If the sale is not consummated due to an act or omission by Buyer, then Buyer shall forfeit the Deposit.

10. The Receiver is authorized to execute documents and take such other and further action as is necessary to close the sale.

11. The Sale Hearing, currently set for November 17, 2025, is VACATED.

12. This Court shall retain exclusive jurisdiction over the subject matter hereof.

IT IS SO ORDERED.

Dated:   November 14, 2025

_____
UNITED STATES DISTRICT JUDGE