# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACDF, LLC, a California limited liability company, et al.,<br><br>Defendants. | Lead Case No. 1:24-cv-01261-KES-SAB<br><br>Consolidated with Case Nos: 1:24-cv-01226; 1:24-cv-01230; 1:24-cv-01231; 1:24-cv-01232; 1:24-cv-01233; 1:24-cv-01235; and 1:24-cv-01241<br><br>**ORDER DENYING RECEIVER'S MOTION FOR RECONSIDERATION**<br><br>(Doc. 135) |

☐ Affects All Cases
☐ Affects Metropolitan Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01261
☐ Affects Metropolitan Life Ins. Co. v. FNF Farms, LLC, et al., 1:24-cv-01226
☒ Affects Metropolitan Life Ins. Co. v. C & A Farms, LLC, et al., 1:24-cv-01230
☐ Affects Metropolitan Life Ins. Co. v. Maricopa Orchards, LLC, et al., 1:24-cv-01231
☐ Affects Brighthouse Life Ins. Co. v. Kamm South, LLC, et al., 1:24-cv-01232
☐ Affects Brighthouse Life Ins. Co. v. Manning Avenue Pistachios, LLC, et al., 1:24-cv-01233 Case No. 1:24-cv-01233
☐ Affects Brighthouse Life Ins. Co. v. ACDF, LLC, et al., 1:24-cv-01235
☐ Affects MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC, et al., 1:24-cv-01241

1

Phillip Christensen ("Receiver"), the Court-appointed receiver in the above-captioned cases, moves for reconsideration of the Court's March 21, 2025 order finding that Dumar LLC ("Dumar") and Pistache LLC ("Pistache") were not required to pay the 2024 real property taxes on two properties leased by Dumar and Pistache, which are defendants in case number 1:24-cv-01230-KES-SAB. Doc. 135 ("Mot."). For the reasons set forth below, the Receiver's motion for reconsideration is denied.

## I. BACKGROUND

In April 2021, Maricopa Orchards, LLC ("Maricopa") leased a 458.18-acre parcel of land to Dumar and a 636.36-acre parcel of land to Pistache. Doc. 81, Exs. 2, 3 (the "Leases"). The leases required Dumar and Pistache to grow pistachios on the land and sell the pistachios to Touchstone Pistachio Company, LLC ("Touchstone") for processing. *See* Leases §§ 1.2(a), 4. The leases further required Dumar and Pistache to execute a crop assignment with Touchstone which would authorize Touchstone to pay Maricopa the rent due under the leases with the proceeds from the sale of pistachios, then pay Dumar and Pistache the remainder. *Id.* §§ 1.2(a), 3.

On October 10, 2024, plaintiff Metropolitan Life Insurance Company ("Metropolitan") filed suit against Maricopa, its owners, and numerous other companies owned by Maricopa's owners (collectively, the "Maricopa defendants").[1] Doc. 1 ("Compl."), 1:24-cv-01230-KES-SAB. Metropolitan alleged that the Maricopa defendants had defaulted on a $23,500,000 loan. *Id.* ¶ 23. The land that Dumar and Pistache leased, and which Maricopa owned, served as collateral for the loans. *See id.* ¶ 26; Doc. 53 ("Dumar Answer") ¶¶ 103, 105, 1:24-cv-01230-KES-SAB. Metropolitan also named Dumar and Pistache as defendants in its complaint. *See id.*

On November 7, 2024, at the stipulation of Metropolitan and Maricopa, the Court appointed the Receiver, who was awarded possession and control of the property and was empowered to sell it to pay the debt owed to Metropolitan. *See* Doc. 39 ("Receivership Order") ¶¶ B–C, 1, 1:24-cv-01230-KES-SAB.

---

[1] Metropolitan, MetLife Real Estate Lending LLC, and Brighthouse Life Insurance Company also filed seven other cases against the Maricopa defendants, and these cases were later consolidated for administrative purposes. *See* Doc. 54.

Touchstone, which shares ownership with Maricopa, *see* Doc. 81 at 5–6, defaulted on its payment to Dumar and Pistache for the 2023 crop, Doc. 92 at 4 ("These facts are not in dispute: Touchstone did not pay for the crop it received from Defendants in 2023."). Due to this default— and in reliance on § 1.2(c) of the leases, which provides that "if Touchstone for any reason fails to pay for any crop that has been delivered to it at the agreed upon time, such failure or default shall relieve Tenant of its obligation to pay the rent under this Lease until such defaulted payment by Touchstone is made to Tenant," Leases § 1.2(c)—Dumar and Pistache did not pay rent due on November 30, 2024. Doc. 85 at p. 33–34, ¶¶ 29–30; Leases, Ex. B ("Rent Schedule"). Dumar also did not pay the real property taxes due on December 10, 2024. Doc. 99 ("JSR") at 3–4.

Following Dumar and Pistache's refusal to pay the 2024 rent and real property taxes, the Receiver filed a motion to terminate their leases. Doc. 81 ("Mot. Terminate"). The Court denied that motion at a hearing on February 5, 2025. Docs. 94, 95. The Court's minute order following the hearing ordered:

> [T]he Receiver, and defendants Dumar LLC and Pistache LLC, shall file a joint proposed order reflecting Dumar and Pistache's representations at the hearing regarding payment of rent to the Receiver for crop year 2025 and their representations on related lease matters, and also reflecting other revised lease terms as agreed by the parties for the 2025 crop year. If, and only if, the parties cannot reach agreement on all terms by that date, the parties shall file a joint status report with an attached proposed order noting all agreed terms between the parties and any specific issue remaining in dispute.

Doc. 95.

On February 14, 2025, the parties filed a joint status report noting that they had agreed to a set of terms for payment of rent in 2025, among other things, but could not reach agreement on who was to pay the 2024 real property taxes that were due as of December 10, 2024. *See* JSR at 3–4. In the joint status report, the Receiver stated his position that the leases required Dumar and Pistache to pay the 2024 real property taxes, but he did not provide any argument or supporting authority for his position. *See id.* at 3. Dumar and Pistache, on the other hand, provided argument as to why the leases did not require them to pay the 2024 real property taxes. *See id.* at 3–4.

3

On March 21, 2025, the Court resolved the dispute, finding:

> Contrary to the Receiver's position, under the terms of the Leases, Dumar and Pistache were excused from paying real property taxes due in 2024 if Touchstone Pistachio Company, LLC ("Touchstone") failed to pay for the crops Dumar and Pistache delivered for that year. The Leases provide that "if Touchstone for any reason fails to pay for any crop that has been delivered to it at the agreed upon time, such failure or default shall relieve Tenant of its obligation to pay the rent under this Lease until such defaulted payment by Touchstone is made to Tenant." Leases § 1.2(c). Other sections define "rent" to include real property taxes. *See* Leases §§ 3, 8.2. Specifically, § 8 provides that, "[a]s additional *rent* for the Property, Tenant shall pay . . . all real property taxes . . . ." *See id.* § 8 (emphasis added). Given that it is undisputed that Touchstone did not pay Dumar or Pistache for the crops they delivered in 2024, Doc. 81 at 7, Dumar and Pistache were excused under the terms of the Leases from paying the real property taxes due in 2024.

Doc. 124 ("Order") at p. 2–3, ¶ 7.

The Receiver filed a motion for reconsideration of this portion of the Court's Order. Doc. 135 ("Mot. Reconsideration"). Dumar and Pistache filed an opposition, Doc. 139, and the Receiver filed a reply, Doc. 144.

## II.     LEGAL STANDARD

The Receiver moves for reconsideration under Federal Rule of Civil Procedure 60(b). Mot. Reconsideration at 10. But "Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders." *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000); *see* Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . ."); 1946 Adv. Comm. Note to Fed. R. Civ. P. 60(b) ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief . . . ."). "The standard test for whether [an order] is 'final' for Rule 60(b) purposes is usually stated to be whether the [order] is sufficiently 'final' to be appealed." *Martin*, 226 F.3d at 1048 n.8 (quoting 12 Joseph T. McLaughlin *et al., Moore's Federal Practice* § 60.23, at 60–75 & n. 2 (3d ed. 1997)).

The Order challenged here—and specifically the Court's finding that Dumar and Pistache were not required to pay the 2024 real property taxes on the leased property—was not a "final" order in this sense. Nor does it appear to fit within the statutory scope of appealable interlocutory

4

orders. *See* 28 U.S.C. § 1292(a)(2) (setting out categories of appealable interlocutory orders in receivership cases); *S.E.C. v. Am. Principals Holdings, Inc.*, 817 F.2d 1349, 1350–51 (9th Cir. 1987) (noting § 1292(a)(2) is restricted to orders appointing receivers or refusing to direct certain actions).

While the Court has the inherent authority to modify, alter, or revoke its non-final orders, *see Martin*, 226 F.3d at 1049, such reconsideration typically requires "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 at 788–89); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

### III.   DISCUSSION

The Receiver correctly points out that the Court's Order erred by stating the wrong crop year for which Touchstone failed to pay Dumar and Pistache for the crops they delivered to Touchstone. *See* Mot. Reconsideration at 8–9. The Order should have stated that Touchstone failed to pay for Dumar and Pistache's 2023 crops; instead, the Order stated in error that Touchstone failed to pay for their 2024 crops. It is undisputed that Touchstone failed to pay for the 2023 crops that were delivered to it—the Receiver stated in his reply that "[t]hese facts are not in dispute: Touchstone did not pay for the crop it received from Defendants in 2023." Doc. 92 at 4. The Order is therefore herby amended to reflect the correct crop year—2023—for which Touchstone failed to pay Dumar and Pistache for their crops.

This correction does not require reconsideration of the Order's finding as to the 2024 real property tax liability on the leased property, as the Court's finding was based on Touchstone's failure to pay for Dumar and Pistache's crops prior to the real property tax becoming due; it was not contingent on the precise crop year for which Touchstone failed to pay. And the Receiver has

acknowledged that "Touchstone did not pay [Dumar and Pistache] for the crop it received from Defendants in 2023," Doc. 92 at 4, and "is unlikely to pay anything for [such] prior year crops," Doc. 81 at p. 15, ¶ 4.

In the Order, the Court noted that the term "rent," as used in the leases, is defined to include real property taxes. Order at p. 2–3, ¶ 7 (citing Leases §§ 3, 8.2). "Specifically, § 8 [of the leases] provides that, '[a]s additional *rent* for the Property, Tenant shall pay . . . all real property taxes . . . .'"[2] *Id.* The leases further provide that "if Touchstone for any reason fails to pay for any crop that has been delivered to it at the agreed upon time, such failure or default shall relieve Tenant of its obligation to pay the rent under this Lease *until such defaulted payment by Touchstone is made to Tenant*." Leases § 1.2(c) (emphasis added). As Touchstone has failed to pay Dumar and Pistache for the 2023 crops, and that failure to pay started prior to the due date for the 2024 real property taxes, Dumar and Pistache were relieved of their obligation to pay those taxes.

The Receiver also presents new evidence and argument that he could have presented on his initial motion but failed to assert in that filing. The Receiver argues that Dumar and Pistache provided the 2024 crop to another processor. Mot. Reconsideration at 9–10; Doc. 135, Ex. 3. And the Receiver points to § 1.2(c) of the leases, which provides: "[I]f Touchstone defaults on any of its payment obligations to Tenant, and fails to cure such defaults within twenty (20) days of receiving written notice of the same, Tenant shall have the right to terminate the assignment described herein and make other arrangements for the processing of future crops. In such event Tenant shall make the same assignment arrangements with its new processor for the benefit of the Landlord." *See* Leases § 1.2(c). The Receiver appears to argue that this provision renders Dumar and Pistache responsible for the 2024 real property taxes on the property, notwithstanding Touchstone's default in payment for their 2023 crops, simply because they prospectively terminated the assignment of crops to Touchstone and provided their 2024 crop to another processor.

---

[2] The Receiver does not dispute this portion of the Court's interpretation of the contract. *See* Mot. Reconsideration.

This argument fails to establish any basis for reconsideration, as it is based entirely on evidence that could have been presented in the Receiver's initial motion and that he failed to present or argue at that time. *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880; *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, No. 21-cv-08787-TSH, 2025 WL 672941, at *4 (N.D. Cal. March 3, 2025).

Even if the Receiver had timely made this argument in his initial motion, it is unpersuasive. The fact that Dumar and Pistache had the right to terminate the assignment of their crops to Touchstone prospectively, based on Touchstone's payment default on the 2023 crops, did not eliminate their excuse from paying the real property taxes based on the default. After the two sentences of Section 1.2(c) cited by the Receiver, the section provides: "[I]f Touchstone for any reason fails to pay for any crop that has been delivered to it at the agreed upon time, such failure or default shall relieve Tenant of its obligation to pay the rent under this Lease until such defaulted payment by Touchstone is made to Tenant." *Id.* This clause excuses Dumar and Pistache from paying the 2024 real property taxes, because Touchstone has not paid them for the 2023 crop and that payment was due before the 2024 real property taxes became due. *See* Doc. 92 at 4; Doc. 81 at p. 15, ¶ 4.

The Receiver's motion for reconsideration is denied.[3]

**IV.     CONCLUSION**

For the foregoing reasons, the Receiver's motion for reconsideration, Doc. 135, is DENIED.

IT IS SO ORDERED.

Dated:     March 31, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[3] In their opposition, Dumar and Pistache request attorney's fees that they incurred in opposing the Receiver's motion for reconsideration. A motion for attorney's fees must be made by separate motion. *See* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees . . . must be made by motion . . . ."); *Hornsby v. Three Dolllar Café III, Inc.*, NO:1:03-CV-1668-ECS, 2007 WL 9698051, at *1 (N.D. Ga. May 8, 2007) ("[C]laims for attorneys' fees and other nontaxable expenses must be made by separate motion where attorneys' fees are otherwise recoverable under the substantive law.").

# EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, a New Jersey
corporation,

Plaintiff,

v.

ACDF, LLC, a California limited liability
company, *et al.*,

Defendants.

☐ Affects All Cases
☐ Affects The Prudential Ins. Co. of Am.
v. ACDF, LLC, et al., 1:24-cv-01261
☐ Affects The Prudential Ins. Co. of Am.
v. FNF Farms, LLC, et al., 1:24-cv-
01226
☐ Affects The Prudential Ins. Co. of Am.
v. Maricopa Orchards, LLC, et al., 1:24-
cv-01231
☐ Affects The Prudential Ins. Co. of Am.
v. Kamm South, LLC, et al., 1:24-cv-
01232
☐ Affects The Prudential Ins. Co. of Am.
v. ACDF, LLC, et al., 1:24-cv-01235

Lead Case No. 1:24-cv-01261-KES-SAB

Consolidated with Case Nos:
1:24-cv-01226; 1:24-cv-01231; 1:24-cv-
01232; and 1:24-cv-01235;

**[TITLE]**

1

# EXHIBIT 2

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,

Plaintiff,

v.

C & A FARMS, LLC, a California limited liability company, *et al.*,

Defendants.

☐ Affects All Cases
☐ Affects Metropolitan Life Ins. Co. v. C & A Farms, LLC, et al., 1:24-cv-01230
☐ Affects Brighthouse Life Ins. Co. v. Manning Avenue Pistachios, LLC, et al., 1:24-cv-01233
☐ Affects MetLife Real Estate Lending, LLC v. Panoche Pistachios, LLC, et al., 1:24-cv-01241

Lead Case No. 1:24-cv-01230-KES-SAB

Consolidated with Case Nos: 1:24-cv-01233; and 1:24-cv-01241

**[TITLE]**

1

323552153v.1